IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA RÉUNION AÉRIENNE<br>50 Rue Ampere<br>Paris 75017<br>France,<br><div align="right">Plaintiff,</div><br>v.<br><br>SOCIALIST PEOPLE'S LIBYAN<br>ARAB JAMAHIRIYA, LIBYAN EXTERNAL<br>SECURITY ORGANIZATION, MUAMMAR<br>QADHAFI, ABDALLAH SENOUSSI, AHMED<br>ABDALLAH ELAZRAGH, IBRAHIM NAELI,<br>ARBAS MUSBAH, ISSA ABDELSALAM<br>SHIBANI AND ABDELSALAM HAMMOUDA<br>EL AGELI<br>Ministry of Foreign Affairs<br>Tripoli, Libya,<br><div align="right">Defendants.</div> | Civil Action No. 1:05CV01932<br>The Honorable Richard J. Leon |

**MOTION AND INCORPORATED MEMORANDUM OF LAW
FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS**

NOW COMES Plaintiff La Réunion Aérienne, by undersigned counsel, and hereby moves, pursuant to Rule 7 of the Civil Rules of this Court, to extend its time to effect service in the above captioned matter for an additional 120 days. Plaintiff's time to effect service has not expired and there has been no prior request by Plaintiff for an extension of time to effect service.

**BACKGROUND**

On September 28, 2005, Plaintiff filed the instant action. Plaintiff is the assignee and subrogee of the rights of decedents Bonnie Barnes Pugh, James E. Turlington, Sr., Margaret Elizabeth Schutzius, Patrick Wayne Huff, Donald J. Warner, Mihai Alimanestianu, Mark E.

Corder (hereinafter "Decedents") and Interlease, Inc., (hereinafter "Interlease") for certain claims as hereinafter described.  See Affidavit of Christopher B. Kende (hereafter "Kende Affid."), attached hereto as Exhibit A, at ¶ 2.  Plaintiff, as assignee and subrogee to the claims of decedents and of Interlease, claims entitlement to recover from Defendants all monies it paid as a result of explosion of UTA flight 772 on September 19, 1989.  Id.  Plaintiff insured certain risks in connection with a certain DC-10 aircraft, bearing registration N. 54 629, (hereinafter "Aircraft") owned by Interlease.  Id.  On September 19, 1989 the Aircraft departed Brazzaville, Congo enroute to Paris, France, designated as UTA Flight 772.  Id.  The aircraft took off and exploded in mid-air over the Tenere Desert in Niger, killing all aboard, including the decedents, all citizens of the United States, and destroying the Aircraft and its contents.  Id.

Upon information and belief, Defendants Libya, LESO, Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli personally and intentionally undertook actions that caused the Aircraft to explode in mid-air.  Kende Affid. at ¶ 2.  Upon information and belief Defendants, and each of them, were part of a conspiracy and acted in concert to cause the Aircraft to explode on September 19, 1989.  Id.  The explosion of the Aircraft constituted a premeditated and deliberate act of extrajudicial killing and aircraft sabotage within the meaning of 28 U.S.C. § 1605.  Id.  The explosion of the Aircraft gave rise to intentional torts under the States' common and statutory law, including but not limited to wrongful death statutes for each of the decedents and of Interlease, according to specific domicile of each decedent and Interlease.  Id.

The nine Defendants, many of whom have been officially designated as terrorists or terrorist sponsors by the United States government, are all situated in Libya.  Kende Affid. at ¶ 3. Since filing the Complaint, Plaintiff has engaged in costly, diligent and good faith efforts to

locate and serve the Defendants. Id. at ¶ 4.  Consistent with the procedural requirements of the

Foreign Sovereign Immunities Act (FSIA), Plaintiff retained a third party translator to translate

the Summons, Complaint, Notices of Suit and FSIA into Arabic for service upon Defendants in

Libya. Id. at ¶ 6.  The translation of the Complaint took a great deal of time, in excess of one

month, in part due to the complexities of the case.  Id.  Upon receipt of the translated service

documents, and in keeping with the requirements of the FSIA, on December 21, 2005 Plaintiff

mailed a package of service materials to the United States District Court for the District of

Columbia requesting that the Clerk take the necessary steps to effect service in this matter.  Id. at

¶ 7.  Due to these procedural and practical complexities, which are inherent in attempting to

serve the nine Defendants situated in Libya, Plaintiff has been unable to perfect service upon the

Defendants as of the present date.  Kende Affid. at ¶ 5.

