# EXHIBIT A

Case 1:05-cv-01932-HHK    Document 5-2    Filed 01/18/2006    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA RÉUNION AÉRIENNE<br>50 Rue Ampere<br>Paris 75017<br>France,<br>            Plaintiff,<br>v.<br><br>SOCIALIST PEOPLE'S LIBYAN<br>ARAB JAMAHIRIYA, LIBYAN EXTERNAL<br>SECURITY ORGANIZATION, MUAMMAR<br>QADHAFI, ABDALLAH SENOUSSI, AHMED<br>ABDALLAH ELAZRAGH, IBRAHIM NAELI,<br>ARBAS MUSBAH, ISSA ABDELSALAM<br>SHIBANI AND ABDELSALAM HAMMOUDA<br>EL AGELI<br>Ministry of Foreign Affairs<br>Tripoli, Libya,<br>            Defendants. | Civil Action No. 1:05CV01932<br>The Honorable Richard J. Leon |

CHRISTOPHER B. KENDE, being of full age, duly sworn and under oath, deposes and states as follows:

1. I am a member of the law firm of Cozen O'Connor, 45 Broadway, 16th Floor, New York, NY 10006, counsel for Plaintiff in the above-captioned action.

2. On September 28, 2005, Plaintiff filed the instant action. Plaintiff is the assignee and subrogee of the rights of decedents Bonnie Barnes Pugh, James E. Turlington, Sr., Margaret Elizabeth Schutzius, Patrick Wayne Huff, Donald J. Warner, Mihai Alimanestianu, Mark E. Corder (hereinafter "Decedents") and Interlease, Inc.,

(hereinafter "Interlease") for certain claims as hereinafter described. Plaintiff, as assignee and subrogee to the claims of decedents and of Interlease, claims entitlement to recover from Defendants all monies it paid as a result of explosion of UTA flight 772 on September 19, 1989. Plaintiff insured certain risks in connection with a certain DC-10 aircraft, bearing registration N. 54 629, (hereinafter "Aircraft") owned by Interlease. On September 19, 1989 the Aircraft departed Brazzaville, Congo enroute to Paris, France, designated as UTA Flight 772. The aircraft took off and exploded in mid-air over the Tenere Desert in Niger, killing all aboard, including the decedents, all citizens of the United States, and destroying the Aircraft and its contents. Upon information and belief, Defendants Libya, LESO, Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli personally and intentionally undertook actions that caused the Aircraft to explode in mid-air. Upon information and belief, Defendants, and each of them, were part of a conspiracy and acted in concert to cause the Aircraft to explode on September 19, 1989. The explosion of the Aircraft constituted a premeditated and deliberate act of extrajudicial killing and aircraft sabotage within the meaning of 28 U.S.C. § 1605. The explosion of the Aircraft gave rise to intentional torts under the States' common and statutory law, including but not limited to wrongful death statutes for each of the decedents and of Interlease, according to specific domicile of each decedent and Interlease.

3. The nine Defendants, many of whom have been officially designated as terrorists or terrorist sponsors by the United States government, are all situated in Libya.

9

4. Since filing the Complaint, Plaintiff has engaged in extensive, costly and diligent efforts to accomplish service of the Summons and Complaint upon the nine Defendants.

5. Due to procedural and practical complexities inherent in attempting to serve these nine Defendants situated in Libya, Plaintiff has been unable to perfect service upon the Defendants as of the present date.

6. On October 6, 2005, consistent with the procedural requirements of the Foreign Sovereign Immunities Act (FSIA), Plaintiff retained a third party translator to translate the Summons, Complaint, Notices of Suit and FSIA into Arabic, for service upon Defendants in Libya. The translation process necessarily delayed the efforts to effectuated service upon these Defendants. The translation of the Complaint took a great deal of time, in excess of two months, in part due to the complexities of the case.

7. Upon receipt of the translated service documents, and in keeping with the requirements of the FSIA, on December 21, 2005 Plaintiff mailed a package of service materials to the United States District Court for the District of Columbia requesting that the Clerk take the necessary steps to effect service in this matter.

8. Arman Dabiri Abkenari is the attorney of record in a related case, namely Pugh, et al. v. Socialist People's Libyan Arab Jamahiriya, et al., Civil Action No. 1:02-cv-02026-HHK (D.D.C.2003) in which he represents the Defendants. Plaintiff requested that Mr. Abkenari consent to this motion, but he did not give his consent.

9. Despite the good faith efforts outlined above, Plaintiff has been unable to complete service of process upon the Defendants at this time. Plaintiff's inability to effect service

upon all Defendants stems from the number and location of the Defendants, the rigorous procedural requirements of the FSIA, the complexities of accomplishing service upon Defendants in a foreign country and delays associated with the translation of the Complaint into a foreign language.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:
January 13, 2006

_____
Christopher B. Kende, Esquire (D.C. 416487)

Subscribed and sworn to
Before me this 13th day
Of January, 2006

_____
Notary Public

WILLIAM BROUDY
Notary Public, State of New York
No. 60-5468372
Qualified in Westchester County
Commission Expires 7-31-06

11