# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA RÉUNION AÉRIENNE<br>50 Rue Ampere<br>Paris 75017, France<br>　　　　　　　Plaintiff,<br>　　v.<br><br>SOCIALIST PEOPLE'S LIBYAN<br>ARAB JAMAHIRIYA, LIBYAN EXTERNAL<br>SECURITY ORGANIZATION, MUAMMAR<br>QADHAFI, ABDALLAH SENOUSSI, AHMED<br>ABDALLAH ELAZRAGH, IBRAHIM NAELI,<br>ARBAS MUSBAH, ISSA ABDELSALAM<br>SHIBANI AND ABDELSALAM HAMMOUDA<br>EL AGELI<br>Ministry of Foreign Affairs<br>Tripoli, Libya,<br>　　　　　　　Defendants. | Civil Action No. 1:05CV01932<br>Honorable Henry H. Kennedy, Jr.<br><br><br>**AFFIDAVIT OF**<br>**CHRISTOPHER B. KENDE** |

CHRISTOPHER B. KENDE, being of full age, duly sworn and under oath, deposes and states as follows:

1.   I am a member of the law firm of Cozen O'Connor, 45 Broadway, 16th Floor, New York, NY 10006, counsel for Plaintiff in the above-captioned action, and am a member of the bar of this Court. As explained below, the statutorily delineated means of service of process upon the foreign Defendants[5] herein are all either unavailing, or extremely time-consuming. Because this type of situation is not unusual in cases involving foreign

---

[5]   On May 18, 2006, Arman Dabiri, the attorney of record for Defendants in a related action, *Pugh, et al. v. Socialist People's Libyan Arab Jamahiriya, et al.*, Civil Action No. 1:02-civ-02026-HHK, entered an appearance in this matter on behalf of all Defendants. In their appearance, Defendants do not recite that they waive service and it unclear whether they do. Thus, Plaintiff was constrained to bring this motion.

13

defendants, the service statutes and rules in fact allow Courts to direct unique means of service appropriate to any particular situation, so long as such means remain consistent with the law.

2. I therefore make this Affidavit in support of Plaintiff's motion requesting the Court to direct appropriate and acceptable alternative means for the service of process upon the eight (of the nine) Defendants as to which alternative means of service are statutorily authorized, and in addition, that the Court grant the necessary additional time for Plaintiff to effect service as ordered by the Court, and as must be used for the one Defendant as to which alternative means of service are not statutorily authorized.

3. The essential facts underlying this motion were set forth in my Affirmation submitted in connection with Plaintiff's first motion for additional time to effect service, and will not be repeated here. In brief, Plaintiff is the assignee and subrogee of the rights of seven American citizens who were killed, and of Interlease, the owner of an aircraft that was destroyed, in a mid-air explosion, while en route from Brazzaville, Congo to Paris, France. As the subrogated insurer, Plaintiff's claim seeks in excess of $36,000,000, plus interest. Upon information and belief, Defendants Libya, Libyan External Security Organization ("LESO"), Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli personally and intentionally undertook actions that caused the aircraft to explode in mid-air. *See Pugh, et al. v. Socialist People's Libyan Arab Jamahiriya, et al.*, Civil Action No. 1:02-civ-02026-HHK (finding that the evidence overwhelmingly establishes these Defendants' culpability and involvement in the bombing of UTA Flight 772). The explosion of the aircraft constituted a premeditated

and deliberate act of extrajudicial killing and aircraft sabotage within the meaning of 28 U.S.C. § 1605, and gave rise to various common and statutory law causes of action, as fully set forth in the Complaint.

4. The nine Defendants, many of whom have been officially designated as terrorists or terrorist sponsors by the United States government, are all situated in Libya. Notably in that regard, the fact that the State Department announced on May 16th that it intends to take Libya off the list of state sponsors of terrorism is of no moment, as the waiver of sovereign immunity under the FSIA applies so long as the foreign state was designated as a state sponsor of terrorism at the time the act complained of occurred. *See* 28 U.S.C. § 1605(a)(7)(A).

5. Since filing the Complaint, Plaintiff has engaged in extensive, costly and diligent efforts to accomplish service of the Summons and Complaint upon the nine Defendants. However, due to procedural and practical complexities inherent in attempting to serve these Defendants, all of whom are situated in Libya, Plaintiff has been unable to perfect service upon the Defendants as of the present date. Some of those difficulties are set forth below.

6. First, the Defendants are a foreign state, an instrumentality of a foreign state, and seven natural persons. The means of service statutorily required to be used differ among these types of defendants.

