# EXHIBIT A

FILED
SEP 3 0 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA RÉUNION AÉRIENNE<br>50 Rue Ampere<br>Paris 75017<br>France,<br>    Plaintiff,<br>v.<br><br>SOCIALIST PEOPLE'S LIBYAN<br>ARAB JAMAHIRIYA, LIBYAN EXTERNAL<br>SECURITY ORGANIZATION, MUAMMAR<br>QADHAFI, ABDALLAH SENOUSSI, AHMED<br>ABDALLAH ELAZRAGH, IBRAHIM NAELI,<br>ARBAS MUSBAH, ISSA ABDELSALAM<br>SHIBANI AND ABDELSALAM HAMMOUDA<br>EL AGELI<br>Ministry of Foreign Affairs<br>Tripoli, Libya,<br>    Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>CASE NUMBER 1:05CV01932<br>JUDGE: Richard J. Leon<br>DECK TYPE: Personal Injury/Malpractice<br>DATE STAMP: 09/30/2005 |

**ECF DOCUMENT**
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Columbia.
Date Filed: 9/30/05
NANCY MAYER-WHITTINGTON, CLERK
By: [signature]
5/11/06

Plaintiff, La Réunion Aérienne, as assignee and subrogee of the rights of decedents Bonnie Barnes Pugh, James E. Turlington, Sr., Margaret Elizabeth Schutzius, Patrick Wayne Huff, Donald J. Warner, Mihai Alimanestianu, Mark E. Corder (hereinafter "Decedents") and Interlease, Inc., (hereinafter "Interlease"), complaining of defendants, The Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization, (collectively the "Foreign State Defendants"), Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli, (collectively the "Individual Defendants"), alleges as follows:

1. Plaintiff, La Réunion Aérienne, at all times relevant, was a *Groupement D'Interet Economique*, which is a special partnership organized and existing in accordance with the French decree of September 23, 1967, acting on behalf of its member insurance companies, namely

1

Abeille Assurances, Allianz Assurances, Generali France Assurances, Groupama Assurances et Services, CGU Courtage/Gan Euro Courtage, Groupama Transports, General Accident, Caisse Industrielle d'Assurance Mutuelle (CIAM), Mutuelle du Mans, as successors to the rights of Abeille Assurances, Caisse Industrielle d'Assurance Mutuelle (CIAM), General Accident Fire and Life Assurance Corp. Ltd., Hansa, Irish National Insurance Company Ltd., La Concorde, La France IARD, L'Alsacienne, Languedoc, Rhin et Moselle, Union des Assurances de Paris Incendie Accident, La Mutuelle Electrique d'Assurance, Les Mutuelles du Mans IARD, La Suisse and its coinsurers, namely Allianz Marine et Aviation (France), A.M.A. as successor to the rights of AGF Marine Aviation Transport (AGF-MAT), formerly Compagnie D'Assurances Maritimes, Aérienne et Terrestres (CAMAT), and of AGF IART, Groupama Transport as successor to the rights of Groupe des Assurances Nationales I.A., Generali France as successor to the rights of Le Continent, AXA Corporate Solutions Assurances as successor to the rights of La Paternelle as a result of the transfer of several portfolios, La Providence IARD, Seine et Rhone/Oceanide Reunies, now Seine et Rhone, Groupe Drouot, now Drouot Assurances, Société d'Assurance Mutuelle de la Ville de Paris (AMCL MINERVE), now Prévoyance Mutuelle MACL, Assurance Générale de France IART – AGF IART, as successor to the rights of Préservatrice Foncière Assurances.

2.    Plaintiff, La Réunion Aérienne, with its principal place of business in Paris, France, by reason of certain insurance policies hereinafter described, in which it participates on account of its members and coinsurers, is the assignee and subrogee of the Decedents' estates and Interlease, for certain claims as hereinafter described.

2

3. Upon information and belief, decedents by their estates are citizens of various states of the United States, including the states of Texas, Virginia, Montana, North Carolina, Indiana and Georgia (hereinafter "States'").

4. Upon information and belief, Interlease is a corporation organized under the laws of Georgia with its principal place of business in Georgia.

