The Great Socialist People's Libyan Arab Jamahiriya
Justice and State Security General Popular Committee
Legal Department

No democracy without people's congresses .

20/2/02

Head of Legal Affairs Department

File number: aïn aïn qaf / 17 / 49

Dear Sir,

We refer to your letter ref. alif-qaf-1-10-70 of 28/1/02, enclosing a letter from the legal adviser of the External Security Bureau dated 31/12/01 including a question about whether the External Security Bureau has an independent legal personality.

**By way of reply, we wish to bring the following to your attention:**

Article 1 of Law No. 75 of 1976 concerning the agency charged with national security stipulates: "an independent state agency is created bearing the name of the State Security Bureau, which has legal personality and is answerable to the Revolution Command Council".

Article 1 of Law No. 4 of 1984 stipulates the creation of the External Security General Popular Committee, specifying: "notwithstanding the provisions of Law No. 13 of 1981 concerning popular committees, a specific general popular committee is created bearing the name of the "External Security General Popular Committee", answerable to the General People's Committee."

Article 4 of the same law stipulates: "the State Security Bureau created by Law No. 75 of 1976 is answerable to the External Security General Popular Committee and constitutes the executive arm thereof. The Committee exercises all the competence and performs all the security tasks given to the State Security Bureau. The General People's Committee draws

up the rules and makes the decisions necessary for the reorganisation of the Bureau on the recommendation of the External Security General Popular Committee, in compliance with the provisions of the present law."

Article 5 of the same law stipulates: "without prejudice to the provisions of Article 6 of the present law, the External Security General Popular Committee is responsible for the management of the State Security Bureau and, for this purpose, has all the powers granted to the Head and Deputy Head of the Bureau by Law No. 75 of 1976 with respect to the State Security Bureau for financial and administrative matters and for personnel affairs, in compliance with the rules drawn up by the General People's Committee on the recommendation of the External Security General Popular Committee for the reorganisation of the State Security Bureau".

Article 1 of Law No. 2 of 1985 attributing additional competence to the Justice Secretariat stipulates: "the Justice Secretariat is invested with all the duties, responsibilities, competence and powers previously attributed to the External Security General Popular Committee by virtue of Law No. 4 of 1984 and to the State Security Bureau by virtue of Law No. 75 of 1976 and by virtue of the other operative legislation".

Article 3 of the same law stipulates: "the abolition of the External Security General Popular Committee and of the State Security Bureau and the annulment of any provision of Law No. 75 of 1976 and Law No. 4 of 1984 contrary to the provisions of the present law" [sic].

Subsequently, the General People's Committee issued Decision No. 677 of 1985 creating the External Security Bureau, which stipulates in Article 1: "a state agency is created bearing the name of the "External Security Bureau", answerable to the General People's Committee and with the powers defined by the provisions of the present decision".

Article 2 of the same decision stipulates: "the Bureau is invested with the duties, responsibilities, competence and powers specified by Law No. 75 of 1976 concerning the State Security Bureau, by Law No. 4 of 1984 concerning the External Security General Popular Committee and by the other operative legislation".

An analysis of the above reveals the following: The State Security Bureau was created under Law No. 75 of 1976 as an independent state agency with

an independent legal personality, initially answerable to the Revolution
Command Council and then to the External Security General Popular
Committee under Law No. 4 of 1984, which considered it to be the
executive arm of this Committee, the latter invested with all the powers
and duties previously given to the Bureau. With the promulgation of this
Law No. 4 of 1984, this shows that the State Security Bureau no longer had
an independent legal personality because the External Security General
Popular Committee substituted for the Bureau's competence and powers.
This point was confirmed by the publication of Law No. 2 of 1985,
referred to above, which abolished both the State Security Bureau and the
External Security General Popular Committee and attributed their duties,
responsibilities, competence and powers to the Justice Secretariat.
Consequently, the Bureau's independent legal personality disappeared with
the promulgation of the said law, in the same way as it was created. This
analysis is corroborated by the publication of General People's Committee
Decision No. 677 of 1985 creating a state agency named the "External
Security Bureau", answerable to the Justice and State Security General
Popular Committee and invested with the duties, responsibilities,
competence and powers specified by Law No. 75 of 1976 concerning the
State Security Bureau and by Law No. 4 of 1984 creating the External
Security General Popular Committee after the abolition of these two
agencies. An analysis of this decision reveals that it does not contain any
indication inferring that the said Bureau has an independent legal
personality. Consequently, it must be considered as an administrative
department of the Justice and State Security General Popular Committee,
just like its other departments, and without legal personality because this is
only acquired as a result of an explicit legal provision or a decision by a
body that is competent in the field.

### Accordingly,

The Legal Department considers that the External Security Bureau has not
had any legal personality since the abolition of the State Security Bureau
under Law No. 2 of 1985, as detailed above.

Best regards,

Signed: Counsellor Sharif Al Azhari, Head of Legal Department
Legal Department's stamp.