# Exhibit J

212 585 9010
Case 1:02-cv-02026-HHK   Document 12   Filed 2   Page 1 of 3
89 09:09PM HAIGHT GARDNER NY ▪3▪



Maud MARIAN
AVOCAT A LA COUR
176, bd Haussmann 75008 PARIS
Tél. 01 42 89 ... - Fax 01 42 89 06 97
Toque R 63

## PROOF OF LOSS AND RELEASE AND DISCHARGE

In consideration of the payment as set forth below of the sum of Thirty Four Million United States Dollars (USD 34,000,000) which payment is to follow receipt and acceptance of this proof of loss by the Underwriters, the undersigned does, for itself, its legal representatives, assigns, and successors, hereby release, acquit, forever discharge, and covenant to hold harmless those certain Underwriters and companies (herein called Underwriters) subscribing to insurance policy no._____ issued by _____ and their present and former officers, directors, agents, employees, legal representatives and successors from any and all rights, claims, liabilities, demands, suits, judgments and damages whatsoever under or by reason of the above mentioned policy, including subrogated or assigned rights, which the undersigned now has or may have against the persons, firms or corporations hereby released arising out of or resulting from an accident to a DC-10-30 aircraft, manufacturer's serial no. 46852 and bearing United States registration mark N54629, on 19 September 1989 over the Tenere Desert in Niger.

The above mentioned loss did not originate by any act, design or procurement on the part of the undersigned, or to the knowledge of the undersigned, on the part of anyone having any interest in the property insured or in said policy of insurance, and nothing has been done by or with the consent of the undersigned to violate the conditions of this insurance and no attempt has been made by the undersigned to deceive the Underwriters as to the extent of this loss, or otherwise.

In consideration of the payment to be made hereunder, the undersigned hereby assigns, sets over, transfers and subrogates to the Underwriters all the rights, claims, interests, causes and remedy of actions to the extent of the above amount which it may have against any party, person, corporation or governmental agency who may be liable for the loss and hereby authorizes the Underwriters, at the cost of the Underwriters, to sue, compromise or settle in its name or otherwise, and the Underwriters are hereby fully substituted in its place and subrogated to the rights which it may have to the amount so paid. It is hereby warranted that no settlement has been made relating to the loss by the undersigned that would limit or extinguish such rights.

The undersigned does hereby further agree to notify Underwriters immediately, upon the undersigned becoming so aware, in case of the recovery of any of the property or sums for which payment is being made hereunder, and to turn over to said Underwriters any recovery which may be made to the undersigned or reimburse said Underwriters to the extent

Case 1:05-cv-01932-HHK   Document 16-16   Filed 09/22/2006   Page 3 of 5

06. 89  11:47 AM  *HAIGHT GARDNER N.Y.  P04
Case 1:02-cv-02026-HHK   Document 35-2   Filed 08/15/2005   Page
9 09:10PM HAIGHT GARDNER NY  3   P.06

of the payment for such property which may be received by the undersigned.

It is expressly understood and agreed that the furnishing of this proof of loss of the undersigned, or assistance in making of the proof of loss by the adjuster or any other person, is an act of courtesy and is not to be construed as a waiver of any rights or an admission of liability by the Underwriters, and any other information and documentation within the possession or control of the undersigned reasonably required by the Underwriters shall be furnished by the undersigned on request.

At the time the above policy was effected and at the time of the above mentioned loss, the said aircraft was owned by Interlease, Inc., was subject to a first priority mortgage in favor of Security Pacific National Bank, as agent for certain lenders, was leased to Security Pacific Financing Services and further subleased to Union de Transports Aeriens (UTA). To the knowledge of the undersigned, no other person, firm or corporation had any interest in the aircraft or has had any interest, mortgage or otherwise therein during the term of this insurance save for a Second Aircraft Security Agreement dated October 26, 1988 given by Interlease, Inc. in favor of Joel W. Richardson, Jr., Charles B. Chitty and John T. Lupton, each as trustee under The Trust Under the Last Will and Testament of Thomas Cartter Lupton for the Benefit of John T. Lupton dated April 12, 1988 which Second Aircraft Security Agreement, by virtue of certain releases dated December 15, 1988, was released by said trustees/secured party. The undersigned undertakes that it will fully indemnify and keep indemnified and hold harmless the Underwriters from any further or other claims in respect of the loss of the aircraft under the above mentioned policy made by the undersigned or by the secured parties under the afore-mentioned Second Aircraft Security Agreement.

Further, there was no other insurance on said aircraft effected by the undersigned during the term of the above mentioned policy.

Underwriters are hereby requested and authorized to pay the proceeds from the above insurance in full satisfaction and settlement of the loss and/or damage claimed and the payments are to be made payable as follows:

   TO:   Security Pacific International Bank
         40 East 52nd Street
         New York, New York 10022

         Account No. 300-7650

```
10.06.89        HAIGHT GARDNER N.Y.           P05
   09:11PM   HAIGHT GARDNER NY  3           P07/**
```

For the account of: Security Pacific
National Bank, London Branch

In consideration of such payment, the Underwriters are hereby discharged and forever released by the undersigned from any and all further claims or demands whatsoever for said loss and/or damage, under or by reason of said policy.

This proof of loss or similar proofs, in form and substance satisfactory to the Underwriters must be signed and acknowledged by all insureds, mortgagees, lienholders and any parties having an interest in the said aircraft or in the proceeds of the insurance thereon.

This proof of loss shall be governed and construed in accordance with the laws of France and the undersigned and the Underwriters hereby submit to the jurisdiction of the courts of Paris.

INTERLEASE, INC.

By  [signature: Douglas M. Mattix]
Title: PRESIDENT

Dated: October 4, 1989

INTERLEASE, INC.
SECRETARIAL CERTIFICATE

The undersigned, THOMAS J. STALZER, DOES HEREBY CERTIFY that I am the Secretary of Interlease, Inc. (the "Corporation") a Georgia corporation; that Douglas G. Matthews is the duly elected or appointed president of the Corporation; that set forth below is the genuine signature of said Douglas G. Matthews:

| Title | Name | Signature |
|---|---|---|
| President | Douglas G. Matthews | /s/ Douglas G. Matthews |

and that said Douglas G. Matthews is authorized and empowered for an on behalf of the Corporation to execute and deliver to Reunion Aeriennes or its counsel a Proof of Loss and Release and Discharge in connection with the loss of one (1) DC-10-30 Aircraft MSN 46852 and U.S. Reg. No. N54629.

IN WITNESS WHEREOF, I have set my hand hereto and affixed the seal of the Corporation in my official capacity, on the __5__ day of October, 1989.

/s/ Thomas J. Stalzer
Thomas J. Stalzer, Secretary

[CORPORATE SEAL]

StalzerAAgreeIL.SC