# Exhibit K

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment of the sum of ONE HUNDRED THIRTY THREE THOUSAND NINE HUNDRED FORTY FIVE ($133,945) DOLLARS, representing the U.S. Dollar equivalent of 100,000 Special Drawing Rights (SDRs) at the conversion rate of 1 SDR equals 1.33945 U.S. Dollars, plus fees and expenses incurred in this matter, including attorneys fees, in the amount of FORTY SIX THOUSAND EIGHT HUNDRED EIGHTY ($46,880.75) DOLLARS AND SEVENTY FIVE CENTS, representing the U.S. Dollar equivalent of 35,000 SDRs, for a total of ONE HUNDRED EIGHTY THOUSAND EIGHT HUNDRED TWENTY FIVE ($180,825.75) DOLLARS AND SEVENTY FIVE CENTS, receipt of which is hereby acknowledged, the undersigned, on behalf of the undersigned and all and each of their respective heirs, executors, administrators, successors, and assigns (the undersigned, on behalf of themselves and all and each of their respective heirs, etc., are hereinafter collectively referred to as "Releasors"), hereby release, acquit, forever discharge, and covenant to hold harmless UTA (also known as Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, directors, agents, employees, insurers, coinsurers, and reinsurers (UTA, La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, etc. are hereinafter collectively referred to as "Releasees") of and from any and all actions, causes of action, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, compensatory and punitive damages), judgments, executions, claims, and demands whatsoever, known and unknown, including, but not limited to, subrogated or assigned rights, that against the Releasees the Releasors ever had, now have, or can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following (hereinafter referred to as "the above described Matter"): wrongful death of and personal injuries to Bonnie Barnes Pugh, whether assertable by the heirs or personal representative of Bonnie Barnes Pugh or by anyone else, and whether characterized as wrongful death claims, survival, or survivorship claims, or otherwise; loss or destruction of, or damage to, the baggage or other property of Bonnie Barnes Pugh; amounts paid by Bonnie Barnes Pugh for transportation; and any and all other losses, damages and/or injuries relating to or arising out of Bonnie Barnes Pugh having been a passenger on UTA Flight 772, which was destroyed on September 19, 1989.

The Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds'


Maud MARIAN
COMTE LA COUR
176, bd Haussmann 75008 PARIS
Tel. 01 42 89 1*** - Fax 0* 42 89 06 97
Toque R*63

signatures are true, that there are no heirs at law other than those whose signatures appear below, and that there is no Executor, Executrix, Administrator, Administratrix or other Personal Representative of the Estate of Bonnie Barnes Pugh other than the undersigned Executor Robert L. Pugh.

The Releasors hereby represent and warrant that no claim has been, or will be, made for worker's compensation benefits relating to or arising out of the above described Matter and that there are no liens for worker's compensation payments.

The Releasors, in their individual capacity, have requested Robert L. Pugh, in his capacity as Executor of the Estate of Bonnie Barnes Pugh, not to bring an action against the Releasees but rather to settle any and all claims in accordance with the terms of this Release.

Releasor Robert L. Pugh represents that he has been granted a Certificate of Qualification by the Circuit Court of Fairfax County to act as Executor of the estate of Bonnie Barnes Pugh, and that he has the authority to execute this release on behalf of the estate from said court.

FOR AND IN FURTHER CONSIDERATION of the payment described above, the Releasors agree as follows:

1. Without limiting any of the foregoing, the payment described above and this Release are intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees, and each of them, to Releasors and to any and all third parties (whether an individual, company, government, government agency, other government entity, or other entity) relating to or arising out of the above described Matter. The Releasors agree to protect, indemnify, and hold harmless Releasees from and against any and all actions, causes of action, suits, damages, judgments, claims, demands, liens, and liability of any nature whatsoever (including, but not limited to, liens or liabilities relating to or arising out of any worker's compensation payments), and from and against all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending such actions, etc., by or to any third parties, relating to or arising out of the above described Matter, whether anticipated or unanticipated, however caused and whether by negligence or otherwise.

-2-

2. Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors' rights, title, and interests in and to any and all actions, causes of action, claims, demands and remedies that Releasors have or may have against any and all third parties who may be liable for the above described Matter and/or the destruction of the aforesaid UTA Flight 772, to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including, but not limited to, attorneys' fees) incurred in the settling of the claims herein and in obtaining any recovery against third parties. The Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand or remedy that they have or may have against any third party relating to or arising out of the above described Matter and/or the aforesaid UTA Flight 772.

3. The payment described above and the execution of this Release are the result of a compromise of a disputed claim and shall not at any time for any purpose be considered as an admission of liability or responsibility of the Releasees or any of them for any wrongdoing, negligence, or other culpable conduct in connection with the above described Matter and/or the aforesaid UTA Flight 772. The Releasors acknowledge that each of the Releasees expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid litigation and buy their peace.

4. Without limiting any of the foregoing, Releasees are discharged and forever released from any and all further claims and demands whatsoever by Releasors relating to or howsoever arising out of the above described Matter and/or the aforesaid UTA Flight 772. This Release expresses a full settlement of a disputed claim as against Releasees, and this Release is intended to avoid litigation and to be final and complete. This Release shall not be subject to any claim of mistake of fact or law by the Releasors.

5. Releasors agree not to publicize, communicate, or disclose to any third parties any information concerning the dispute with Releasees, the payment described above, or the terms of this Release without prior written permission from the Releasees, provided that nothing herein contained shall prevent Releasors from disclosing such information as required by applicable law.

-3-

This Release shall be governed by and construed under the laws of France, and including article 2044 et seq. of the Civil Code. This Release may not be changed orally. This Release may be made and signed in separate counterparts and when signed by all of the undersigned the counterparts shall collectively constitute one instrument.

THE RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR LAWYERS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER. THE RELEASORS HAVE CAREFULLY READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT, AND ARE SIGNING VOLUNTARILY AND OF THEIR OWN FREE WILL.

Dated: _____8/14_____, 1990

_____
Robert L. Pugh, Spouse of Bonnie Barnes Pugh, in his individual capacity and as Executor of the Estate of Bonnie Barnes Pugh, deceased

_____
Malcolm R. Pugh, Son of
Bonnie Barnes Pugh

_____
Anne Pugh Carey, Daughter of
Bonnie Barnes Pugh

-4-

STATE OF _VA_ )
) ss.:
COUNTY OF _albemarle_ )

On this _14_ day of _Aug._, 1990, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear Malcolm R. Pugh, known to me as the son of Bonnie Barnes Pugh, and who executed the foregoing Release of All Claims after being duly sworn by me, on oath stated that he has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

_____
Notary Public

I am an attorney licensed to practice law in the State of _New York_. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to Malcolm R. Pugh, whom I represent, and he in turn acknowledged to me an understanding of said Release and the legal effect thereof; and the signature above his name on the Release was personally made by him.

_____
Signature

Charles F. Krause
(Type or Print Name)

140 East 45th Street
(Street Address)

New York, NY 10017
(State)

-6-