# Exhibit P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELAINE L. COLLETT *et al.*,                      :
                                                 :
                        Plaintiffs,              :        Civil Action No.:        01-2103 (RMU)
                                                 :
                v.                               :        Document Nos.:           52, 57
                                                 :
SOCIALIST PEOPLES' LIBYAN                        :
ARAB JAMAHIRIYA *et al.*,                        :
                                                 :
                        Defendants.              :

## MEMORANDUM OPINION

DENYING THE PLAINTIFFS' MOTION FOR RECONSIDERATION;
DENYING THE DEFENDANTS' MOTION FOR RECONSIDERATION

### I.    INTRODUCTION

This matter comes before the court on the parties' motions to reconsider Judge Kay's

ruling on sanctions stemming from a discovery dispute between the parties.  Judge Kay

previously ordered the defendants to provide deponents who could respond to two notices of

deposition issued by the plaintiffs.  Ruling that the defendants failed to comply with his order,

Judge Kay imposed monetary sanctions against the defendants in the amount of $7,000 but

declined to impose alternative sanctions.  The defendants now ask this court to reconsider Judge

Kay's imposition of monetary sanctions, and the plaintiffs ask this court to reconsider Judge

Kay's refusal to impose sanctions in the form of preclusion of certain defenses and entry of a

default judgment.  Because the parties fail to demonstrate that Judge Kay's order is clearly

erroneous or contrary to law, the court denies the parties' motions.

1

## II. BACKGROUND

### A. Factual Background

Alec Collett, a journalist and British subject, worked for the United Nations Bureau of the Associated Press on assignment with the United Nations Relief and Works Agency in 1985. Am. Compl. ¶ 21. In March of that year, the "Revolutionary Organization of Socialist Muslims" (also known as the Abu Nidal Organization) abducted Collett in Beirut, Lebanon.[1] *Id.* ¶¶ 17, 22. While captive, Collett appeared on two videotapes to convey the demands of his captors and to send messages to his family. *Id.* ¶ 24; Defs.' Mot. to Dismiss ("Defs.' Mot.") at 16 (stating that the terrorists demanded the release of Palestinian prisoners in Great Britain).

On April 15, 1986, the United States and England attacked Libya in retaliation for a bombing in West Berlin that killed American servicemen. Am. Compl. ¶ 25. A few days after the bombing, a videotape of a hanging surfaced with a note stating that the hanged man was Alec Collett "and that he had been executed in retaliation for the United States raid on Libya." *Id.* ¶ 27. Although the videotape is of poor quality and Alec Collett's remains have not been retrieved, Collett's family believes the videotape is authentic. *Id.* ¶¶ 27-29. The plaintiffs generally claim that the money, camps, and training provided by Libya, the ESO, and Qadhafi to the Abu Nidal Organization helped bring about the various injuries to and death of Alec Collett. *Id.* ¶ 19.

---

[1]    The plaintiffs allege that the Abu Nidal Organization emerged after the October 1973 Arab-Israeli war when Abu Nidal split with Yasser Arafat's Fatah organization over disagreements regarding terrorist objectives. Am. Compl. ¶ 15.

## B. Procedural History

The plaintiffs filed their first complaint on October 9, 2001. On November 13, 2002, the court granted a motion to stay pending jurisdictional discovery. The defendants moved to dismiss. On March 16, 2004, the court issued an order denying without prejudice the defendants' motion to dismiss and granting the plaintiffs leave to amend their complaint to comply with *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024 (D.C. Cir. 2004). Thereafter, on April 16, 2004, the plaintiffs filed an amended complaint seeking recovery of economic and punitive damages under international law, federal statutory causes of action, and state common-law torts of false imprisonment, wrongful death, survival, loss of consortium and solatium, and intentional infliction of emotional distress. *See generally* Am. Compl. On May 16, 2004, Libya, Qadhafi, and the ESO filed a motion to dismiss for lack of subject-matter jurisdiction, personal jurisdiction, and failure to state a claim. *See generally* Defs.' Mot. To aid the court in determining the validity of the plaintiffs' claims against Qadhafi, on March 1, 2005, the court requested that the Executive Branch file a suggestion of head-of-state immunity.

