UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LA REUNION AERIENNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 05-1932 (HHK) |
| | ) | |
| | ) | |
| SOCIALIST PEOPLE'S LIBYAN | ) | |
| ARAB JAMAHIRIYA, LIBYAN | ) | |
| EXTERNAL SECURITY ORGANIZATION, | ) | |
| MUAMMAR QADHAFI, ABDALAH | ) | |
| SENOUSSI, AHMED ABDALLAH | ) | |
| ELAZRAGH, IBRAHIM NAELI, ABAS | ) | |
| MUSBAH, ISSA ABDELSALAM SHIBANI, | ) | |
| AND ABDELSALAM HAMMOUDA EL AGELI | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants, the Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization, Muammar Qadhafi (in his official capacity), Abdallah Senoussi (in his official capacity), Ahmed Abdellah Elazragh (in his official capacity), Ibrahim Nael (in his official capacity), Arbas Musbah (in his official capacity), Issa Abdelsalam Shibani (in his official capacity), and Abdelsalam Hammouda El Ageli (in his official capacity) (collectively "Libya") move to strike plaintiff La Reunion Aerienne's (hereafter "LRA") motion for summary judgment, and in the alternative to stay LRA's motion until the issue of the Court's subject-matter jurisdiction to decide the above captioned case has been definitively resolved. A memorandum of points and authorities is attached hereto.

Dated:	October 3, 2006	Respectfully submitted,

   //s//
Arman Dabiri
Law Offices of Arman Dabiri
   & Associates, P.L.L.C.
1725 I Street, N.W.
Suite 300
Washington, D.C. 20006
Tel. (202) 349-3893
E-mail: armandab@worldnet.att.net

*Counsel for defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LA REUNION AERIENNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No: 05-1932 (HHK) |
| v. ) | |
| ) | |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Libya submits the following memorandum of points and authorities in support of its motion to strike plaintiff's (hereafter "LRA") motion for summary judgment filed on September 22, 2006. LRA's motion violates the established precedent established by the Supreme Court for cases filed pursuant to the Foreign Sovereign Immunities Act of 1976 (hereafter "FSIA"), 28 U.S.C. § 1602 *et seq.*, as well as the July 28, 2006 Minute Order of the Court establishing the parties time for filings. In the alternative, the Court should stay LRA's motion for summary judgment until such time as the issue of the Court's subject-matter jurisdiction under the FSIA has been conclusively determined.

**PROCEDURAL HISTORY**

On October 16, 2002, Robert Pugh and personal representatives and survivors of seven American passengers killed in an explosion, as well as Interlease (the corporate owner of the aircraft destroyed), commenced suit in the United States District Court for the District of

Columbia against Libya as well as several individual defendants seeking wrongful death damages and economic losses under various state and federal provisions.  Civil Case No. 02-2026 (TPJ)

On July 20, 2005, LRA filed a motion for intervention as a party plaintiff pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b)(2).  The motion for intervention by LRA was filed two years and ten months (a total of thirty four months) after the commencement of the action before the district court by the original plaintiffs.  Libya opposed LRA's motion to  intervene as untimely, amongst other grounds.  The district court upon considering the parties pleadings, on August 23, 2005, denied LRA's motion to intervene as untimely.  LRA noticed a timely appeal to the United States Court of Appeals for the District of Columbia Circuit. (Docket No. 05-7122).  On November 17, 2005 Libya filed a motion for summary affirmance of the District Court Order.  On March 2, 2006, the D.C. Circuit Court of Appeals granted Libya's motion for summary affirmance.  A true copy of the Circuit Court's Order is attached as Exhibit A.

On September 30, 2006, LRA filed the a complaint in the above captioned matter in the before this Court.

On July 25, 2006, Libya filed a motion to dismiss for lack of subject-matter jurisdiction based on sovereign immunity, lack of Constitutional personal jurisdiction, and in the alternative for failure to state a claim upon which relief can be granted.  (Docket Entry # 13).

Based on the assertions of LRA that it needed additional time submit an opposition to Libya's motion to dismiss, the parties agreed that LRA could file its opposition almost two months after Libya's submission of its motion to dismiss on September 22, 2006.  LRA, on July 27, 2006, filed a Consent motion for establishing the schedule for the filing of its opposition to

2

Libya's motion to dismiss as well as Libya's deadline to submit its reply to LRA's opposition. (Docket Entry # 14).

