UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
LA RÉUNION AÉRIENNE )
)   Civil Action No. 05-01932 (HHK)
            Plaintiff, )
      v. )
)
SOCIALIST PEOPLE'S LIBYAN )
ARAB JAMAHIRIYA, LIBYAN EXTERNAL )
SECURITY ORGANIZATION, MUAMMAR )
QADHAFI, ABDALLAH SENOUSSI, AHMED )
ABDALLAH ELAZRAGH, IBRAHIM NAELI, )
ARBAS MUSBAH, ISSA ABDELSALAM )
SHIBANI AND ABDELSALAM HAMMOUDA )
EL AGELI )
)
            Defendants. )
_____)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE OR STAY PLAINTIFF'S SUMMARY JUDGMENT MOTION**

Plaintiff La Reunion Aerienne ("LRA") respectfully submits this memorandum of law in opposition to Defendants' motion to strike or in the alternative to stay Plaintiff's motion for summary judgment.

Defendants provided no reason or authority for seeking to strike the motion, and there is none.  Neither the Federal Rules of Civil Procedure, nor the Local Rules of this Court proscribe bringing a summary judgment motion at this time.  Nor has there been any Order by the Court that bars LRA from bringing such motion.  To the contrary, the Federal Rules specifically contemplate that a motion for summary judgment may be brought any time after the expiration of twenty days from the commencement of an action, which clearly is the case here.  *See* Fed R. Civ. P. 56(a).  *See also, e.g. Brill v. Lante Corp.*, 119 F.3d 1266, 1275 (7th Cir. 1997) (a party can file motion for summary judgment at any time).

Defendants' alternative grounds for proposed relief, that the summary judgment motion should be stayed until the Court has decided the jurisdictional issues before it, would fare somewhat better were it not the case that those precise jurisdictional issues have already been ruled upon and decided against these very Defendants in another case in this Court. Allowing the motion to stay as on overlay on a jurisdictional motion which should never have been brought in the first place asks for too much.[1]  What Defendants seek is merely to further postpone the inevitable, and there is no reason to do so.  LRA has waited far too long for its recompense.

To the extent counsel requires additional time to brief the issues, Plaintiff would have readily have consented to a request for a reasonable extension (as has been the past practice in this case where counsel have unfailingly extended such courtesies to each other), but that is not the same thing as the open-ended stay which Defendants seek by their motion.

Date:  October 6,  2006

Respectfully submitted,

 /S/ Christopher B. Kende
Christopher B. Kende, Esquire (D.C. 416487)
COZEN O'CONNOR
1627 I Street, NW
11th Floor
Washington, D.C. 20006
(202) 912-4800
(202) 912-4830 (facsimile)
*Attorneys for Plaintiff*

---

[1] While Defendants cite to several cases for the general proposition that jurisdiction is a threshold issue in cases of this type, none of those cases arose in circumstances where the jurisdictional issues had been the subject of prior adjudication, or were otherwise frivolous. Nor do any of those cases stand for the proposition that motion practice must be suspended pending the outcome of a jurisdictional motion.