UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LA REUNION AERIENNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 05-1932 (HHK) |
| | ) | |
| | ) | |
| SOCIALIST PEOPLE'S LIBYAN | ) | |
| ARAB JAMAHIRIYA, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff's opposition to defendant's (hereafter "Libya") motion to strike plaintiff's untimely motion for summary judgment does not address or question any of the binding precedent of the Supreme Court, or the District of Columbia Circuit, which unquestionably establishes that the Court must resolve the issue of its own competence as a threshold matter. Republic of Austria v. Altmann, 541 U.S. 677, 691 (2004), *citing*, Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 493-94 (1983).

Plaintiff also does not contest that "sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." Foremost-McKesson v. Islamic Republic of Iran, 905 F.2d 438, 443 (D.C. Cir.1990) (*quoting* Rush-Presbyterian-St. Luke's Medical Center v. Hellenic Republic, 877 F.2d 574, 576 n. 2 (7th Cir.), *cert. denied*, 493 U.S. 937 (1989)).

As such, Plaintiff has conceded the issues and the Court should also treat it as such. *See* United States v. Real Property Identified As: Parcel 03179-005R, 287 F.Supp.2d 45, 61 (D.D.C.

2003) ("If the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded.") (internal citation omitted).

Plaintiff's sole basis for opposition is that it cannot find a rule under the provisions of the Federal Rules of Civil Procedure which corresponds to Libya's request in its motion. Plaintiffs failure to take notice of the established and procedure in FSIA cases by the Supreme Court, as well as this Circuit, is not proper grounds for its opposition. Plaintiffs sole attempt at dealing with the issues is the erroneous assertion in a footnote that the issue of the Court's subject-matter jurisdiction has been the subject of prior adjudication.[1]

The Court should grant Libya's motion to strike plaintiff's motion for summary judgment as it has failed to raise any legitimate opposition to Libya's motion and it has conceded all issues raised within Libya's motion by failing even to address them within its opposition.

Dated:     October 6, 2006                              Respectfully submitted,


                                                        //s//
                                                        Arman Dabiri
                                                        Law Offices of Arman Dabiri
                                                             & Associates, P.L.L.C.
                                                        1725 I Street, N.W.
                                                        Suite 300
                                                        Washington, D.C. 20006
                                                        Tel. (202) 349-3893
                                                        E-mail: armandab@worldnet.att.net

                                                        _Counsel for defendants_

---

[1] Plaintiff fails to cite the case or any binding precedent which has decided the issue.