# EXHIBIT A

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 03-7172                            September Term, 2004

(No. 02cv02026)

Filed On: November 22, 2004

[861269]

**ROBERT L. PUGH, INDIVIDUALLY ON HIS OWN BEHALF AND AS EXECUTOR OF THE ESTATES OF BONNIE BARNES PUGH AND MALCOLM R. PUGH, ET AL.,**

      APPELLEES

      v.

**SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, ET AL.,**

      APPELLANTS

---

On Appeal from the United States District Court
for the District of Columbia

---

Before: RANDOLPH, ROGERS, and ROBERTS, *Circuit Judges.*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

      **ORDERED** and **ADJUDGED** that the appeal be dismissed for lack of jurisdiction.

-2-

Defendants filed a motion to dismiss, arguing that the court lacked personal jurisdiction, that the complaint failed to state a claim, that the forum was improper, and that sovereign immunity barred the claims of plaintiff Interlease, Inc. The district court granted the motion in part and denied it in part.

When a defendant moves to dismiss on the ground of sovereign immunity, a district court judgment denying the motion is a collateral order and is immediately appealable. *Princz v. Federal Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993). Here, the district court granted the motion to dismiss insofar as it asserted claims of sovereign immunity, ordering that "*all claims* plaintiff Interlease may assert against defendant Libya, LESO, and the individual defendants in their official capacities, are dismissed." *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 290 F. Supp. 2d 54, 61 (D.D.C. 2003) (emphasis added). This court is therefore without jurisdiction to hear the appeal.

Pursuant to Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**
**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk