**Exhibit B**

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment described below, receipt of which is hereby acknowledged, the undersigned, on behalf of the undersigned and all and each of their respective heirs, personal representatives, executors, administrators, successors, and assigns (the undersigned, on behalf of themselves and all and each of their respective heirs, etc., are hereinafter collectively referred to as "Releasors"), hereby release, acquit, forever discharge, and covenant to hold harmless UTA (Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, directors, agents, employees, insurers, coinsurers, and reinsurers (UTA, La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, etc. are hereinafter collectively referred to as "Releasees") of and from any and all actions, causes of action, remedies, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, compensatory and punitive damages), judgments, executions, claims, and demands of whatsoever nature, known and unknown, including, but not limited to, subrogated or assigned rights, that against the Releasees the Releasors ever had, now have, or can, shall, or may have in the future for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following (hereinafter referred to as "the above described Accident"): wrongful death of and personal injuries to James Eldee Turlington, whether assertable by the heirs or personal representative of James Eldee Turlington or by anyone else, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise including loss of or damage to the baggage or other property of James Eldee Turlington; amounts paid by James Eldee Turlington for transportation; and any and all other losses, damages and/or injuries relating to or arising out of James Eldee Turlington having been a passenger on UTA Flight 772, which as a result of bombing was destroyed on September 19, 1989.

The Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of James Eldee Turlington, and that there is no Executor, Executrix, Administrator, Administratrix or other Personal Representative of the Estate of James Eldee Turlington other than the undersigned Administratrix Debbie Vaughan Beard.

The Releasors, in their individual capacity, have requested Debbie Vaughan Beard, in her capacity as Administratrix of the Estate of James Eldee Turlington, not to bring an action against the Releasees but rather to settle any and all claims in accordance with the terms of this Release.

Releasor Debbie Vaughn Beard represents that she has been granted Letters of Administration by the County Court at Law of

Austin County, Texas in Cause No. 6773 to act as Administratrix of the estate of James Eldee Turlington, and that she has the authority to execute this release on behalf of the estate from said court.

Payment of the sum of 100,000 Special Drawing Rights (SDRs) plus fees and expenses incurred in this matter, including attorneys fees, for a total of Four Hundred Thousand Dollars ($400,000), is being made to the undersigned in consideration for this Release.

FOR AND IN FURTHER CONSIDERATION of the payment described above, the Releasors agree as follows:

1. Without limiting any of the foregoing, the payment described above and this Release are intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees, and each of them, to Releasors and to any and all third parties (whether an individual, company, government, government agency, other government entity, or other entity) relating to or arising out of the above described Accident. The Releasors (except for Jana Elizabeth Turlington, a minor) agree to protect, indemnify, and hold harmless Releasees from and against any and all actions, causes of action, suits, damages, judgments, claims, remedies, demands, liens, and liability of any nature whatsoever (including, but not limited to, any claims by Katherine Mattie Johnson and any liens or liabilities relating to or arising out of any worker's compensation payments), and to protect, indemnify, and hold harmless Releasees from and against all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending such actions, etc., by or to any third parties, relating to or arising out of the above described Accident, whether anticipated or unanticipated, however caused and whether by negligence or otherwise.

2. The Releasors acknowledge ~~receipt of~~ *each will receive* a copy of a Waiver and Release of Worker's Compensation Lien, dated _____, 199~~1~~*2*, executed by ~~Exxon Risk Management Services, Inc.,~~ Petroleum Casualty Company, etc. to UTA, La Reunion Aerienne, etc., but nothing therein shall limit or restrict Releasors' obligations under paragraph 1 immediately above or under any other provision of this Release. *[initials]*

3. Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors' rights, title, and interests in and to any and all actions, causes of action, claims, demands and remedies that Releasors have or may have against any and all third parties who may be liable for the above described Accident and/or the

-2-

FEB-18-1992 10:13 FROM  KREINDLER & KREINDLER    TO    18063798568    P.03

destruction of the aircraft accomplishing the aforesaid UTA Flight 772, to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including, but not limited to, attorneys' fees) incurred in the settling of the claims herein and in obtaining any recovery against third parties. The Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. The Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand or remedy that they have or may have against any third party relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772.

4.  The payment described above and the execution of this Release are the result of a compromise of a disputed claim and shall not at any time for any purpose be considered as an admission of liability or responsibility of the Releasees or any of them for any wrongdoing, negligence, or other culpable conduct in connection with the above described Accident and/or the aforesaid UTA Flight 772. The Releasors acknowledge that each of the Releasees expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid litigation and buy their peace.

5.  Without limiting any of the foregoing, Releasees are discharged and forever released from any and all further actions, claims, remedies, damages, judgments and demands of whatsoever nature by Releasors relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772, and this Release shall apply to all unknown or unanticipated results of the above described Accident and/or the aforesaid UTA Flight 772, as well as those known and anticipated. This Release expresses a full settlement of a disputed claim as against Releasees, and this Release is intended to avoid litigation and to be final and complete. This Release shall not be subject to any claim of mistake of fact or law by the Releasors.

6.  Releasors agree not to publicize, communicate, or disclose to any third parties any information concerning the dispute with Releasees, the payment described above, or the terms of this Release without prior written permission from the Releasees, except that nothing herein contained shall prevent Releasors from disclosing such information as required by applicable law.

-3-

This Release shall be governed by and construed under the laws of the State of Texas. This Release may not be changed orally. This Release may be made and signed in separate counterparts and when signed by all of the undersigned the counterparts shall collectively constitute one instrument.

THE RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR LAWYERS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER. THE RELEASORS HAVE CAREFULLY READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT, AND ARE SIGNING VOLUNTARILY AND OF THEIR OWN FREE WILL.

Dated: *October 14*, 1991

_____
Debbie Vaughn Beard, Daughter of James Eldee
Turlington, in her individual capacity and as
Administratrix of the Estate of James Eldee
Turlington, deceased

*Eddie Don Turlington*
_____
Eddie Don Turlington,
Son of James Eldee Turlington


_____
Jimmy Bruce Turlington,
Son of James Eldee Turlington


_____
David Turlington,
Son of James Eldee Turlington


_____
James Eldee Turlington, Jr.,
Son of James Eldee Turlington


_____
Christopher Darwyn Turlington,
Son of James Eldee Turlington

*Patsy Laverne Turlington*
_____
Patsy Laverne Turlington, as Guardian of the
Person and Estate of Jana Elizabeth Turlington,
a Minor, Daughter of James Eldee Turlington

-4-

STATE OF            )
                    ) ss.:
COUNTY OF           )

       BEFORE ME, the undersigned authority, on this day personally appeared Eddie Don Turlington, known to me as the son of James Eldee Turlington, and as the person whose name is subscribed to the foregoing Release of All Claims, who after being duly sworn by me, on oath stated that he has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

       SWORN AND SUBSCRIBED TO BEFORE ME by the said Eddie Don Turlington, on this __18th__ day of __February__, 1992, to certify which witness my hand and seal of office.



Notary Public in and for
__Texas   Potter County__

### Statement of Attorney

       I am an attorney licensed to practice law in the State of __Texas__. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to Eddie Don Turlington, whom I represent, and he in turn acknowledged to me an understanding of said Release and the legal effect thereof; and the signature above his name on the Release was personally made by him.

_____
Signature

__Robert L. Templeton__
(Type or Print Name)

__600 S. Tyler #12075__
(Street Address)

__Amarillo, TX 79101-2337__
(State)

-6-