**Exhibit C**

04 JAN. 1991

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment of the sum of ONE HUNDRED FORTY FOUR THOUSAND EIGHT HUNDRED EIGHTY SIX ($144,886) DOLLARS, representing the U.S. Dollar equivalent of 100,000 Special Drawing Rights (SDRs) at the conversion rate of 1 SDR equals 1.44886 U.S. Dollars, by way of two checks in the amount of Seventy Two Thousand Four Hundred Forty Three ($72,443) DOLLARS, one to the order of Mary K. Hassett and one to the order of William Schutzius, receipt of which is hereby acknowledged, and the remittance of six tickets requested for humanitarian purposes [one Chicago (O'Hare) - N'Djamena - Chicago (O'Hare); three Cincinnati (International Airport) - N'Djamena - Cincinnati (International Airport); and two Washington, D.C. (Dulles) - N'Djamena - Washington, D.C. (Dulles)], by UTA in the names of the undersigned and accompanying persons as designated in Attachment A hereto, receipt of which tickets is hereby acknowledged, the undersigned, on behalf of the undersigned and all and each of their respective heirs, personal representatives, successors, and assigns (the undersigned, on behalf of themselves and all and each of their respective heirs, etc., are hereinafter collectively referred to as "Releasors"), hereby release, discharge, and covenant to hold harmless UTA (Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, directors, agents, employees, insurers, coinsurers, and reinsurers (UTA, La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, etc. are hereinafter collectively referred to as "Releasees") of and from any and all actions, claims, remedies, damages (including, but not limited to, compensatory and punitive damages) and judgments of whatsoever nature, known and unknown, including, but not limited to, subrogated or assigned rights, that against the Releasees the Releasors ever had, now have, or may have in the future relating to or arising out of the following (hereinafter referred to as "the above described Accident"): death of and any other damages sustained by Margaret Schutzius, whether assertable by the heirs or personal representative of Margaret Schutzius or by anyone else, and whether characterized as death claims, personal injuries or otherwise including loss of or damage to the baggage or other property of Margaret Schutzius; amounts paid by Margaret Schutzius for transportation; and any and all other losses arising out of Margaret Schutzius having been a passenger on UTA Flight 772, which as a result of bombing was destroyed on September 19, 1989.

The Releasors hereby represent and warrant that the

respective relationships listed beneath the undersigneds' signatures are true and that they are the sole heirs at law of Margaret Schutzius, a Texas resident. The Releasors further represent and warrant that there is no Executor, Executrix, Administrator, Administratrix or other Personal Representative of the estate of Margaret Schutzius, that there is no administration of the estate of Margaret Schutzius, that no administration is required and that they have the capacity to settle all matters in dispute on behalf of the estate of Margaret Schutzius.

The Releasors hereby represent and warrant that no claim has been, or will be, made for worker's compensation benefits relating to or arising out of the above described Accident and that there are no liens for worker's compensation payments on the amount paid hereunder.

FOR AND IN FURTHER CONSIDERATION of the payment described above, the Releasors agree as follows:

1. Without limiting the foregoing, Releasors represent and warrant that the payment described above will dispose of all liability of Releasees to Releasors and to any and all third parties (whether an individual, company, government, or other entity) relating to or arising out of the above described Accident. The Releasors agree to indemnify and hold harmless Releasees from and against any and all actions, claims, remedies, damages, judgments and liability of any nature whatsoever (including, but not limited to, liens or liabilities relating to or arising out of any worker's compensation payments), and to indemnify Releasees from all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending such actions, etc., by third parties, relating to or arising out of the above described Accident, whether anticipated or unanticipated, however caused and whether by negligence or otherwise.

