**Exhibit E**

1 1 OCT. 1991.

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment of the sum of ONE HUNDRED THIRTY THOUSAND DOLLARS ($130,000.00), receipt of which is hereby acknowledged, the undersigned, on behalf of the undersigned and all and each of their respective heirs, executors, administrators, successors, and assigns (the undersigned, on behalf of themselves and all and each of their respective heirs, etc., are hereinafter collectively referred to as "Releasors"), hereby release, acquit, forever discharge, and covenant to hold harmless UTA (also known as Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, directors, agents, employees, insurers, coinsurers, and reinsurers (UTA, La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, etc. are hereinafter collectively referred to as "Releasees") of and from any and all actions, causes of action, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, compensatory and punitive damages), judgments, executions, claims, and demands whatsoever, known and unknown, including, but not limited to, subrogated or assigned rights, that against the Releasees the Releasors ever had, now have, or can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following (hereinafter referred to as "the above described Matter"): wrongful death of and personal injuries to Donald Warner, whether assertable by the heirs or personal representative of Donald Warner or by anyone else, and whether characterized as wrongful death claims, survival, or survivorship claims, or otherwise; loss or destruction of, or damage to, the baggage or other property of Donald Warner; amounts paid by Donald Warner for transportation; and any and all other losses, damages and/or injuries relating to or arising out of Donald Warner having been a passenger on UTA Flight 772, which was destroyed on September 19, 1989.

The Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that there are no heirs at law other than those whose signatures appear below, and that there is no Executor, Executrix, Administrator, Administratrix or other Personal Representative of the Estate of Donald Warner other than the undersigned Alvin Warner.

The Releasors, in their individual capacity, have requested Alvin Warner, in his capacity as Personal Representative of the Estate of Donald Warner, not to bring an action against the Releasees but rather to settle any and all claims in accordance with the terms of this Release.

FOR AND IN FURTHER CONSIDERATION of the payment described above, the Releasors agree as follows:

1. Without limiting any of the foregoing, the payment described above and this Release are intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees, and each of them, to Releasors and to any and all third parties (whether an individual, company, government, government agency, other government entity, or other entity) relating to or arising out of the above described Matter. The Releasors agree to protect, indemnify, and hold harmless Releasees from and against any and all actions, causes of action, suits, damages, judgments, claims, demands, liens, and liability of any nature whatsoever (including, but not limited to, liens or liabilities relating to or arising out of any worker's compensation payments), and from and against all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending such actions, etc., by or to any third parties, relating to or arising out of the above described Matter, whether anticipated or unanticipated, however caused and whether by negligence or otherwise.

2. The Releasors acknowledge receipt of a copy of a Release and Waiver of Lien, dated 10 January 1990, executed by American International Underwriters, The Insurance Company of the State of Pennsylvania, and Parker Drilling Company of Eastern Hemisphere, Ltd., to UTA, La Reunion Aerienne, etc., but nothing therein shall limit or restrict Releasors' obligations under paragraph 1 immediately above or under any other provision of this Release.

3. Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors' rights, title, and interests in and to any and all actions, causes of action, claims, demands and remedies that Releasors have or may have against any and all third parties who may be liable for the above described Matter and/or the destruction of the aforesaid UTA Flight 772, to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including, but not limited to, attorneys' fees) incurred in the settling of the claims herein and in obtaining any

recovery against third parties. The Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. The Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand or remedy that they have or may have against any third party relating to or arising out of the above described Matter and/or the aforesaid UTA Flight 772.

4. The payment described above and the execution of this Release are the result of a compromise of a disputed claim and shall not at any time for any purpose be considered as an admission of liability or responsibility of the Releasees or any of them for any wrongdoing, negligence, or other culpable conduct in connection with the above described Matter and/or the aforesaid UTA Flight 772. The Releasors acknowledge that each of the Releasees expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid litigation and buy their peace.

5. Without limiting any of the foregoing, Releasees are discharged and forever released from any and all further claims and demands whatsoever by Releasors relating to or arising out of the above described Matter and/or the aforesaid UTA Flight 772, and this Release shall apply to all unknown or unanticipated results of the above described Matter and/or the aforesaid UTA Flight 772, as well as those known and anticipated. This Release expresses a full settlement of a disputed claim as against Releasees, and this Release is intended to avoid litigation and to be final and complete. This Release shall not be subject to any claim of mistake of fact or law by the Releasors.

