**Exhibit G**

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment described below, receipt of which is hereby acknowledged, the undersigned, on behalf of the undersigned and all and each of their respective heirs, personal representatives, executors, administrators, successors, and assigns (the undersigned, on behalf of themselves and all and each of their respective heirs, etc., are hereinafter collectively referred to as "Releasors"), hereby release, acquit, forever discharge, and covenant to hold harmless UTA (Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, directors, agents, employees, insurers, coinsurers, and reinsurers (UTA, La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, etc. are hereinafter collectively referred to as "Releasees") of and from any and all actions, causes of action, remedies, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, compensatory and punitive damages), judgments, executions, claims, and demands of whatsoever nature, known and unknown, including, but not limited to, subrogated or assigned rights, that against the Releasees the Releasors ever had, now have, or can, shall, or may have in the future for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following (hereinafter referred to as "the above described Accident"): wrongful death of and personal injuries to Mark Edward Corder, whether assertable by the heirs or personal representative of Mark Edward Corder or by anyone else, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise including loss of or damage to the baggage or other property of Mark Edward Corder; amounts paid by Mark Edward Corder for transportation; and any and all other losses, damages and/or injuries relating to or arising out of Mark Edward Corder having been a passenger on UTA Flight 772, which as a result of bombing was destroyed on September 19, 1989.

The Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true and that they are the sole heirs at law of Mark Edward Corder, a Texas resident. The Releasors further represent and warrant that there is no Executor, Executrix, Administrator, Administratrix or other Personal Representative of the estate of Mark Edward Corder, that there is no administration of the estate of Mark Edward Corder, that no administration is required and that they have the capacity to settle all matters in dispute on behalf of the estate of Mark Edward Corder.

Payment of the sum of 100,000 Special Drawing Rights (SDRs) plus fees and expenses incurred in this matter, including attorneys fees, for a total of Four Hundred Thousand Dollars ($400,000), is being made to the undersigned in consideration for this Release.

FOR AND IN FURTHER CONSIDERATION of the payment described above, the Releasors agree as follows:

1. Without limiting any of the foregoing, the payment described above and this Release are intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees, and each of them, to Releasors and to any and all third parties (whether an individual, company, government, government agency, other government entity, or other entity) relating to or arising out of the above described Accident. The Releasors agree to protect, indemnify, and hold harmless Releasees from and against any and all actions, causes of action, suits, damages, judgments, claims, remedies, demands, liens, and liability of any nature whatsoever (including, but not limited to, liens or liabilities relating to or arising out of any worker's compensation payments), and to protect, indemnify, and hold harmless Releasees from and against all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending such actions, etc., by or to any third parties, relating to or arising out of the above described Accident, whether anticipated or unanticipated, however caused and whether by negligence or otherwise.

2. The Releasors acknowledge ~~receipt of~~ *each will receive* a copy of a Waiver and Release of Worker's Compensation Lien, dated _____, 1991, executed by ~~Exxon Risk Management Services, Inc.~~, Petroleum Casualty Company, etc. to UTA, La Reunion Aerienne, etc., but nothing therein shall limit or restrict Releasors' obligations under paragraph 1 immediately above or under any other provision of this Release.

3. Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors' rights, title, and interests in and to any and all actions, causes of action, claims, demands and remedies that Releasors have or may have against any and all third parties who may be liable for the above described Accident and/or the destruction of the aircraft accomplishing the aforesaid UTA Flight 772, to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including, but not limited to, attorneys' fees) incurred in the settling of the claims herein and in obtaining any recovery against third parties. The Releasors hereby empower the

subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. The Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand or remedy that they have or may have against any third party relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772.

4. The payment described above and the execution of this Release are the result of a compromise of a disputed claim and shall not at any time for any purpose be considered as an admission of liability or responsibility of the Releasees or any of them for any wrongdoing, negligence, or other culpable conduct in connection with the above described Accident and/or the aforesaid UTA Flight 772. The Releasors acknowledge that each of the Releasees expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid litigation and buy their peace.

