UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA REUNION AERIENNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 05-1932 (HHK) |
| ) | |
| SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO STAY

Defendants (hereafter "Libya") move to stay all proceedings before the Court during Libya's appeal now docketed before the United States Court of Appeals for the District of Columbia Circuit as La Reunion Aerienne v. Socialist People's Libyan Arab Jamahiriya, Docket No. 07-7050. The appeal is from the Court's denial of Libya's motion dismiss for lack of subject-matter jurisdiction due to foreign sovereign immunity and is properly before the Court of Appeals under 28 U.S.C. § 1291 as a matter of right. A memorandum of points and authorities are attached hereto.

Dated:   April 24, 2007            Respectfully submitted,

                              //s//
                              Arman Dabiri
                              Law Offices of Arman Dabiri & Associates, PLLC
                              1725 I Street, N.W.
                              Suite 300
                              Washington, D.C. 20006
                              Tel. (202) 349-3893
                              E-mail: armandab@worldnet.att.net

                              *Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA REUNION AERIENNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No. 05-1932 (HHK) |
| | ) |
| SOCIALIST PEOPLE'S LIBYAN | ) |
| ARAB JAMAHIRIYA, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS**

**INTRODUCTION**

Libya submits the following memorandum of points and authorities in support of its motion to stay all proceedings before the Court pending resolution of Libya's appeal docketed before the United States Court of Appeals for the District of Columbia. The appeal arises out of the Court's March 9, 2007 denial of Libya's motion to dismiss, among other grounds, for lack of subject matter jurisdiction based on Libya's foreign sovereign immunity.

Plaintiff's counsel indicates that he has performed a review of District of Columbia case law and has found no support for the position that a interlocutory appeal of denial of foreign sovereign immunity to decide the Court's competence would stay all proceedings in the district court.

While Libya does not doubt that plaintiff's counsel assertion that plaintiff has conducted a review it finds that the review is unquestionably inadequate in light of established and uniform precedent on the issue to the contrary.

Libya does not believe, under binding precedent established in this Circuit, that it is necessary to file the instant motion for stay as the filing of a notice of appeal from denial of sovereign immunity removes jurisdiction from the Court to the Court of Appeals and automatically stays all proceedings before the Court.  Plaintiff's counsel, however, erroneously is under the impression that despite an appeal pending (as of right) Libya must still respond to plaintiff's motion for summary judgment.  To avoid <u>further</u> unnecessary filings Libya now moves so the Court stays all proceedings until the issue of the Court's subject-matter jurisdiction to entertain plaintiff's complaint, under the terrorism exception to the FSIA, is definitively decided.

## **ARGUMENT**

The issue of the Court's competence to issue the order sought by the plaintiff has been clearly dealt with by the Supreme Court and has long been settled in this Circuit.   The filing of a "notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in an appeal." <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982);  <u>Princz v. Federal Republic of Germany</u>, 998 F.2d 1 (1983).   In <u>Princz</u>, a Foreign Sovereign Immunities Act ("FSIA") case, the Court held that an "appeal properly pursued from district court's order divested district court of control over those aspects of case on appeal and, consequently, exclusive jurisdiction to resolve threshold issue presented by case vested in Court of Appeals

and district court could not proceed to trial until appeal was resolved." *Id*.[1]

Furthermore, Libya has the unquestionable right to appeal the finding of subject-matter jurisdiction by this Court. The Supreme court has held:

> Section 1291 of Title 28, U.S.C., gives courts of appeals jurisdiction over "all final decisions" of district courts, except those for which appeal is to be had to this Court. The requirement of finality precludes consideration of decisions that are subject to revision, and even of "fully consummated decisions [that] are but steps towards final judgment in which they will merge." *Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546(1949)*. It does not, however, bar review of all prejudgment orders. In *Cohen*, we described a "small class" of district court decisions that, though short of final judgment, are immediately appealable because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Ibid.* See also *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-145(1993)* (citing *Coopers & Lybrand v. Livesay, 437 U.S. 463, 468(1978))*.

Behrens v. Pelletier, 516 U.S. 299, 305 (1996). Plaintiff also concedes that Libya's appeal is for denial of sovereign immunity and is an appeal as a matter of right.[2]

This restriction on judicial action by a district court when jurisdiction is in doubt is

---

[1] *See also*, Apostol v. Gallion, 870 F.2d 1335 (7th Cir.1989) (appeal from denial of claims of qualified immunity divested district court of jurisdiction).

