UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LA RÉUNION AÉRIENNE                             )
                                                )
                                                )    Civil Action No. 05-01932 (HHK)
                             Plaintiff,         )
            v.                                  )
                                                )
SOCIALIST PEOPLE'S LIBYAN                       )
ARAB JAMAHIRIYA, LIBYAN EXTERNAL                )
SECURITY ORGANIZATION, MUAMMAR                  )
QADHAFI, ABDALLAH SENOUSSI, AHMED               )
ABDALLAH ELAZRAGH, IBRAHIM NAELI,               )
ARBAS MUSBAH, ISSA ABDELSALAM                   )
SHIBANI AND ABDELSALAM HAMMOUDA                 )
EL AGELI                                        )
                                                )
                             Defendants.        )
_____)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION
TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS**

Defendants' motion for a stay, which in turn is based on their filing of a frivolous interlocutory appeal, entirely avoids even mentioning the fact that the appeal, brought only by the two "state" Defendants in this matter, has no bearing on the unquestioned right of Plaintiff to proceed against the individual Defendants, as to which there is no issue of sovereign immunity and no justification for a stay.

Specifically, Libya contends that under the "collateral order" doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), it has the right to take an immediate interlocutory appeal of this Court's denial of its motion to dismiss on the basis of sovereign immunity. Even if that were so, which should not be the case under the circumstances (*see* below), the appeal nevertheless affects only Libya, as well as perhaps LESO (to the extent

LESO is deemed to be a political subdivision, agency or instrumentality of Libya). However the appeal does not bear on any of the individual Defendants, or on LRA's unquestioned right to continue its suit against them. Notably, none of the individual Defendants claimed immunity, none of the individual Defendants was the subject of the Court's holding regarding immunity, and none of the individual Defendants joined in the Notice of Appeal, which was filed only by Libya and LESO.

Defendants cite no authority for the proposition that an action should be stayed as to all defendants because one or two of them filed an interlocutory appeal solely on an issue which does not relate to the other defendants, and there is no reason for granting a stay as to those other defendants. Stated otherwise, even if Libya could possibly prevail on its sovereign immunity appeal which, in the light of numerous precedents is not the case, that would have no bearing on whether this Court may proceed with the summary judgment issues involving the individual defendants, which issues are entirely independent of the issues on appeal, and which issues must be determined regardless of the outcome of the appeal. *See Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) (appeals based on the collateral order doctrine present issues separate from the merits "and the court of appeals can consider these segregable issues while the district court presses ahead with the case").[1]

However, there are additional reasons why the stay should be denied, namely, because the issue which Libya seeks to appeal does not fall within the collateral order doctrine and because the appeal is frivolous. Libya argues that its issue on appeal -- whether LRA can assert its third party claims in this case -- is an issue of first impression in the Court of Appeals and, thus, that there is no basis for LRA's contention that the appeal is frivolous. The issue whether

---

[1]    *Apostol* actually was cited by Libya in support of its erroneous position. The case obviously is not helpful to its cause.

Libya or another country on the State Department's list of terrorist states at the time it committed the acts at issue is entitled to sovereign immunity has been resolved so frequently against Libya and its brethren (principally Iran and Iraq) as to no longer be open to question. Indeed, the District of Columbia Circuit has recently taken to summarily affirming on the question of subject matter jurisdiction under the FSIA in the face of Libya's endless appeals on this issue.[2] *See Kilburn v. Islamic Republic of Iran, et al.*, No. 06-7127 (D.C. Cir. Oct. 19, 2006) (summarily affirming district court's denial of Libya's motion to dismiss for lack of subject matter jurisdiction under terrorism exception to FSIA).[3]

What is new, if anything, is the contention that LRA, as subrogee and/or assignee, may not bring this action, but that is not an issue of Libya's sovereign immunity, or even of subject matter jurisdiction, but of LRA's standing. *See generally U.S. v. California*, 507 U.S. 746 (1993). A plaintiff's standing is not among the "small class" of issues as to which the collateral order doctrine applies; that is, it does not bear on a defendant's purported "immunity from trial and the attendant burdens of litigation" which would effectively be unreviewable on appeal from a final judgment, *Foremost-McKesson v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990). Thus, this appeal provides no basis for abrogating the finality rule.

However, even as to the standing issue, the appeal is frivolous. This Court's reasoning in that regard was so firmly rooted in the statutory language (28 U.S.C. § 1605(a)(7)), legislative history (H.R. Rep. No. 104-383), case law (*Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 102-30 (D.C. Cir. 2004); *Hartford Fire Ins. Co. v. Libya*, no. 98-cv-3096 (D.D.C. Sept. 23, 1999)) and black letter law on assignment and subrogation, as to not be open to attack. It is well-

---

[2]     In the Lockerbie matter, Libya litigated its immunity from suit for some 14 years before running out of appeals on the collateral order doctrine. That, however, has not stopped it from raising the issue again and again, in *Pugh*, in *Kilburn*, in *Price* and here. Enough is enough.

[3]     Similarly, Plaintiff herein will move in the D.C. Circuit for summary affirmance.

established that even where an interlocutory appeal would otherwise require a stay of proceedings, which is not the case here, the district court is not precluded from determining that the appeal is frivolous and proceeding with the case as if the appeal had never been taken. *See Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) (practice of certifying appeal as frivolous "enables the district court to retain jurisdiction pending summary disposition of appeal"); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("If the claim of immunity is a sham, however, the notice of appeal does not transfer jurisdiction to the court of appeals and does not stop the district court in its tracks");[4] *see also* MOORE'S FEDERAL PRACTICE 3D § 303.32[2][C] ("A district judge who concludes that an appeal is clearly frivolous may ignore the notice of appeal and proceed with the case as if the appeal had not been taken").

Accordingly, not only may the Court proceed with the case as to the individual Defendants, who are not in any way the subject of or affected by the appeal, but it may also proceed as to Libya and LESO. Defendants' motion for a stay should be denied in its entirety. Alternatively, the Court may certify the appeal as frivolous, and proceed with the entire case on that basis. At the very minimum, the case should be allowed to proceed as to the individual Defendants.

Date: April 26, 2007                        Respectfully submitted,


                                             /S/ Christopher B. Kende
                                            Christopher B. Kende, Esquire (D.C. 416487)
                                            COZEN O'CONNOR
                                            45 Broadway
                                            New York, NY 10006
                                            (212) 509-9400
                                            (212) 509-9492 (facsimile)
                                            *Attorneys for Plaintiff*

---

[4]    *Behrens* and *Apostol* were the two cases cited by Defendants in support of their motion for a stay. Neither allows a stay in our circumstances.