UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA REUNION AERIENNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 05-1932 (HHK) |
| ) | |
| ) | |
| SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO CERTIFY DEFENDANTS' APPEAL FRIVOLOUS**

Libya submits the following reply to plaintiff's opposition to Libya's motion to stay all proceedings before the Court during Libya's appeal before the United States Court of Appeals for the District of Columbia Circuit. Libya also simultaneously submits its opposition to plaintiff's motion to certify Libya's appeal as frivolous.[1]

Plaintiff's cross-motion for certification of Libya's appeal as frivolous is based on the incorrect assumption that Libya's foreign sovereign immunity is based on the Court's denial of Libya's motion to dismiss for Libya's removal from the State Department's list of state sponsors

---

[1] The Court may note that plaintiff's ECF filing is styled as "Motion to Dismiss case as Frivolous". This is clearly sloppy filing by the plaintiff or unfamiliarity with the ECF system as plaintiff's actual motion is captioned as "Plaintiff's Cross Motion to Certify Defendants' Appeal as Frivolous" and plaintiff's memorandum opinion is captioned as "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay Proceedings and in support of Plaintiff's Cross-Motion to Certify Defendant's Appeal as Frivolous". Although the captions of plaintiff's motion and memorandum opinion also do not correspond with one another, neither is a motion to dismiss Libya's Appeal and no such request for dismissal is made. It is unquestionable that the Court is without power to dismiss an appeal before the United State Court of Appeals.

of terrorism. (Plt. Mot/Opp. at 3). This assumption is incorrect.[2]

The interlocutory appeal currently docketed as <u>La Reunion Aerienne v. Socialist People's Libyan Arab Jamahiriya, *et al.*</u>, Docket No 07-7050 before the United States Court of Appeals for the District of Columbia will consider the following issues:

1. Whether the Court has erred in holding that it has subject-matter jurisdiction under the 1996 Terrorism Amendment to consider third party claims against Libya; and

2. Whether the Court has erred in holding that subrogation may also create subject-matter jurisdiction where the Supreme Court has held that the <u>sole</u> source of subject-matter jurisdiction over a foreign state is the FSIA; and

3. Whether the Court erred when it deferred the decision as to whether it may consider the issue of punitive damages against Libya based on state choice of law when the issue is preempted by an exclusive and specific provision of the FSIA regarding punitive damages; and

4. Whether the Court erred in holding that plaintiff's foreign nationality was not a bar to subject-matter jurisdiction under the FSIA; and

---

[2] Plaintiff's assertion that the same issue has been appealed again and again and that "Enough is enough" can only arise from the complete lack of understanding of the issues on appeal and lack of <u>any</u> review of the cases which are cited by plaintiff. Plaintiff would seem to be under the puerile impression that all issues of immunity from suit are identical.

      5.      Whether the Court erred when it ordered that undersigned counsel accept service on behalf of the individual defendants in their personal capacity; and

      6.      Whether the Court erred in holding that it could exercise personal jurisdiction over the individual defendants for claims against them in their personal capacities despite counsel's assertion that he does not represent the individual defendants in their personal capacity (issue of defective service and violation of Due Process protections of the Constitution).

Plaintiff cites the matter of <u>Kilburn v. Socialist People's Libyan Arab Jamahiriya</u> which has not decided any of the issues outlined above. In <u>Kilburn</u> the Court of Appeals affirmed the district court's ruling that the removal of Libya from the State Department's State Sponsor of Terrorism List did not terminate or remove the district court's subject-matter jurisdiction to consider a case which was filed prior to Libya's removal from the Terrorism List.

Plaintiff's entire cross-motion for certification of Libya's appeal as frivolous is based on assertion that the issue of Libya's removal has previously been decided by the <u>Kilburn</u> decision. The issue decided in <u>Kilburn</u> is not on appeal and plaintiff has failed to raise any other grounds in support of their assertion that Libya's appeal is frivolous. The Court should deny plaintiff's motion for such certification in its entirety.

