# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LA REUNION AERIENNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 05-1932 (HHK) |
| | ) | |
| | ) | |
| SOCIALIST PEOPLE'S LIBYAN | ) | |
| ARAB JAMAHIRIYA, *ET AL.,* | ) | |
| | ) | |
| Defendants. | ) | |

## OPPOSITION TO PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT BY INDIVIDUAL DEFENDANTS

The individual defendants in their personal capacity, apart from defendant Muammar

Qadhafi against whom the case is stayed, oppose plaintiff's (hereafter "LRA") motion for

summary judgment pursuant to the Court's Order of July 17, 2007 instructing that "on or before

August 3, 2007, the individual defendants shall file their opposition to LRA's motion for

summary judgment (as supplemented by its filing on April 13, 2007)."  LRA's claims against the

Socialist People's Libyan Arab Jamahiriya and the Libyan External Security Organization

(collectively "Libya") have also been stayed pursuant to the Court's July 17, 2007 Order pending

the outcome of Libya's interlocutory appeal of the issue of Libya's foreign sovereign immunity

and the Court's subject-matter jurisdiction to decide the case.[1]  LRA's claims against the

individual defendants in their official capacities were previously abandoned by LRA and

---

[1] The Court's Order of July 17, 2007 notes that the appeal by Libya was not joined by the individual defendants.  This is clear as undersigned counsel cannot file a notice of appeal on behalf of clients which he does not represent.  Such representation may possibly subject undersigned counsel to ethical and disciplinary action.

dismissed by the Court's March 9, 2007 Opinion Order.[2]  <u>La Réunion Aérienne v. Socialist People's Libyan Arab Jamahiriya</u>, 477 F.Supp.2d 131, 133 (D.D.C. 2007).

## I.    The Court Lacks Personal-Jurisdiction

Undersigned counsel must commence its opposition by once again reiterating that he does not represent the individual defendants in their non-official or personal capacities. Undersigned counsel is also not making an appearance on behalf of the individual defendants in this matter and only submits this opposition pursuant to the Order of the Court and to avoid an entry of default or possibly being held in contempt for refusing the Court's order.

LRA in this case has failed to effect proper service on the individual defendants in their personal capacity.  The Court, in its Order of June 2, 2006, allowed LRA to make service of process on the individual defendants in their personal capacities by way of mail on undersigned counsel of record for Libya and the individual defendants in the official capacity.  The Order of the Court was granted despite objections of counsel and unambiguous representations that undersigned counsel is not retained by the individual defendants in their personal capacity.

The filing of this opposition does not waive any defenses of the individual defendants in their personal capacity for the purposes of appeal.  Specifically this opposition does not waive the issue of the Court's personal jurisdiction over the defendants.  In this case it is unquestionable that the individual defendants in their personal capacity <u>have not been properly</u>

_____

[2] LRA abandoned its claims against the individual defendants in their official capacity in its opposition to Libya's July 25, 2006 motion to dismiss. The Court held: "As represented in its opposition, LRA now wishes to proceed against these six defendants in their personal capacities only."  <u>La Réunion Aérienne</u>, 477 F.Supp.2d at 133.

served.  Undersigned counsel has also been unable to locate any precedent where service on an

unretained counsel has been deemed to be effective service on an individual defendant.

The individual defendants (in their personal capacity) do not have actual notice of the

instant case.[3]  Even assuming that service by LRA on undersigned counsel could possibly

constitute actual notice it would not satisfy Fed. R. Civ. P 4 or the due process requirements of

the Constitution for the Court to exercise personal jurisdiction over the individual defendants.

See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 252 F.3d 916,

924-25 (11th Cir. 2003);  1 Moore's Federal Practice § 4.03[3][a] (3rd ed. 2002) ("Generally

independent knowledge by defendant that an action has been commenced is insufficient, in the

absence of proper service of process, to confer jurisdiction over defendant.  The defendant

should be properly be served with a summons.");  Murphy Bros., Inc. v. Mitchetti Pipe

Stringing, Inc. 526 U.S. 344, 347 (1999);  Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S.

97, 104 (1987).

The Court's June 2, 2006 permitted LRA to serve undersigned counsel pursuant to Fed.

R. Civ. P. 4(f)(3).  Rule 4(f)(3) is designed for service upon the defendant "by other means not

prohibited by international agreement as may be directed by the court." Id.  There is no evidence

that Rule 4(f)(3) also allows for service on another individual and for such service to be

considered as proper service on the defendants.

As there is no actual notice of the instant suit to the individual defendants and as mailing

to undesigned counsel is ineffective service the Court is without personal jurisdiction and should

---

[3] Undersigned counsel does not have any means of communicating with the individual
defendants.  Even if undersigned counsel could communicate with the individual defendants he
would not do so as he is not retained as counsel by the individual defendants.

deny LRA's motion for summary judgment.  The Court and LRA may not ignore the Federal Rules of Civil Procedure and constitutional due process requirements.

## II.    <u>Expiration of Statute of Limitations</u>

LRA, a French partnership representing the interests of a group of insurance companies, brought the instant case against Libya and six individual defendants to recover payments it made to the estates of the passengers killed on board UTA Flight 772 which exploded over Africa on September 19, 1989.

LRA's injuries arose on or about August of 1990, as evidenced by LRA's own exhibits (releases of claims) to its supplemental memorandum of law filed on April 13, 2007.   LRA made payments to the estates and the family members of the passengers killed on board UTA Flight 772 in 1990.   LRA did not file the instant suit against the individual defendants in their personal capacity until September 30, 2005 which is over fifteen years after LRA's injuries arose.