     Arman Dabiri Abkenari is the attorney of record in a related case, namely Pugh, et al. v.

Socialist People's Libyan Arab Jamahiriya, et al., Civil Action No. 1:02-cv-02026-HHK (D.D.C.

2003), in which he represents the Defendants. Id. at ¶ 8.  Plaintiff requested that Mr. Abkenari

consent to this motion, but he did not give his consent.  Id..  Accordingly, and for the additional

reasons set forth below, Plaintiff hereby requests a 120 day extension of the time period to effect

service of the Summons and Complaint upon the Defendants in this action.

**ARGUMENT**

Federal Rule of Civil Procedure 4(m) establishes a one hundred twenty (120) day time limitation for completing service of process upon defendants within the United States.[1] In particular, Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Consistent with the plain language of Rule 4(m), the Courts have consistently and uniformly held that the 120 day limitation period is not absolute.  Indeed, where the plaintiff can demonstrate good cause for its failure to timely serve process, the Court is required to extend the time for service.  Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).  Good cause has been equated with a reasonable basis for non-compliance with the time specified.  McDonalds v. United States, 898 F.2d 466, 467-68 (5th Cir. 1990).

Significantly, a number of circuit courts have concluded that good cause no longer stands as an absolute prerequisite for extending the time for obtaining proper service of process.  Rather, these courts have determined that Rule 4(m) provides a district court with the discretion to extend time for service of process even without a showing of good cause.  See, e.g., Davies v. Richards, 1999 WL 26913 (4th Cir. 1999); DeTie v. Orange County, 152 F.3d 1109, 1111 (9th

---

[1] In the present case, the 120-day period has not yet expired.  The one hundred twentieth day is January 26, 2006.

Cir. 1998); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996); Panaras v. Liquid Carbonic

Industries Corp., 94 F.3d 338, 340-341 (7th Cir. 1996); Adams v. Allied Signal Gen. Aviation

Avionics, 74 F.3d 882, 887 (8th Cir. 1996); Henderson v. United States, 517 U.S. 654, 662

(1996) ("Most recently, in the 1993 amendments to the Rules, courts have been accorded

discretion to enlarge the 120-day period 'even if there is no good cause shown.'"); Petrucelli v.

Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); Espinoza v. United States, 52 F.3d

838, 840-841 (10th Cir. 1995).

Here, Plaintiffs have demonstrated good cause for an extension of time under Rule 4(m).

Despite the good faith efforts outlined above, Plaintiff has been unable to complete service of

process upon the Defendants at this time.  Plaintiff's inability to effect service upon all

Defendants stems from the number and location of the Defendants, the rigorous procedural

requirements of the FSIA, the complexities of accomplishing service upon Defendants in a

foreign country and delays associated with the translation of the Complaint into a foreign

language.

For the reasons set forth above, Plaintiff respectfully submits that good cause exists for

entry of an Order extending the time period for effecting service in this case by an additional 120

days.

## CONCLUSION

WHEREFORE, Plaintiff hereby respectfully requests that the Court enter an Order

granting it an extension of 120 days to effect service in this case, and all other relief this Court

deems just and proper.

Dated:
January 17, 2006

Respectfully submitted,

Christopher B. Kende, Esquire (D.C. 416487)
COZEN O'CONNOR
1667 K Street, NW, Suite 500
Washington, D.C. 20006
(202) 912-4800
(202) 912-4830
*Attorney for Plaintiff*