7. Fed. R. Civ. P. 4(f) governs service upon individuals in a foreign country. It provides several options: (1) by any internationally agreed means such as the Hague Convention (Rule 4(f)(1)); (2) as prescribed by the law of Libya (Rule 4(f)(2)(A)); (3) as directed by

the foreign authority in response to a letter rogatory or letter of request (Rule 4(f)(2)(B)); (4) unless prohibited by the law of the foreign country, by (i) delivery to the individual personally of a copy of the summons and the complaint; or (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served (Rule 4(f)(2)(C)); and (5) "by other means not prohibited by international agreement as may be directed by the court" (Rule 4(f)(3)).

8. Most of the above described means of service are inapplicable, or wholly impractical in this case. Specifically, service under Rule 4(f)(1) is inapplicable because there are no internationally agreed means of service in Libya, and service under Rule 4(f)(2)(A) and Rule 4(f)(2)(C)(i) is impracticable because of the obvious impossibility of obtaining local counsel or process servers willing to become involved in an effort to serve process on high-ranking Libyan officials. Indeed, in late March 2006, Plaintiff attempted on its own to retain local counsel in Tripoli, Libya, but was not able to do so because no counsel was willing to serve process on Libyan officials.

9. As partially set forth in my previous Affirmation, on October 6, 2005, we initiated the process of attempting service under Rule 4(f)(2)(C)(ii) by retaining a third party translator to translate the Summons, Complaint, Notices of Suit and FSIA into Arabic. The translation of the Complaint took a great deal of time, in excess of two months, in part due to the complexities of the case. Upon receipt of the translated service documents, and pursuant to the requirements of the FSIA, we then mailed a package of service materials, consisting of a Summons, Complaint, Notices of Suit, copy of the FSIA, translations of each and certificates of authenticity, to the United States District Court for the District of Columbia requesting that the Clerk take the necessary steps to

effect service in this matter. The Court prepared the appropriate materials for mailing, and, on or about February 8, 2006, returned them to us for the actual mailing to Defendants. On February 16, 2006, we mailed the materials, as prepared by the Clerk of the Court, to the Libyan Defendants, return receipt requested. Receipt has never been acknowledged. Since the return of a signed receipt is a requirement for service of process under Rule 4(f)(2)(C)(ii), this method of service has proven unavailing.

10. Because the return receipts were not forthcoming, we initiated the time-consuming process of serving the individuals under Rule 4(f)(2)(A), by letters rogatory. After unsuccessful attempts to procure local counsel in late March and April, we retained APS International/Civil Action Group, a company that specializes in the international service of process, on May 12, 2006. APS International has advised that Libya likely required triple certification and possibly chain authentication of the letters rogatory. Triple certification involves the District Judge signing the documents, the Clerk acknowledging that the Judge is the Judge, and the Judge acknowledging that the Clerk is the Clerk. Chain authentication involves the Department of Justice authenticating the seal of the District Court, the Department of State authenticating the seal of the Department of Justice and the Libyan Liaison Office authenticating the seal of the Department of State. We have initiated both of these processes, but they are not yet complete and, in any event, such certification and authentication are only a prelude to the actual service of the letters rogatory, which in and of itself is a very time-consuming process and which, in addition, requires the questionable cooperation of Libyan judicial authorities. *See* the Department of State website at http://travel.state.gov/law/info/judicial;/judicial_683.html ("Letters rogatory are a time consuming, cumbersome process and should not be utilized

17

unless there are no other options available"). In fact, APS International has advised that there is no record of any party ever having been served with papers by letters rogatory in Libya.

11. As indicated above, Libya and LESO cannot be served pursuant to Fed. R. Civ. P. 4(f), but by different means, namely, the means prescribed by 28 U.S.C. § 1608 (*see* Fed. R. Civ. P. 4(j)). Under Section 1608(a), service may be made upon a foreign state or political subdivision of a foreign state (*i.e.*, Libya, but not LESO) by (1) delivery of a copy of the summons and complaint in accordance with any arrangement for service of process in the foreign state, or (2) if no such special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention. For the same reasons as stated above with respect to the individual Defendants, neither option is available here.

12. Subsection 1608(a)(3) provides that if service cannot be made under Subsections (a)(1) or (a)(2), service can be made by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned. As also noted above, we attempted this method of service and have not received back any signed receipt, as required by the statute. Under Subsection 1608(a)(4), if service cannot be made within 30 days under Subsection (a)(3), service may be made by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the

court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services, and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted. This option, which appears to be the only one that could succeed in the long run, is quite time-consuming in and of itself and for the additional reasons that the Department of State will not attempt diplomatic service before receiving certification from the Plaintiff that all other available means of service under Section 1608 were tried or are inapplicable (and also because this Country presently has no diplomatic relations with Libya). Thus, additional time is needed to complete service on Libya.