5. Foreign state defendant Socialist People's Libyan Arab Jamahiriya ("Libya") is a "foreign state" as that term is defined in 28 U.S.C. § 1603 and has been designated by the United States Secretary or Department of State as a state sponsor of terrorism.

6. Foreign state defendant Libyan External Security Organization ("LESO") is a department of the Libyan Government and as such is an "agency or instrumentality" of Libya, as that terms is defined in 28 U.S.C. § 1603, through which Libya has conducted acts of terrorism, including that which is alleged herein.

7. Individual defendants Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli are, upon information and belief, citizens of Libya and, upon information and belief, reside there.

8. This Court has jurisdiction by reason of 28 U.S.C. § 1330(a), 28 U.S.C. § 1605(a)(7), 18 U.S.C. § 2333 (a) and 28 U.S.C. § 1367, given that all claims grow out of the same case or controversy.

9. Plaintiff insured certain risks in connection with a certain DC-10 aircraft, bearing registration number N. 54 629, (hereinafter "Aircraft") owned by Interlease which risks are more fully described in the policies of insurance numbered No. 89/18.636, No. 89/35.616 and No. 89/18493 (hereinafter "Policies").

10. On September 19, 1989, the Aircraft operated by the French airline Union de Transports Aériens ("UTA"), designated as UTA Flight 772, departed Brazzaville, Congo, enroute to Paris, France with a stopover at N'Djamena, Chad.

11. After the stopover, the Aircraft took off and exploded in mid-air over the Tenere Desert in Niger, killing all aboard, including the decedents, all citizens of the United States, and destroying the Aircraft and its contents.

12. Upon information and belief, Defendants Libya, LESO, Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli personally and intentionally undertook actions that caused the Aircraft to explode in mid-air.

13. Upon information and belief Defendants, and each of them, were part of a conspiracy and acted in concert to cause the Aircraft to explode on September 19, 1989.

14. The explosion of the Aircraft constituted a premeditated and deliberate act of extrajudicial killing and aircraft sabotage within the meaning of 28 U.S.C. § 1605.

15. The explosion of the Aircraft gave rise to intentional torts under the States' common and statutory law, including but not limited to wrongful death statutes for each of the decedents and of Interlease, according to specific domicile of each decedent and Interlease.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## WRONGFUL DEATH, ASSIGNMENT AND SUBROGATION

16. As a proximate result of the willful and reckless acts of Defendants, the Decedents, all U.S. citizens, were killed in the Aircraft explosion.

17. The Decedents, by their duly authorized representatives and estates, therefore have claims against the Defendants for wrongful death under the laws of the States where they were domiciled at the time of their deaths.

18. Plaintiff paid to certain survivors and estates of the decedents and to Interlease, certain monies by reason of the personal injury and death, including but not limited to funeral expenses and repatriation of the remains of the decedents herein in the amount $2,011,172.42, as nearly as can now be computed, and to Interlease the insured value of the Aircraft in excess of $34,000,000.

19. By reason of the foregoing and the Policies of insurance, Plaintiff took an assignment of, and became subrogated to, the rights of the decedents and of Interlease, to the extent of such payments.

20. Plaintiff therefore stands in the shoes of the decedents and of Interlease in asserting its rights against these Defendants.

21. Plaintiff, as assignee and subrogee to the claims of decedents and of Interlease, is entitled to recover all monies it paid as a result of explosion of the Aircraft.

22. Defendants, and each of them, both in their official and personal capacities, owed a duty under the States' common and statutory law, including but not limited to wrongful death statutes, to the decedents' estates and Interlease not to deliberately and intentionally cause the personal injury or death of decedents and the destruction of Interlease's Aircraft.

23. Defendants, and each of them, both in their official and personal capacities, breached those duties and violated the States' common and statutory law thereby.

24. Defendants, and each of them, both in their official and personal capacities, were culpable, primarily and directly responsible, and actively at fault for the personal injuries and

death of decedents and the destruction of Interlease's Aircraft and all damages caused to Plaintiff thereby.

25. Individual defendants, and each of them, both in their official and personal capacities, breached duties and violate the common and statutory law of Georgia with respect to Interlease by causing the explosion of the Aircraft.