The court granted in part and denied in part the defendants motion to dismiss. Awaiting a potentially dispositive statement from the Executive Branch on head-of-state immunity, the court denied without prejudice the defendants' arguments for dismissal of claims against Qadhafi. Mem. Op. (March 24, 2005) at 9. As to the other defendants, the court ordered discovery on whether Libya provided material support to Abu Nidal, holding that the court had personal jurisdiction over Libya and the ESO, and holding that the plaintiffs stated certain claims on which relief could be granted. *Id.* at 7-8. On November 23, 2005, acting pursuant to a referral by this court, Judge Kay issued a memorandum opinion granting the plaintiffs' motion to compel.

3

Mem. Op. (Nov. 23, 2005). The defendants neither complied with this order nor filed objections to Magistrate Judge Kay's opinion pursuant to Local Rule 72(a). Instead, the defendants appealed directly to the D.C. Circuit.

Judge Kay granted in part and denied in part the plaintiffs' motion for sanctions on January 18, 2006. Specifically, Judge Kay imposed monetary sanctions but declined to impose alternative sanctions. Mem. Order (Jan. 18, 2006). On February 2, 2006, after reviewing the plaintiffs' bill of costs, Judge Kay awarded monetary sanctions in the amount of $7,000.00. Both parties now move for reconsideration of Magistrate Judge Kay's ruling. The court turns to their motions.

### III.   ANALYSIS

#### A.   Legal Standard for Review of Magistrate Judge Decisions

A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute. FED. R. CIV. P. 72(a); LCvR 72.2. Upon review, "the magistrate judge's decision is entitled to great deference" and will not be disturbed "unless found to be 'clearly erroneous or contrary to law.'" *Boca Investerings P'ship v. United States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)). "In view of this standard, the court will affirm the magistrate judge's determination unless 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Nw. Nat. Lab.*, 194 F.R.D. 289 (D.D.C. 2000) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *Arakelian v. Nat'l W. Life Ins. Co.*, 126 F.R.D. 1, 2 (D.D.C. 1989).

**B.    Judge Kay's Ruling was not Clearly Erroneous or Contrary to Law**

The defendants avoided complying with Judge Kay's order by filing an immediate appeal

with the D.C. Circuit and then arguing that because the issue was pending on appeal, neither

Judge Kay nor this court had jurisdiction to enforce Judge Kay's discovery order. Defs.' Mem.

in Opp'n to Pls.' Mot. for Sanctions (Dec. 27, 2005) at 2-5. In his January 18, 2006 ruling, Judge

Kay determined that monetary sanctions were appropriate because the defendants' appeal was

frivolous. Specifically, Judge Kay determined that there was no "basis in law for direct appeal of

an Order by a Magistrate Judge pursuant to Fed. R. Civ. P. 72 (a)" and that the defendants did not

proffer "any valid reason why they did not file objections to the November 23, 2005 Order,

instead attempting to bypass the trial court by filing an appeal with the Court of Appeals." Mem.

Order (Jan. 18, 2006) at 3.

The defendants challenge this ruling by arguing (1) that Judge Kay was incorrect in

"assuming" that this court's referral to him was pursuant to Local Rule 72(a) and (2) that the

defendants, as a foreign sovereign and its instrumentalities, are entitled to an interlocutory appeal

of an adverse discovery order. Defs.' Mot. for Reconsideration (Jan. 30, 2006) 1-5. On May 22,

2006, the D.C. Circuit dismissed the defendants' appeal precisely on the two grounds found by

Judge Kay in his determination that the defendants' appeal was frivolous. *Collett v. Socialist*

*People's Libyan Arab Jamahiriya*, No. 05-5466 (D.C. Cir. May 22, 2006) (ruling that "[b]ecause

the magistrate judge's order on review was issued pursuant to Fed. R. Civ. P. 72(a) and 28

U.S.C. §636(b)(1)(a), but appellants did not file timely objections - or any objections at all - to

that order with the district court, this court is without jurisdiction to review the order"). Under

these circumstances, not only is Judge Kay's January 18, 2006 ruling not clearly erroneous or

contrary to law, *Boca Investerings P'ship*, 31 F. Supp. 2d. at 11, it is an eminently correct legal ruling, *Collett*, No. 05-5466 (D.C. Cir. May 22, 2006). Finding that the defendants' appeal was frivolous, Judge Kay ordered monetary sanctions but refused to impose sanctions in the form of preclusion of certain defenses or entry of default judgment. For this reason, the court denies the defendants' motion for reconsideration.