On July 28, the Court, granted LRA's motion extending LRA's time to file its opposition up to and including September 22, 2006.  On September 22, 2006, LRA filed an opposition to Libya's motion to dismiss.  (Docket Entry # 15).  On the same date, LRA also filed an impermissible motion for summary judgment, prior to a determination by the Court of its own competence to decide the case. (Docket Entry # 16).

## ARGUMENT

### *INTRODUCTION*

The FSIA ("FSIA") starts with the general rule that foreign states are immune from suit in the United States courts; it also lists the limited circumstances under which a foreign state will be denied immunity and establishes that the Act is the sole basis for asserting jurisdiction over foreign nations in Unites States Courts. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989). The Supreme Court has held that "a foreign state is presumptively immune from jurisdiction of United States courts, and that unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993); 28 U.S.C. § 1604.

In 1996, as part of the comprehensive Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, §221(a), 110 Stat. 1214 (Apr. 24, 1996) (1996 Amendment), Congress amended the FSIA to add a new exception to sovereign immunity where money damages are sought against foreign states that have been designated as state sponsors of

terrorism by the Secretary of State. Suit may be brought under the 1996 Amendment for *personal injury* or *death* caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources . . . for such an act. 28 U.S.C. § 1605(a)(7); *see* Price v. Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 87 (D.C. Cir. 2002) (hereafter "Price I). LRA has asserted that jurisdiction is proper pursuant to § 1605(a)(7) of the FSIA.

It has now been unquestionably established that "'At the threshold of every action in a district court against a foreign state, ... the court must satisfy itself that one of the exceptions applies,' as 'subject-matter jurisdiction in any such action depends' on that application." Republic of Austria v. Altmann, 541 U.S. 677, 691 (2004), *citing*, Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 493-94 (1983).

It has also been decidedly established that "the issue of sovereign immunity is distinct from the question of liability on the claims asserted in the complaint". Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1025 (D.C. Cir. 1997).

It should also be strictly kept in mind that "sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." Foremost-McKesson v. Islamic Republic of Iran, 905 F.2d 438, 443 (D.C. Cir.1990) (*quoting* Rush-Presbyterian-St. Luke's Medical Center v. Hellenic Republic, 877 F.2d 574, 576 n. 2 (7th Cir.), *cert. denied*, 493 U.S. 937 (1989)).

The Court cannot consider LRA's motion for summary judgment at this juncture and must, as a "threshold" matter satisfy that one of the exceptions to Libya's sovereign immunity under the FSIA applies. *Id*. Libya's motion to dismiss is clear that LRA's suit does not fall

under any exception to the FSIA and the Court lack's subject-matter jurisdiction to consider the case. The Court should strike LRA's motion for summary judgment as untimely as the Court must first decide the issue of its own competence before Libya is forced to oppose LRA's frivolous motion for summary judgment.

Finally, LRA is both in violation of its agreement with Libya's counsel as well as the July 28, 2006, Order of the Court. Libya must first submit its reply to LRA's opposition prior to any other motion as sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." <u>Foremost-McKesson</u>, 905 F.2d at 443.

Undersigned counsel has been unable to find a single instance, in an FSIA case, where a federal court has considered the issue of liability prior to, or simultaneous to, a determination of its own subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should strike LRA's motion for summary judgment as untimely and frivolous. In the alternative the Court should stay LRA's motion for summary judgment until the issue of the Court's subject-matter jurisdiction over the instant case is conclusively decided. If the Court finds that it has competence to decide the case Libya's should then be allowed to oppose LRA's motion for summary judgment.

Dated:     October 3, 2006                                    Respectfully submitted,

                                                               //s//
                                                              Arman Dabiri
                                                              Law Offices of Arman Dabiri
                                                                    & Associates, P.L.L.C.
                                                              1725 I Street, N.W.
                                                              Suite 300

5

                Washington, D.C. 20006
                Tel. (202) 349-3893
                E-mail: armandab@worldnet.att.net

                *<u>Counsel for defendants</u>*