2. Releasors hereby assign and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors' rights and interests in any and all actions, claims and remedies that Releasors have or may have against any and all third parties who may be liable for the above described Accident and/or the destruction of the aircraft accomplishing UTA Flight 772, to the extent of the amounts paid to Releasors pursuant to this Release. The Releasors hereby empower the subrogated Releasees to sue or settle in the place of the Releasors, and in

the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. The Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, claim, or remedy that they have or may have against any third party relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772. Releasors are not precluded by this Release from bringing a claim or proceeding against such third parties, to the extent they are liable, for provable damages in excess of the payment described above, provided however that the terms of this Release shall not be affected by any such claim or proceeding or by the results thereof.

      3.    The payment described above and the execution of this Release are the result of a compromise of a disputed claim and shall not at any time for any purpose be considered as an admission of liability of the Releasees or any of them for any wrongdoing or negligence in connection with the above described Accident and/or the aforesaid UTA Flight 772. The Releasors acknowledge that each of the Releasees expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid litigation and buy their peace.

      4.    Without limiting the foregoing, Releasees are discharged and forever released from any and all further actions, claims, remedies, damages and judgments of whatsoever nature by Releasors relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772, whether known or unknown. This Release expresses a full settlement of a disputed claim as against Releasees, and this Release is intended to avoid litigation and to be final and complete. This Release shall not be subject to any claim of mistake of fact or law by the Releasors.

      5.    Releasors agree not to publicize or disclose to any third parties any information concerning the dispute with Releasees, the payment described above, or the terms of this Release without prior written permission from the Releasees, except as required by applicable law.

This Release shall be governed by and construed under the laws of the State of Texas, in which state Margaret Schutzius was a resident. This Release may not be changed orally. This Release may be made and signed in separate counterparts and when

- 3 -

signed by all of the undersigned the counterparts shall collectively constitute one instrument.

THE RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED OR HAVE HAD AN OPPORTUNITY TO CONSULT WITH THEIR LAWYERS CONCERNING THIS RELEASE. THE RELEASORS HAVE CAREFULLY READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT, AND ARE SIGNING VOLUNTARILY AND OF THEIR OWN FREE WILL.

Dated: _11-20_____, 1990

_Mary K. Hassett_ (signature)
Mary K. Hassett, Mother of Margaret Schutzius

_William C. Schutzius_ (signature)
William Schutzius, Father of Margaret Schutzius

- 4 -

STATE OF  VA        )
                    ) ss.:
COUNTY OF           )
Albemarle

On this 20th day of November, 1990, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear Mary K. Hassett, known to me as the Mother of Margaret Schutzius, and as the person whose name is subscribed to the foregoing Release of All Claims, who after being duly sworn by me, on oath stated that she has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

_____
Notary Public

My Commission Expires 5/27/91

- 5 -

STATE OF         )
                 ) ss.:
COUNTY OF        )

On this _7th_ day of _December_, 1990, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear William Schutzius, known to me as the father of Margaret Schutzius, and as the person whose name is subscribed to the foregoing Release of All Claims, who after being duly sworn by me, on oath stated that he has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

_Katherine P. Rehn_
Notary Public

KATHERINE P. REHN
Notary Public, State of Ohio
My Commission Expires July 22, 1991

- 6 -

## Statement of Attorney

I am an attorney licensed to practice law in <u>OHIO</u>. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to William Schutzius, whom I represent, and he in turn acknowledged to me an understanding of said Release and the legal effect thereof; and the signature above his name on the Release was personally made by him.

<u>Michael J Harmon</u>
(Signature)

<u>MICHAEL J. HARMON</u>
(Type or Print Name)

<u>5603 Knoll Ave</u>
(Street Address)

<u>Cincinnati Ohio 45213</u>
(State)

## Attachment A

### Round-trip Tickets to N'Djamena

| Name | Origin/Destination |
|---|---|
| Mary K. Hassett | Washington Dulles International Airport |
| Catherine Schutzius | Chicago O'Hare Airport |
| Christopher Schutzius | Cincinnati International Airport |
| John Schutzius | Washington Dulles International Airport |
| William Schutzius | Cincinnati International Airport |
| Lucy Wilson | Cincinnati International Airport |

- 8 -