6. Releasors agree not to publicize, communicate, or disclose to any third parties any information concerning the dispute with Releasees, the payment described above, or the terms of this Release without prior written permission from the Releasees, provided that nothing herein contained shall prevent Releasors from disclosing such information as required by applicable law.

This Release shall be governed by and construed under the laws of the State of Montana. This Release may not be changed orally.

THE RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR LAWYERS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER. THE RELEASORS HAVE CAREFULLY READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT, AND ARE SIGNING VOLUNTARILY AND OF THEIR OWN FREE WILL.

Dated: _____January 8_____, 1990

_____*Alvin Warner*_____
ALVIN WARNER, Father of
Donald Warner, in his several
capacity as an individual and
as Personal Representative of
the Estate of Donald Warner

_____*Janet Warner*_____
JANET WARNER, Mother of
Donald Warner

STATE OF __MONTANA__ )
                     ) ss.
COUNTY OF __PRAIRIE__ )

On this __8th__ day of __January__, 1990, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear ALVIN WARNER, to me known to be the Personal Representative of the Estate of Donald Warner, and known to me to be the individual who executed the foregoing Release of All Claims, and acknowledged that he executed the same individually and as Personal Representative.

_____*Mary M. Alternatt*_____
Notary Public

My Commission Expires: August 12, 1991

- 4 -

STATE OF __MONTANA__  )
                     ) ss.
COUNTY OF __PRAIRIE__ )

On this __8th__ day of __January__, 1990, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear JANET WARNER, to me known to be the individual who executed the foregoing Release of All Claims, and acknowledged that she executed the same.

_Mary M. Alternatt_
Notary Public

My Commission Expires: August 12, 1991

### Statement of Attorney

I am an attorney licensed to practice law in the State of Montana. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to each signing party, each of whom I represent, and each of them in turn acknowledged to me an understanding of said Release and the legal effect thereof; and each signature on the Release was personally made by the person whose name it is.

_Dale M. Hubber_
Signature

DALE M. HUBBER
(Type or Print Name)

202 Laundre Avenue
(Street Address)

Terry, Montana 59349
(State)

- 5 -

## WAIVER AND RELEASE OF WORKER'S COMPENSATION LIEN

FOR AND IN CONSIDERATION of the payment of the sum of ONE HUNDRED THIRTY THOUSAND DOLLARS ($130,000) to Alvin Warner and Janet Warner, the parents of Donald Warner, deceased, receipt of which is hereby acknowledged, the undersigned, American International Underwriters, of 1099 Bryan Street, Dallas, Texas, The Insurance Company of the State of Pennsylvania, of *PHILADELPHIA, PA*, and Parker Drilling Company of Eastern Hemisphere, Ltd. of *8 East Shord St. Julsa, OC 74103*, on behalf of the undersigned and all and each of their respective successors and assigns (the undersigned, on behalf of themselves and all and each of their respective successors and assigns, are hereinafter collectively referred to as "Releasors") voluntarily and knowingly execute this Waiver and Release with the express intention of effecting the waiver, release, and extinguishment of Worker's Compensation liens, as designated in this Release.

Releasors do hereby expressly release, acquit, and forever discharge, UTA (also known as Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all of their officers, directors, agents, employees, insurers, coinsurers, and reinsurers from any and all actions, causes of action, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, compensatory and punitive damages), judgments, executions, claims, and demands whatsoever, known and unknown, including, but not limited to, subrogated or assigned rights, and including, but not limited to, any lien or right of subrogation granted to Releasors and/or their respective successors and/or assigns by virtue of the Worker's Compensation laws of the State of Texas, Montana, Oklahoma or any other state or country (including, but not limited to, any and all interests of the Releasors relating to or arising out of Claim No. 90-21172 regarding Donald Warner referred to in the November 2, 1989 letter from Amy Kastelic to Air Claims, Inc., a copy of which is attached hereto as Attachment 1), that Releasors and/or their respective successors and/or assigns ever had, now have, or can, shall, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the death of and/or personal injuries to Donald Warner, the payment of any employee benefits or other compensation by or on behalf of Releasors and/or their respective successors and/or assigns to the family and/or beneficiaries of Donald Warner, and/or Donald Warner having been a passenger on UTA Flight 772, which was destroyed on September 19, 1989.