5. Without limiting any of the foregoing, Releasees are discharged and forever released from any and all further actions, claims, remedies, damages, judgments and demands of whatsoever nature by Releasors relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772, and this Release shall apply to all unknown or unanticipated results of the above described Accident and/or the aforesaid UTA Flight 772, as well as those known and anticipated. This Release expresses a full settlement of a disputed claim as against Releasees, and this Release is intended to avoid litigation and to be final and complete. This Release shall not be subject to any claim of mistake of fact or law by the Releasors.

6. Releasors agree not to publicize, communicate, or disclose to any third parties any information concerning the dispute with Releasees, the payment described above, or the terms of this Release without prior written permission from the Releasees, except that nothing herein contained shall prevent Releasors from disclosing such information as required by applicable law.

This Release shall be governed by and construed under the laws of the State of Texas. This Release may not be changed orally. This Release may be made and signed in separate counterparts and when signed by all of the undersigned the counterparts shall collectively constitute one instrument.

THE RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR LAWYERS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER. THE RELEASORS HAVE CAREFULLY READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT, AND ARE SIGNING VOLUNTARILY AND OF THEIR OWN FREE WILL.

Dated: __10, 2__, 1991

_Carla Corder_ (signature)
Carla Corder,
Spouse of Mark Edward Corder

_____
Edward Alfred Corder,
Father of Mark Edward Corder

STATE of TEXAS )
) ss.:
COUNTY of HARRIS )

BEFORE ME, the undersigned authority, on this day personally appeared Carla Corder, known to me as the spouse of Mark Edward Corder, and as the person whose name is subscribed to the foregoing Release of All Claims, who after being duly sworn by me, on oath stated that she has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

SWORN AND SUBSCRIBED TO BEFORE ME by the said Carla Corder, on this 2nd day of Oct., 1991, to certify which witness my hand and seal of office.



Notary Public in and for

JOAN CLOUD HARRIS

### Statement of Attorney

I am an attorney licensed to practice law in NEW YORK. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to Carla Corder, whom I represent, and she in turn acknowledged to me an understanding of said Release and the legal effect thereof; and the signature above her name on the Release was personally made by her.

Signature

STEVEN R. POUNIAN
(Type or Print Name)

100 PARK AVE.
(Street Address)

NY, NY
(State)

-5-

<pre>
_____ of _____  )
                    ) ss.:
_____ of _____  )
</pre>

BEFORE ME, the undersigned authority, on this day personally appeared Edward Alfred Corder, known to me as the father of Mark Edward Corder, and as the person whose name is subscribed to the foregoing Release of All Claims, who after being duly sworn by me, on oath stated that he has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

SWORN AND SUBSCRIBED TO BEFORE ME by the said Edward Alfred Corder, on this _____ day of _____, 1991, to certify which witness my hand and seal of office.

_____
Notary Public in and for

_____

### Statement of Attorney

I am an attorney licensed to practice law in _____. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to Edward Alfred Corder, whom I represent, and he in turn acknowledged to me an understanding of said Release and the legal effect thereof; and the signature above his name on the Release was personally made by him.