[2] Plaintiff's e-mail, pursuant the parties duty to confer under the local rules for filing of a non-dispositive motion asserts "although appeal of such an issue would be frivolous in our view given the numerous appellate decisions in this and other Circuits, holding that the Court has jurisdiction to adjudicate claims arising from the UTA and Lockerbie terrorist attacks. . ." Plaintiff's assertion that the issue appealed in the instant case has been decided by "numerous appellate decisions" and consequently is frivolous can only arise for a complete failure understand the issue appealed or failure to conduct adequate research. The issue of whether the Court has subject-matter jurisdiction to decide third party claims of an insurance company under the1996 Terrorism Amendment to the FSIA has never been appealed in this Circuit (or any other Circuit) and is an issue of first impression.

further amplified when the suit involves a foreign sovereign state.  This Circuit's position on this warrants repeating at length:

> Under 28 U.S.C. § 1291, this court has jurisdiction of appeals "from all final decisions of the district courts."  In interpreting this statute, the Supreme Court recognized in *Cohen,* that there is a "small class" of decisions that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1226.  Under the collateral order doctrine, a district court order qualifies for immediate appeal as a "final order" under § 1291 if it "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [would be] effectively unreviewable on appeal from a final judgment." *Johnson v. Jones,* 515 U.S. at 310-12, 115 S.Ct. at 2155 (quoting *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 687, 121 L.Ed.2d 605 (1993) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978))).
>
>  It is well-established that an appeal from a denial of a motion to dismiss a complaint on the ground of sovereign immunity under the FSIA satisfies the three requirements of the collateral order doctrine and may thus be brought on an interlocutory basis. *Foremost-McKesson v. Islamic Republic of Iran,* 905 F.2d 438, 443 (D.C. Cir.1990); see *McKesson Corp. v. Islamic Republic of Iran,* 52 F.3d 346, 353 (D.C. Cir.1995), *cert. denied,* 516 U.S. 1045, 116 S.Ct. 704, 133 L.Ed.2d 660 (1996); *Princz v. Federal Republic of Germany,* 26 F.3d 1166, 1168 (D.C.Cir.1994), *cert. denied,* 513 U.S. 1121, 115 S.Ct. 923, 130 L.Ed.2d 803 (1995); *see also Federal Ins. Co. v. Richard I. Rubin & Co., Inc.,* 12 F.3d 1270, 1279-82 (3d Cir.1993) (citing similar decisions from six circuits), *cert. denied sub nom. Ejay Travel v. Algemeen Burgerlijk Pensioenfonds,* 511 U.S. 1107, 114 S.Ct. 2101, 128 L.Ed.2d 663 (1994).  The district court's denial of dismissal on grounds of sovereign immunity is conclusive and final as to that issue;  the issue of sovereign immunity is distinct from the question of liability on the claims asserted in the complaint;  and the order denying dismissal for immunity is effectively unreviewable on appeal because " 'sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits.' " *Foremost-McKesson,* 905

F.2d at 443 (quoting *Rush-Presbyterian-St. Luke's Medical Center v. Hellenic Republic*, 877 F.2d 574, 576 n. 2 (7th Cir.), *cert. denied,* 493 U.S. 937, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989)).

Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1025 (D.C. Cir. 1997).[3]

As Libya's right under the collateral order doctrine to appeal from a denial of sovereign immunity is unquestionable the only questions are whether Libya's motion to dismiss was based on sovereign immunity and whether the court denied such immunity.

---

[3] District Courts, on occasion, have erroneously held that a foreign sovereign must proceed with litigation while an appeal from a denial of foreign sovereign immunity was pending. In the matter of Price v. Socialist People's Libyan Arab Jamahiriya, 97-CV-975 (RCL) the Honorable Judge Lamberth did order Libya to file an answer after a notice of a collateral order appal was filed.  upon Libya's petition for a Writ of Mandamus, the Court of Appeals issued an Order within twenty-four hours of Libya's petition staying all proceedings in the District Court pending resolution of Libya's appeal from denial of sovereign immunity.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to strike Libya's notice of appeal and deny plaintiff's alternative requesting a stay of removal pending briefing by the parties. A proposed order is attached hereto.

Dated:     April 24, 2007            Respectfully submitted,


                                       //s//
                                     Arman Dabiri
                                     Law Offices of Arman Dabiri & Associates, PLLC
                                     1725 I Street, N.W.
                                     Suite 300
                                     Washington, D.C. 20006
                                     Tel. (202) 349-3893
                                     E-mail: armandab@worldnet.att.net

                                     *Counsel for Defendants*