The Court may also take judicial notice that docketing statement (which includes a statement of issues to be raised before the Court of Appeals) by Libya is not due until May 11, 2007. Consequently, plaintiff have incorrectly guessed the exact nature of the issues that Libya will raise before the Court of Appeals. Plaintiff's motion to certify Libya's appeal as frivolous is

itself frivolous as it is based an erroneous assumption which would have been corrected if plaintiffs had either waited for the appellate docketing statement or if they had inquired from counsel the exact nature of the issues which are appealed.

It is unquestionable that most issues before the Court of Appeals are all issues of first impression in this Circuit (with the exception of the issue of punitive damages which has been decided by both this Circuit and the Supreme Court adversely to the Court's March 9, 2007 Opinion). It is unquestionable that the plaintiff (as demonstrated in their opposition) will be unable to cite a **single** case demonstrating that the issues before the Court of Appeals have been previously decided by a higher Court.[3] It is finally unquestionable, as established by unanimous binding precedent in this Circuit, that Libya's appeal is as a matter of right.

Plaintiff further asserts that the issue on appeal is one of subrogation rather than sovereign immunity. The assertion fails to understand the Court's Memorandum Opinion of March 9, 2007 and incorrectly assumes that the subrogation is the only immunity issue before the Court of Appeals. (*See above*). The Court, in discussing assignment and subrogation clearly discusses whether subrogees and assignees fall within the exception to sovereign immunity under 28 U.S.C. § 1605(a)(7) and directly quotes Hartford Fire Insurance Co. v. Socialist People's Libyan Arab Jamahiriya, No. 98-cv-3096, 1999 WL 33589331 (D.D.C. Sept. 23, 1999). Plaintiff's assertion that the Court's ruling (finding that it has subject-matter jurisdiction) does

---

[3] The assertion that the issues in this case have been previously decided in the matters of Lockerbie, Pugh, Kilburn, and Price is without any legal merit and can simply be brushed aside by the Court even with the most superficial reviews of any of those decision. Plaintiff's cross-motion does not review or discuss the immunity issues which were decided in the cited cases. This is not surprising as any review of the issues would unquestionably demonstrate that plaintiff's position is without merit.

not relate to foreign sovereign immunity is erroneous and plaintiff may not draw any comfort from the groundless argument.

For this foregoing reasons the Court should deny plaintiff's motion to certify Libya's appeal and award such costs for the preparation of this opposition as the Court may see fit. Furthermore, the Court should stay <u>all</u> proceedings before it as Libya's notice of appeal automatically has divested the Court of jurisdiction to proceed any further.

Plaintiff also erroneously asserts that the notice of appeal should not stay the case regarding the individual defendants in their personal capacity as the case "affect only Libya, as well as perhaps LESO." (Plt. Mot/Opp. at 1). Plaintiff's assertion in this regard, consistent with its cross- motion for certification, is frivolous and not based on sound legal analysis.

It is established practice that the Court of Appeals can and does consider other jurisdictional grounds which can be dispositive of an entire case. <u>Marra v. Papandreau</u>, 216 F.3d 1119, 1122 (D.C. Cir. 2000) ("standing, personal jurisdiction, and forum non conveniens-were 'jurisdictional' in the Steel Company sense"). *Citing* <u>In re Papandreau</u>, 139 F.3d 247, 255-56 (D.C. Cir. 1988).

The issue of whether the Court erroneously ordered Libya's counsel to accept service on behalf of the individual defendants (despite the lack of any service and notification on the individuals) in their personal capacity and then to further assert that it has personal jurisdiction over the individual defendants is an issue on appeal and can be decided by the Court of Appeals. The issue is purely jurisdictional and is appropriately before the higher Court.

Plaintiff first assumes (incorrectly) that the issue of service regarding the individual defendants in their personal capacity and the Court's power to exercise personal jurisdiction over

those individuals is settled.

Plaintiff second assumes (incorrectly) that the only issue that may be immediately appealed under the "collateral order" doctrine is the issue of sovereign immunity.

In this case undersigned counsel has unequivocally asserted that he does not represent the individual defendants in their personal capacity.  The service and notification on Libya's counsel was made under protest and undersigned counsel does not accept service made by plaintiff and such service has been contested at every juncture.[4]  The Court, in an unprecedented manner and impermissibly, has allowed the plaintiff to serve undersigned counsel and deemed service and notice perfected on the individual defendants in their personal capacity.  Counsel has been unable to find a single case where a federal court in a civil case has forced a attorney to represent individuals who have not retained that attorney as counsel.