Regardless of the choice of law applied, the statute of limitation for LRA to bring suit against the individual defendants in their personal capacity has unquestionably run.[4]  LRA's claims were clearly not filed within a reasonable period of time.[5]  LRA has asserted causes of

---

[4] LRA in this instance cannot benefit from arguing that it was barred from asserting claims by the Foreign Sovereign Immunities Act until 1996 as the claims are against the individual defendants in their personal capacity.  Such a case could have been filed by LRA at any point after 1990 when it made payments to the estates and families of the deceased passengers on board UTA flight 772.  Yet LRA failed to file suit until over 15 years after its payments.

[5] LRA attempted to intervene in the matter of <u>Pugh v. Socialist People's Libyan Arab Jamahiriya</u>, Civil Case No. 02-2026 (HHK) in 2005.  The Court in <u>Pugh</u> denied LRA's motion to

action against the individual defendants in their personal capacity pursuant to 18 U.S.C. § 2333(a) , the Flatow Amendment and 28 U.S.C. § 1350.[6]

18 U.S.C. § 2335(a) states:

> **§ 2335. Limitation of actions**
> (a) In General. - subject to subsection (b), a suit for recovery of damages under section 2333 of this title shall not be maintained unless commences within 4 years after the date the cause of action accrued.

The clear and unambiguous language of § 2335 shows that LRA's claims are time barred and the Court should deny LRA's motion for summary judgment and dismiss LRA's claims against the individual defendants with prejudice.

Any claims that LRA can and has asserted against the individual defendants in their personal capacity under the Flatow Amendment, 28 U.S.C. § 1605 note, is barred by the Foreign Sovereign Immunities ten year statue of limitations. 28 U.S.C. § 1605(f).

This Court, in the matter of Vine v. Republic of Iraq, 459 F.Supp.2d 10, 20-21 held that the injuries of the plaintiffs in that case arose when they were taken as hostages, and not at the time of the amendment of the FSIA by the terrorism amendment (28 U.S.C. § 1605(a)(7)). The plaintiffs in that case were taken as hostages in 1990. In that case the Court distinguished between a cause of action arising and when it accrues. In this case LRA could have asserted a cause of action against the individual defendants in their personal capacity as soon as it made

---

intervene as untimely under Fed. R. Civ. P. 24. LRA's appealed the Court's denial of its motion to intervene. The United States Court of Appeals for the District of Columbia affirmed the Court's denial by summary affirmance on March 2, 2006.

    [6] Any claim under state law would also be time barred as the statue of limitations in the above reference federal statutes far exceed those of any state law.

payments in 1990.

Finally any cause of action under the Alien Trot Claims Act is also time barred by the 10 year statute of limitation of that Act. 28 U.S.C. § 1350. Section 2(c) of the Act states:

"**(c) Statute of Limitations. –** No action shall be maintained under this section unless it is commenced within 10 years after the cause of action arose." The language of section 2(c) of the ATA also speaks to the when the cause of action "arose" and LRA is once again time barred by the logic and well reasoned analysis of Vine. *Id*.

LRA also may not benefit from any principles of equitable tolling. The controlling case in this Circuit on the principles of equitable tolling is Phillips v. Heine, 984 F.2d 489 (D.C. Cir. 1993). *See also* Vine, F.Supp.2d at 22-23.    The Court in Phillips states:

> In the absence of some congressional intent to the contrary, federal statutes of limitation are subject to the doctrine of equitable tolling, which shelters the plaintiff from the statute of limitations in cases where strict application would be inequitable.

*Id.* The Phillips Court further held as follows:

> Tolling is an equitable doctrine, designed to protect a plaintiff who, through no fault of his *or* the defendant's, would be barred unfairly by strict application of the statute. Thus, although courts often speak vaguely of the doctrine's suspending the operation of the statute until the tolling circumstance is corrected, tolling does not bring about an automatic extension of the statute of limitations by the length of the tolling period. It gives the plaintiff extra time *only* if he needs it. If [the plaintiff] doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations which after all exists to advance important interests in evidentiary accuracy and repose**.** The purposes of the doctrine are fully achieved if the court extends the time for filing by a reasonable period after the tolling circumstance is mended.

*Id*. (Internal quotes and citations omitted).

LRA in this instance had ample time and opportunity to file the instant suit prior to 2005 (or its untimely attempted intervention in <u>Pugh</u> in 2005). LRA's cause of action arose in 1990 and are consequently time barred. The principle of equitable tolling will not, under any circumstances, automatically extend LRA's time as the delay for filing is unjustified.

## <u>CONCLUSION</u>

As the Court is without personal jurisdiction over the individual defendants due to plaintiff's failure to effect proper service and as plaintiff's claims against the individual defendants are time barred, the Court should deny plaintiff's motion fo summary judgment. A propose order and defendants statement of undisputed material facts are attached hereto.


Dated:        August 3, 2007                    Respectfully submitted,


                                         //s//_____
                                        Arman Dabiri
                                        Law Offices of Arman Dabiri
                                              & Associates, P.L.L.C.
                                        1725 I Street, N.W.
                                        Suite 300
                                        Washington, D.C. 20006
                                        Tel. (202) 349-3893
                                        E-mail: aarmandab@worldnet.att.net


                                        *Counsel for Libyan Government*