13. LESO is an agency or instrumentality of Libya, and the means by which it may be served are set forth in 28 U.S.C. § 1608(b). Those include (1) delivery of a copy of the summons and complaint in accordance with any special arrangement between the plaintiff and the foreign agency or instrumentality, (2) service upon an officer, managing or general agent or other agent authorized to accept process in the United States or in accordance with any applicable international convention, or, if (1) or (2) are not available, (3) by delivery of a copy of the summons and complaint, with a translation, (A) as directed by an authority of the foreign state in response to a letter rogatory or request, or (B) by mail dispatched by the Clerk of the Court requiring a signed receipt, or (C) as directed by order of the court consistent with the laws of the state where service is to be made. The options in Subsections (b)(1) and (b)(2) are not available, for all the reasons set forth above. Service pursuant to Subsection (b)(3)(B) has been tried, but no receipt has been returned. As set forth above, Plaintiff has initiated the process of service by

letters rogatory, pursuant to Subsection (b)(3)(A), but that process, in addition to requiring the cooperation of Libyan judicial authorities, will prove extremely time-consuming, and will require additional time to complete. As stated on the State Department website (cited above), letters rogatory habitually involve "delays of up to a year or more in the execution of the requests."

14. As the Court is aware, Plaintiff previously moved, on January 17, 2006, pursuant to Rule 7 of the Civil Rules of this Court, for a 120-day extension of time to effect service on Defendants. The motion was made out of an abundance of caution within 120 days of filing the Complaint, notwithstanding that the 120-day service rule set forth in Fed. R. Civ. P. 4(m) does not by its terms apply to service in foreign countries. By Order, dated January 30, 2006, the motion was granted, and the time to effect service was extended to May 31, 2006. However, for the reasons set forth herein, that time has proven insufficient to effect service upon the Defendants.

15. As an alternative to seeking more time, which Plaintiff requests and which should be granted under the circumstances, Plaintiff moves the Court to direct practicable means of service, as authorized under both Fed. R. Civ. P. 4 and 28 U.S.C. § 1608. Specifically, Fed. R. Civ. P. 4(f)(3) provides as an alternative to the enumerated methods of service upon individuals located in foreign countries, "other means not prohibited by international agreement as may be directed by the court." And 28 U.S.C. § 1608(b)(3)(C) provides, in the alternative, that service upon agencies and instrumentalities of a foreign state may be made "as directed by order of the court consistent with the law of the place where service is to be made."

16. Various courts have applied Fed. R. Civ. P. 4(f)(3) and allowed service by different means, including ordinary mail, mail to last known addresses, mail to family members, mail to counsel who represented the party in other matters, publication in newspapers, broadcast on radio or television, telex and, recently, email.

17. In this case, it is respectfully requested that the Court direct that service on Arman Dabiri, the attorney who entered an appearance in this matter on behalf of all Defendants on May 18, 2006, be deemed sufficient service.[6]

18. In the alternative, it is respectfully requested that the Court enter an Order directing service on the individual Defendants by ordinary mail, care of the Libyan government, and/or by email through Libya's foreign office (known as the General People's Committee for Foreign Liaisons and International Cooperation), at its published email address, which is sec.state@foreign.gov.ly.

19. As to LESO, which falls within the ambit of 28 U.S.C. § 1608(b)(3)(C), it is respectfully requested that if service on Mr. Dabiri is not deemed sufficient, that the Court direct service upon it by mail at its address in Tripoli, and/or by email through the Libyan foreign office at its published email address.

20. As to Libya, if service on Mr. Dabiri is not deemed sufficient, additional time is required to complete service on it under 28 U.S.C. § 1608(a)(4), for the reasons described above in ¶ 12 of this Affidavit.

---

[6] Mr. Dabiri also is the attorney of record for these same Defendants in a related action, *Pugh, et al. v. Socialist People's Libyan Arab Jamahiriya, et al.*, Civil Action No. 1:02-civ-02026-HHK.

21. Finally, if the Court directs that service on Mr. Dabiri constitutes sufficient service, then, obviously, little additional time would be required to complete service. However, if the Court directs that other means of service be undertaken, be it one of the enumerated methods set forth in the Federal Rules or the FSIA, or an alternative means as directed by the Court, Plaintiff respectfully requests an extension of time sufficient to complete service by such means as directed by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 22, 2006

_____
Christopher B. Kende, Esquire (D.C. 416487)

Subscribed and sworn to
Before me this 22nd day
of May, 2006

_____
Notary Public

EDWARD HAYUM
Notary Public, State of New York
No. 02HA6104019
Qualified in Kings County
Commission Expires January 12, 2007