26. By reason of the premises, Plaintiff, as assignee and subrogee of the decedents and of Interlease herein, are entitled by operation of law and by reason of the policies and the express assignments, to complete recovery for the damages caused thereby from the Foreign State Defendants and the Individual Defendants, and each of them, in their official and personal capacities, for all sums expended by Plaintiff by reason of its Policies.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### INDEMNITY

27. Plaintiff repeats and realleges each and every allegation contained and set forth in paragraph 1 through and including 24 as if repleaded and set forth at length.

28. By reason of the premises, by operation of law and by reason of the policies, Plaintiff is entitled to complete indemnification to the extent of such payments to decedents and Interlease caused by the wrongful acts of the Foreign State Defendants and the Individual Defendants, and each of them, in their official and personal capacities, in causing the Aircraft to explode.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### CONTRIBUTION

29. Plaintiff repeats and realleges each and every allegation contained and set forth in paragraphs 1 through and including 26 as if repleaded and set forth at length herein.

6

30. Pursuant to the Foreign Sovereign Immunities Act, and the States' common and statutory law of contribution, Plaintiff, as assignee and subrogee of the decedents and Interlease, is entitled to contribution, in whole or in part, from the Foreign State Defendants and the Individual Defendants, and each of them, both in their official and personal capacities, to the extent of such payments to decedents and Interlease caused by the wrongful acts of the Foreign State Defendants and the Individual Defendants, and each of them, in causing the Aircraft to explode.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### CONVERSION

31. Plaintiff repeats and realleges each and every allegation contained and set forth in paragraph 1 through and including 28 as if repleaded and set forth at length herein.

32. By reason of the premises, Foreign State Defendants and Individual Defendants, and each of them, both in their official and personal capacities, converted the Aircraft to their own use, thereby causing damages to Plaintiff in the amount of such payments to decedents and Interlease caused by the wrongful acts of the Foreign State Defendants and the Individual Defendants, and each of them, in causing the Aircraft to explode.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### TRESPASS TO CHATTLES

33. Plaintiff in Intervention repeats and realleges each and every allegation contained and set forth in paragraph 1 through and including 30 as if repleaded and set forth at length herein.

34. By reason of the premises, Foreign State Defendants and Individual Defendants, and each of them, both in their official and personal capacities, committed trespass to the chattels

of decedents and Interlease and thereby to Plaintiff as subrogee, causing damages thereby to the extent of such payments to decedents and Interlease, caused by the wrongful acts of the Foreign State Defendants and the Individual Defendants, and each of them, in causing the Aircraft to explode.

<u>AS AND FOR A SIXTH CLAIM FOR RELIEF</u>

<u>PUNITIVE DAMAGES</u>

35. Plaintiff repeats and realleges each and every allegation contained and set forth in paragraph 1 through and including 32 as if repleaded and set forth at length herein.

36. By reason of the premises, Plaintiff demands relief pursuant to 28 U.S.C. § 2333, including treble damages and attorneys fees, against the Individual Defendants, in their personal capacities, to the extent they are deemed to have acted outside the scope of their official capacity or outside the color of legal authority.

WHEREFORE, Plaintiff demands judgment against the Foreign State Defendants and the Individual Defendants, jointly and severally, both in their official capacities and personal capacities for:

    A. Compensatory damages, in the amount of $2,011,172.42 paid to the decedents, $34,000,000 to Interlease, for a total of $36,011,172.42;

    B. Punitive and exemplary damages in an appropriate amount to be determined;

    C. Treble damages;

    D. Interest from the date of Plaintiff's payment to decedent and Interlease;

    E. Reasonable attorneys fees;

    F. Costs, expenses and disbursements;

8

G. Such other and further relief as to this Court seems just and proper.

Dated: September 28, 2005
       Washington, D.C.

*/s/ Christopher B. Kende*
Christopher B. Kende
(D.C. Bar No. 416487)

Peter J. McHugh
(D.C. Bar No. 444279)

John F. Keating, Jr.
(D.C. Bar No. 431867)

COZEN O'CONNOR
1667 K Street, NW, Suite 500
Washington, D.C. 20006
Attorneys for Intervening Plaintiff
Tel. No.: (202) 912-4800
Fax No.: (202) 912-4830
ckende@cozen.com
pmchugh@cozen.com
jkeating@cozen.com

NEWYORK\143523\1 121593.000

9