The plaintiffs challenge Judge Kay's sanction order on two fronts. First, they argue that Judge Kay should have issued sanctions in the form of preclusion of certain defenses or entry of default judgment. Pls.' Mot. for Reconsideration of and Objections to that Part of Magistrate Judge's Order of Jan. 18, 2006 Denying Sanctions in Part (Feb. 1, 2006) ("Pls.' First Mot. for Recons."). Second, the plaintiffs' complain of Judge Kay's decision to award less than the full amount of legal fees claimed. Pls.' Mot. for Reconsideration of and Objections to that Part of Magistrate Judge's Order of February 2, 2006 Awarding Less than Full Amount of Legal Fees Claimed (Feb. 16, 2006) ("Pl.'s Second Mot. for Recons.").

Rule 37(b)(2) of the Federal Rules of Civil Procedure permits a court to issue such orders "as are just" to sanction a party who fails to obey an order to provide or permit discovery, including a discovery order under Rule 26, governing discovery generally, and Rule 35, governing orders for independent physical or mental examinations. FED. R. CIV. P. 37(b)(1). The imposition of the number and type of sanctions employed under Rule 37(b)(2) is left to the discretion of the trial judge. FED. PRAC. & PRO. §§ 2284, 2289 (stating that [w]ith a rule as flexible as Rule 37, inevitably a broad discretion must be given the trial judge with regard to sanctions").

The plaintiffs fail to persuade this court that Judge Kay's sanctions determination was

clearly erroneous or contrary to law.[2]  The plaintiffs argue that because Judge Kay did not explain

his denial of sanctions in the form of a default judgment or precluding certain defenses, that this

court should intercede.  Pls.' First Mot. at 2.  The court declines this invitation.  The D.C. Circuit

has indicated that "default judgment must be a 'sanction of last resort.'"  *Butera v. Dist. of

Columbia,* 235 F.3d 637, 661 (D.C. Cir. 2001) (quoting  *Shea v. Donohoe Constr. Co.,* 795 F.2d

1071, 1075 (D.C. Cir. 1986).  In this case, Judge Kay's sanction ruling was predicated on the

defendants' frivolous appeal – a legal blunder best attributed to the defense attorney, not

necessarily his client.  And, when "the client's only fault is his poor choice of counsel," default

judgment constitutes a "disproportionate sanction."  *Shea,* 795 F.2d at 1077.  For this reason,

Judge Kay's decision to issue only monetary sanctions was appropriate.

　　　　With regard to the amount of monetary sanctions awarded by Judge Kay, the plaintiffs

claim that they are entitled to more; that they should be compensated for 61.7 hours of legal

representation.  Defs.' Opp'n to Pls.' Second Mot. to Recons. at 2.  Judge Kay's decision to order

sanctions in the amount of $7,000 seems, to this court, to be reasonable under the circumstances.

The plaintiffs devote their motion for reconsideration to arguments for why a greater attorney fee

award would have been appropriate.  Pls.' Second Mot. for Recons.  Yet because Judge Kay has

considerable discretion in setting an appropriate amount of monetary sanctions, the plaintiffs

must do more than propose their own formulation of a reasonable award; they must show that

Judge Kay's award is unreasonable.  *Atkins v. Fischer,* 232 F.R.D. 116, 117 (D.D.C. 2005).  This

---

[2]　　　In fact, because sanction determinations are an extreme measure and one committed to
the discretion of the court, and because this court will only modify a Magistrate Judge's
ruling if clearly erroneous or contrary to law, the plaintiffs' motions for reconsideration
itself seems frivolous.

much they have not done and, in turn, the plaintiffs have failed to demonstrate that Judge Kay's decision was clearly erroneous or contrary to law.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the parties' motions for reconsideration of Judge Kay's sanction orders.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 24th day of August, 2006.

                         RICARDO M. URBINA
                         United States District Judge