This Waiver and Release shall be governed by and construed under the laws of the State of Texas. This Waiver and Release may not be changed orally.

Each person signing this Waiver and Release represents that he or she is authorized by the company listed above their name to execute this Waiver and Release on its behalf.

The undersigned have read this Waiver and Release and understand all of its terms. The undersigned execute this Waiver and Release voluntarily and with full knowledge of its significance.

Dated: *10 January*, 1990

American International Underwriters
(Company)

By *[Signature]*
(Signature)

*ASSIT. VICE PRESIDENT*
(Title)

Insurance Company of the State of Pennsylvania
(Company)

By *[Signature]*
(Signature)

*FOREIGN CLAIM MANAGER*
(Title)

Parker Drilling Company of Eastern Hemisphere, Ltd.
(Company)

By *[Signature]*
(Signature)

Vice President and Secretary
(Title)

- 2 -

STATE OF Texas   )
                 ) ss.:
COUNTY OF Dallas )

On this 10th day of January 1990, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear R.C. Danen, to me known to be the individual who executed the foregoing Release, and _he acknowledged that _he executed the same.

HAZEL C. GRIGG
Notary Public
STATE OF TEXAS
Commission Exp. 9-25-93

_Hazel C. Grigg_
Notary Public

Statement of Attorney

I am an attorney licensed to practice law in the State of Texas, and I am the attorney for American Int'l Underwriters one of the Releasors herein. I hereby represent and declare that I have fully explained the foregoing Waiver and Release to R.C. Danen, who in turn acknowledged to me an understanding of said Waiver and Release and the legal effect thereof; and the signature on the Waiver and Release was personally made by the person whose name it is.

_____
(Signature)

R. Brent Cooper
(Type or Print Name)

901 Main St., Suite 4000
(Street Address)

Dallas, Texas 75202
(State)

- 3 -

STATE OF *TEXAS* )
                 ) ss.:
COUNTY OF *DALLAS* )

On this *10th* day of *January* 19*90*, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear *R.C. DANEN*, to me known to be the individual who executed the foregoing Release, and _he_ acknowledged that he executed the same.

*Hazel C. Grigg*
Notary Public

[Notary seal: HAZEL C. GRIGG, Notary Public, STATE OF TEXAS, Commission Exp. 9-25-93]

### Statement of Attorney

I am an attorney licensed to practice law in the State of *TEXAS*, and I am the attorney for *INS. CO. OF STATE OF PENN* one of the Releasors herein. I hereby represent and declare that I have fully explained the foregoing Waiver and Release to *R.C. DANEN*, who in turn acknowledged to me an understanding of said Waiver and Release and the legal effect thereof; and the signature on the Waiver and Release was personally made by the person whose name it is.

_____
Signature

R. Brent Cooper
(Type or Print Name)

901 Main St. Suite 4000
(Street Address)

Dallas, Texas 75236
(State)

- 4 -

STATE OF *Oklahoma* )
                    ) ss.:
COUNTY OF *Tulsa*   )

On this *5th* day of *March* 19*90*, before me, a duly commissioned and sworn Notary Public in and for the above State and County, did appear *William W. Pritchard*, to me known to be the individual who executed the foregoing Release, and _he acknowledged that _he executed the same.

*Karen Lynn Buck*
Notary Public
*My Commission Expires 8-9-91*

### Statement of Attorney

I am an attorney licensed to practice law in the State of  Oklahoma , and I am the attorney for Parker Drilling Co. , one of the Releasors herein.  I hereby represent and declare that I have fully explained the foregoing Waiver and Release to Wm. W. Pritchard, who in turn acknowledged to me an understanding of said Waiver and Release and the legal effect thereof; and the signature on the Waiver and Release was personally made by the person whose name it is.

*Ronald C. Potter*
Signature

Ronald C. Potter
(Type or Print Name)

8 E. Third Street
(Street Address)

Tulsa, Oklahoma   74103
(State)

- 5 -