_____
Signature

_____
(Type or Print Name)

_____
(Street Address)

_____
(State)

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment described below, receipt of which is hereby acknowledged, the undersigned, on behalf of the undersigned and all and each of their respective heirs, personal representatives, executors, administrators, successors, and assigns (the undersigned, on behalf of themselves and all and each of their respective heirs, etc., are hereinafter collectively referred to as "Releasors"), hereby release, acquit, forever discharge, and covenant to hold harmless UTA (Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, directors, agents, employees, insurers, coinsurers, and reinsurers (UTA, La Reunion Aerienne, Airclaims, Inc., and all and each of their respective officers, etc. are hereinafter collectively referred to as "Releasees") of and from any and all actions, causes of action, remedies, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, compensatory and punitive damages), judgments, executions, claims, and demands of whatsoever nature, known and unknown, including, but not limited to, subrogated or assigned rights, that against the Releasees the Releasors ever had, now have, or can, shall, or may have in the future for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following (hereinafter referred to as "the above described Accident"):  wrongful death of and personal injuries to Mark Edward Corder, whether assertable by the heirs or personal representative of Mark Edward Corder or by anyone else, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise including loss of or damage to the baggage or other property of Mark Edward Corder; amounts paid by Mark Edward Corder for transportation; and any and all other losses, damages and/or injuries relating to or arising out of Mark Edward Corder having been a passenger on UTA Flight 772, which as a result of bombing was destroyed on September 19, 1989.

The Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true and that they are the sole heirs at law of Mark Edward Corder, a Texas resident.  The Releasors further represent and warrant that there is no Executor, Executrix, Administrator, Administratrix or other Personal Representative of the estate of Mark Edward Corder, that there is no administration of the estate of Mark Edward Corder, that no administration is required and that they have the capacity to settle all matters in dispute on behalf of the estate of Mark Edward Corder.

Payment of the sum of 100,000 Special Drawing Rights (SDRs) plus fees and expenses incurred in this matter, including attorneys fees, for a total of Four Hundred Thousand Dollars ($400,000), is being made to the undersigned in consideration for this Release.

FOR AND IN FURTHER CONSIDERATION of the payment described above, the Releasors agree as follows:

1. Without limiting any of the foregoing, the payment described above and this Release are intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees, and each of them, to Releasors and to any and all third parties (whether an individual, company, government, government agency, other government entity, or other entity) relating to or arising out of the above described Accident. The Releasors agree to protect, indemnify, and hold harmless Releasees from and against any and all actions, causes of action, suits, damages, judgments, claims, remedies, demands, liens, and liability of any nature whatsoever (including, but not limited to, liens or liabilities relating to or arising out of any worker's compensation payments), and to protect, indemnify, and hold harmless Releasees from and against all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending such actions, etc., by or to any third parties, relating to or arising out of the above described Accident, whether anticipated or unanticipated, however caused and whether by negligence or otherwise.

2. The Releasors acknowledge ~~receipt of~~ *each will receive* a copy of a Waiver and Release of Worker's Compensation Lien, dated _____, 1991, executed by ~~Exxon Risk Management Services, Inc.~~, Petroleum Casualty Company, etc. to UTA, La Reunion Aerienne, etc., but nothing therein shall limit or restrict Releasors' obligations under paragraph 1 immediately above or under any other provision of this Release.

3. Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors' rights, title, and interests in and to any and all actions, causes of action, claims, demands and remedies that Releasors have or may have against any and all third parties who may be liable for the above described Accident and/or the destruction of the aircraft accomplishing the aforesaid UTA Flight 772, to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including, but not limited to, attorneys' fees) incurred in the settling of the claims herein and in obtaining any recovery against third parties. The Releasors hereby empower the

-2-

subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. The Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand or remedy that they have or may have against any third party relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772.

4. The payment described above and the execution of this Release are the result of a compromise of a disputed claim and shall not at any time for any purpose be considered as an admission of liability or responsibility of the Releasees or any of them for any wrongdoing, negligence, or other culpable conduct in connection with the above described Accident and/or the aforesaid UTA Flight 772. The Releasors acknowledge that each of the Releasees expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid litigation and buy their peace.

5. Without limiting any of the foregoing, Releasees are discharged and forever released from any and all further actions, claims, remedies, damages, judgments and demands of whatsoever nature by Releasors relating to or arising out of the above described Accident and/or the aforesaid UTA Flight 772, and this Release shall apply to all unknown or unanticipated results of the above described Accident and/or the aforesaid UTA Flight 772, as well as those known and anticipated. This Release expresses a full settlement of a disputed claim as against Releasees, and this Release is intended to avoid litigation and to be final and complete. This Release shall not be subject to any claim of mistake of fact or law by the Releasors.