Undesigned counsel does not, and cannot, accept plaintiff's service on behalf of the individual defendants in their personal capacity.  Undersigned counsel also has no means of communicating with the individual defendants in their personal capacities.

The Court's Order allowing plaintiff to serve notice papers on undersigned counsel (who does not represent the individual defendants in their personal capacity) violates every norm of Due Process as well as the Federal rules of Civil Procedure for service.

The Court may note that most recently the Honorable Judge Friedman in the matter of Patel v. socialist People's Libyan Arab Jamahiriya, *et al.*, Civil Action No. 06-626 (April 19, 2007) has rejected similar attempts by plaintiffs who attempted to circumvent the strict

---

[4] The Court's Memorandum Opinion and Order of March 9, 2007 is silent regarding the issue of counsel's protest for being ordered to accept service for individual defendants in their personal capacity whom counsel does not represent.

requirements of serving an individual "personally" as a violation of the of Due Process.

The issue of impermissible service as well as the Court's personal jurisdiction over the individual defendants in their personal capacity are threshold issues and meets every requirement for a collateral order doctrine appeal.

Although plaintiff's opposition and cross-motion does cite Cohen it is clear that plaintiff has failed to understand requirements for the collateral order doctrine. A further review of Behrens is merited:

> Section 1291 of Title 28, U.S.C., gives courts of appeals jurisdiction over "all final decisions" of district courts, except those for which appeal is to be had to this Court. The requirement of finality precludes consideration of decisions that are subject to revision, and even of "fully consummated decisions [that] are but steps towards final judgment in which they will merge." *Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546(1949).* It does not, however, bar review of all prejudgment orders. In *Cohen*, we described a "small class" of district court decisions that, though short of final judgment, are immediately appealable because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Ibid.* See also *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-145(1993)* (citing *Coopers & Lybrand v. Livesay, 437 U.S. 463, 468(1978)).*

Behrens v. Pelletier, 516 U.S. 299, 305 (1996). The issue of whether the Court may allow service on undersigned counsel to serve as notification of individual defendants in their personal capacity is one which "finally determines the issue of service (which is separable from, and collateral to, rights asserted in the action).

Constitutional Due Process issues are too important to be denied review and are completely independent of the causes of action asserted by the plaintiff to require that appellate

7

consideration to be deferred until the whole case is adjudicated.  Undersigned counsel, impressibly and in violation fo the Constitution, has been forced to accept representation of individual defendants in their personal capacity.  Undersigned Counsel will be impermissibly forced to bear the costs of defense of individual defendants in their personal capacity.  An appeal from a final order will be unable to remedy this issue.  Undesigned Counsel also has no means of communicating with the individual defendants in their personal capacity which the Court has forced upon counsel.   The issue  of whether service is defective when it is made on a counsel who does not represent the individual defendants in their personal capacity must be resolved as a threshold matter by the Court of Appeals.     Plaintiff's opposition to Libya's motion to stay all proceedings before the Court, as well as plaintiff's cross-motion to certify Libya's appeal as frivolous, are both without <u>any</u> legal merit under any stretch of the imagination.

**CONCLUSION**

For the foregoing reasons the Court should stay all proceedings in the above captioned matter until the resolution of the issues before the United States Court of Appeals for the District of Columbia Circuit. The Court should also deny plaintiff's cross-motion to certify Libya's appeal as frivolous and further award such costs which the Court deems appropriate against the plaintiff for filing a frivolous cross-motion.

Dated:	April 24, 2007	Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 //s//　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　Arman Dabiri
　　　　　　　　　　　　　　　　　Law Offices of Arman Dabiri & Associates, PLLC
　　　　　　　　　　　　　　　　　1725 I Street, N.W.
　　　　　　　　　　　　　　　　　Suite 300
　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　Tel. (202) 349-3893
　　　　　　　　　　　　　　　　　E-mail: armandab@worldnet.att.net

　　　　　　　　　　　　　　　　　*Counsel for Defendants*