6. Releasors agree not to publicize, communicate, or disclose to any third parties any information concerning the dispute with Releasees, the payment described above, or the terms of this Release without prior written permission from the Releasees, except that nothing herein contained shall prevent Releasors from disclosing such information as required by applicable law.

This Release shall be governed by and construed under the laws of the State of Texas. This Release may not be changed orally. This Release may be made and signed in separate counterparts and when signed by all of the undersigned the counterparts shall collectively constitute one instrument.

-3-

<u>THE RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR LAWYERS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER. THE RELEASORS HAVE CAREFULLY READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT, AND ARE SIGNING VOLUNTARILY AND OF THEIR OWN FREE WILL.</u>

Dated: _____, 1991

_____
Carla Corder,
Spouse of Mark Edward Corder

*/s/ Edward Alfred Corder*
_____
Edward Alfred Corder,
Father of Mark Edward Corder

-4-

```
_____ of _____ )
                   ) ss.:
_____ of _____ )
```

  BEFORE ME, the undersigned authority, on this day personally appeared Carla Corder, known to me as the spouse of Mark Edward Corder, and as the person whose name is subscribed to the foregoing Release of All Claims, who after being duly sworn by me, on oath stated that she has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

  SWORN AND SUBSCRIBED TO BEFORE ME by the said Carla Corder, on this _____ day of _____, 1991, to certify which witness my hand and seal of office.

           _____
            Notary Public in and for

           _____


### Statement of Attorney

  I am an attorney licensed to practice law in _____. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to Carla Corder, whom I represent, and she in turn acknowledged to me an understanding of said Release and the legal effect thereof; and the signature above her name on the Release was personally made by her.

           _____
                Signature

           _____
             (Type or Print Name)

           _____
              (Street Address)

           _____
                (State)

_State_ of _Indiana_ )
                    ) ss.:
_County_ of _Marion_ )

BEFORE ME, the undersigned authority, on this day personally appeared Edward Alfred Corder, known to me as the father of Mark Edward Corder, and as the person whose name is subscribed to the foregoing Release of All Claims, who after being duly sworn by me, on oath stated that he has read the Release of All Claims, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

SWORN AND SUBSCRIBED TO BEFORE ME by the said Edward Alfred Corder, on this __8__ day of __October__, 1991, to certify which witness my hand and seal of office.

_[signature]_
Notary Public in and for
_State of Indiana_ Commission
exp. 5/7/93

### Statement of Attorney

I am an attorney licensed to practice law in _Indiana_. I hereby represent and declare that I have fully explained the foregoing Release of All Claims to Edward Alfred Corder, whom I represent, and he in turn acknowledged to me an understanding of said Release and the legal effect thereof; and the signature above his name on the Release was personally made by him.

_[signature]_
Signature

W. SCOTT MONTROSS
(Type or Print Name)

230 E. OHIO ST.
(Street Address)

INDPLS IN 46204
(State)

-6-

### Renunciation of All Claims to Proceeds of Settlement

I, Edward Alfred Corder, hereby renounce all claims under <u>Corder v. UTA</u> and request that all proceeds be paid to Carla Corder, widow.

*Edward Alfred Corder* (signature)
Edward Alfred Corder

COUNTY OF Marion  )
                 ) SS:
STATE OF Indiana )

BEFORE ME, the undersigned authority, on this day personally appeared Edward Alfred Corder, known to me as the father of Mark Edward Corder, and as the person whose name is subscribed to the foregoing Renunciation of All Claims to Proceeds of Settlement, who after being duly sworn by me, on oath stated that he has read the Renunciation of All Claims to Proceeds of Settlement, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

SWORN AND SUBSCRIBED TO BEFORE ME by the said Edward Alfred Corder, on this 8 day of October, 1991, to certify which witness my hand and seal of office.

_____
Notary Public

My Commission Expires:
5/7/93

County of Residence:
Marion

## WAIVER AND RELEASE OF WORKER'S COMPENSATION LIEN

FOR AND IN CONSIDERATION of the payment made pursuant to a Release of All Claims, to Carla Corder and Edward Alfred Corder, the spouse and father, respectively, of Mark Edward Corder, deceased, receipt of which is hereby acknowledged, the undersigned, Petroleum Casualty Company, on behalf of the undersigned and all and each of its insureds, successors and assigns (the undersigned, on behalf of itself and all and each of its insureds (including but not limited to Exxon Company International), successors and assigns, are hereinafter collectively referred to as "Releasor") voluntarily and knowingly execute this Waiver and Release with the express intention of effecting the waiver, release, and extinguishment of Worker's Compensation liens (but not the credit, if any, Releasor is entitled to take against future benefit payments pursuant to the Texas Workers' Compensation Act), as designated in this Release.

Releasor does hereby expressly release, acquit, and forever discharge, UTA (Union de Transports Aeriens), La Reunion Aerienne, Airclaims, Inc., and all of their officers, directors, agents, employees, insurers, coinsurers, and reinsurers from any and all actions, causes of action, remedies, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, compensatory and punitive damages), judgments, executions, claims, and demands of whatsoever nature, known and unknown, including, but not limited to, subrogated or assigned rights, and including, but not limited to, any lien or right of subrogation granted to Releasor by virtue of the Worker's Compensation laws of the State of Texas or any other state, province or country that Releasor ever had, now has, or can, shall, or may have in the future, for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the death of and/or personal injuries to Mark Edward Corder, the payment of any Worker's Compensation benefits by or on behalf of Releasor to the family and/or beneficiaries of Mark Edward Corder, and/or by reason of Mark Edward Corder having been a passenger on UTA Flight 772, which was destroyed on September 19, 1989.

This Waiver and Release shall be governed by and construed under the laws of the State of Texas excluding that State's choice of law rules. This Waiver and Release may not be changed orally.

The person signing this Waiver and Release represents that he or she is authorized by Releasor to execute this Waiver and Release on its behalf.

The undersigned has read this Waiver and Release and understand all of its terms. The undersigned execute this Waiver and Release voluntarily and with full knowledge of its significance.

Dated: December 5, 1991

PETROLEUM CASUALTY COMPANY

By /s/ _____
   (Signature)

MANAGER-Centralized Claims Services
   (Title)

- 2 -

STATE OF _Texas_     )
                     ) ss.:
COUNTY OF _Harris_   )

      BEFORE ME, the undersigned authority, on this day personally appeared _Wayne G. Wofford_, known to me as the _Manager - Centralized Claims Service_ of Petroleum Casualty Company and as the person whose name is subscribed to the foregoing Waiver and Release of Worker's Compensation Lien, who after being duly sworn by me, on oath stated that he/she has read the Waiver and Release of Worker's Compensation Lien, it is a correct and complete statement of the matters to which it relates, and all the contents thereof are true, complete, and correct.

      SWORN AND SUBSCRIBED TO BEFORE ME by the said _Wayne G. Wofford_, on this _5th_ day of _December_, 1991, to certify which witness my hand and seal of office.

_Christina Gonzales_
Notary Public in and for
_Harris County_
_TX_

### Statement of Attorney

      I am an attorney licensed to practice law in _Texas_, and I am the attorney for Petroleum Casualty Company, one of the Releasors herein. I hereby represent and declare that I have fully explained the foregoing Waiver and Release of Worker's Compensation Lien to _Wayne G. Wofford_, who in turn acknowledged to me an understanding of said Waiver and Release of Worker's Compensation Lien and the legal effect thereof; and the signature above his/her name on the Waiver and Release of Worker's Compensation Lien was personally made by him/her.

_K.C. Johnson by Willie Cole_
Signature

_K.C. Johnson_
(Type or Print Name)

_800 Bell, Houston_
(Street Address)

_Texas_
(State)

- 3 -