UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
LA RÉUNION AÉRIENNE                         )
                                            )   Civil Action No. 05-01932 (HHK)
                  Plaintiff,                )
         v.                                 )
                                            )
SOCIALIST PEOPLE'S LIBYAN                   )
ARAB JAMAHIRIYA, LIBYAN EXTERNAL            )
SECURITY ORGANIZATION, MUAMMAR              )   **Hearing Requested**
QADHAFI, ABDALLAH SENOUSSI, AHMED           )
ABDALLAH ELAZRAGH, IBRAHIM NAELI,           )
ARBAS MUSBAH, ISSA ABDELSALAM               )
SHIBANI AND ABDELSALAM HAMMOUDA             )
EL AGELI                                    )
                                            )
                  Defendants.               )
_____)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AGAINST THE INDIVIDUAL DEFENDANTS**

August 9, 2007

                                                               COZEN O'CONNOR
                                                               45 Broadway
                                                               16th Floor
                                                               New York, NY 10006
                                                               (212) 509-9400
                                                               (212) 509-9492 (facsimile)
                                                              *Attorneys for Plaintiff*
                                                               *La Réunion Aérienne*

The individual defendants'[1] opposition to the motion for summary judgment brought by La Réunion Aérienne ("LRA") does not address any of the substantive bases set forth by LRA in support of its motion, as set forth in any of LRA's submissions including its Statement of Undisputed Material Facts, its Memorandum of Law and its Supplemental Memorandum, but instead argues once again that those individuals were not properly served in their personal capacities, and also argues, for the very first time after almost two years of litigation, that LRA's claim is time-barred.  Defendants' contentions claiming improper service, which have already been rejected by the Court, continue to lack merit, and their argument concerning the statute of limitation is waived.

**I.     The Court May Properly Assert Personal Jurisdiction Over The Individual Defendants.**

The individual defendants claim that the Court lacks personal jurisdiction over them because they were not properly served "in their personal capacity."  Brief at 2.  In particular, counsel, who states that he represents the individual defendants in their official capacities only, but not in their personal capacities, contends that the court-ordered means of service – by mail

---

[1]     LRA moved for summary judgment against all defendants.  This Court stayed the proceedings as against defendants Libya and LESO, but not as against the individual defendants, pending the outcome of an appeal taken by Libya and LESO.  July 17, 2007 Order, Docket # 30.  Thus, just the individual defendants, but only in their personal capacities, filed an opposition to the summary judgment motion.

The individual defendants point out in that regard that the Court noted that LRA wishes to proceed against them in their personal capacities only.  Brief at 2, fn. 2, citing 477 F. Supp.2d at 133, n. 1.  While LRA has conceded that certain claims, such as for punitive damages, are available only against the individuals in their personal capacities, LRA did not abandon its other claims, such as for personal injury and death, against these individuals in their official capacities.  *See, e.g.,* Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment (Docket # 16) at 17.  Nor did it abandon its claims arising out of the destruction of the aircraft.

upon him – was ineffective to provide actual notice to the individual defendants in their personal capacities. Brief at 3. As a result, counsel contends, the court-ordered procedure offends due process. *Id.*

What this line of argument ignores is that the very counsel upon whom service was effected pursuant to the Court's order admits that he represents, and has actually entered an appearance in this matter on behalf of, these selfsame individuals, albeit in their official capacities.[2] There is no question, thus, but that these individuals must be deemed to have received notice of this case and of the events herein. The fact that counsel claims to have been authorized to represent these individuals only in one capacity but not in the other[3] does not nullify the fact that notice of the proceedings was provided, and that the defendants were afforded the opportunity to respond.[4] The requirements of due process have been met. *See* 1 MOORE'S FEDERAL PRACTICE § 4.52[3] (3d ed. 2007) ("To comport with due process, the method of service ordered by the district court must be reasonably calculated to apprise the defendant of the action and afford an opportunity to respond").

The individual defendants also claim that in addition to constitutional due process requirements, service also has to be proper under Fed. R. Civ. P. 4. Brief at 3. This Court has already held that the means it devised meets the requirements of Fed. R. Civ. P. 4(f)(3). *See* 477

---

[2]   *See* Notice of Appearance, Docket # 6.

[3]   Counsel contends that he could not file a notice of appeal on behalf of the individual defendants in their personal capacities because he does not represent them. To the same extent as he moved to dismiss the complaint on behalf of those individuals, he could have appealed the denial of that motion on behalf of them.

[4]   It should be noted that the individual defendants in their <u>personal</u> capacities joined in the motion by all other defendants to dismiss the complaint (Docket # 13), arguing not just improper service, but also that the suit against them in their personal capacities was redundant of the suit against Libya and must be dismissed for that reason. (Brief, *id.*, at 25-26). Thus, the individual defendants have waived any contention concerning improper service.

F. Supp.2d 131, 140. Defendants' endless re-litigation of the same question, without adding anything new, fails to raise any issue. Notably, this Circuit has approved service by means far less likely to provide notice than the means directed by the Court herein. *See Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005) (service by publication on foreign terrorist was sufficient when publication was made in periodicals they were likely to read). The individual defendants' repeated argument concerning the propriety of service continues to lacks merit.

**II.    The Individual Defendants Waived Any Defense Based On The Statute Of Limitations.**

The individual defendants claim, for the very first time in this case, that LRA's claims are time barred. Previously all defendants, including the individual defendants in both their official and personal capacities, moved to dismiss the complaint for a variety of reasons, without ever so much as mentioning the statute of limitations. *See* Defendants' Motion to Dismiss, July 25, 2006, Docket # 13.[5] The defendants have waived this defense. A defendant simply cannot seek to have the Court first adjudicate whether the plaintiff may proceed with its claims, as all defendants herein did in their motion to dismiss, and only thereafter, after the Court has ruled that the claims may proceed, require for the first time that the Court consider the timeliness of the issues it has already adjudicated. *See In re Kontric*, 295 F.3d 724, 735 (7th Cir. 2002).

---

[5] All of these very same defendants have also been litigating the *Pugh* Action (Docket No. 1:02 cv 02026) for almost five years, filing two motions to dismiss, two appeals, an answer and a cross-motion for summary judgment, without ever raising a statute of limitations defense, notwithstanding that the claims in that case, which arise out of the same terrorist acts as at issue here, arose some 13 years before suit was brought.

Notably, LRA sought to intervene in the *Pugh* Action, and on August 2, 2005, Libya, LESO and the individual defendants filed an opposition to that motion (*Pugh*, Docket # 29), also failing to raise any issue as to the statute of limitations. The within action ensued promptly thereafter.

3

The statute of limitations is an affirmative defense (Fed. R. Civ. P. 8(c)), and it is waived by failure to raise the defense in a timely fashion, or by pleading or moving in the case without raising it. *See Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1427 (D.C. Cir. 1986) ("Reliance on a statute of limitations is an affirmative defense and is waived if a party does not raise it in a timely fashion"); *Davis v. Bryan*, 810 F.2d 42, 44-45 (2nd Cir. 1987) (erroneous for court to *sua sponte* grant summary judgment dismissing claim as barred by statute of limitations where defendants made pre-answer motion to dismiss which did not assert the affirmative defense of statute of limitations). In this case, the defendants waited almost two years, and until after substantial motion practice including a fully-adjudicated motion to dismiss initiated by them, before raising this defense for the first time.

The rule in this Circuit is that in order to avoid waiver, a defendant must raise a Rule 8(c) affirmative defense either in a first responsive pleading, or in a pre-answer dismissal motion, if that comes before the answer. *See Harris v. Secretary, U.S. Dept. of Veterans Affairs*, 126 F.3d 339, 345 (D.C. Cir. 1997):

> we hold that Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion. The Fifth Circuit has interpreted Rule 8(c) similarly. *See Ashe v. Corley*, 992 F.2d 540, 545 n.7 (5th Cir. 1993); *Funding Systems Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976)(unpled affirmative defense cannot be raised on summary judgment unless summary judgment motion is first responsive pleading).

*See also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) ("In *Harris*, we cited with approval *Funding Systems Leasing Corp. v. Pugh*, 530 F.2d 91, 95 (5th Cir. 1976), which adopted the majority view that unpled affirmative defenses cannot be raised by dispositive motion unless that motion is the first responsive pleading"); *Dole v. Williams Enterprises, Inc.*, 876 F.2d 186, 189-90 (D.C. Cir. 1989) (party's failure to plead an affirmative defense generally

4

"results in the waiver of that defense and its *exclusion from the case*," quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (1969 & Supp. 1986), emphasis in original).

Nor is this Circuit alone in that regard; other Circuits hold similarly. *See, e.g., U.S. v. Landau*, 155 F.3d 93, 107 (2nd Cir. 1998) (defendants waived statute of limitations defense when they first raised it in summary judgment motion some eight months after plaintiff's summary judgment motion, in which defendants did not raise the defense); *U.S. v. Big D Enterprises*, 184 F.3d 924, 935 (8th Cir. 1999) ("A defense based upon the statute of limitations is generally waived if not raised in a responsive pleading"); *In re Kontrick*, 295 F.3d 724, 734 (7th Cir. 2002) (same); *Funding Systems Leasing Corp v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976) (affirmative defense may be raised for the first time in a motion for summary judgment "only when the motion for summary judgment is the initial pleading tendered by defendant").

Accordingly, the individual defendants, as well as all other defendants, have waived any defense seeking application of the statute of limitations to any of the claims against them in this matter.

### III. The Individual Defendants Have Raised No Issue That Would Preclude The Grant Of LRA's Summary Judgment Motion.

The individual defendants' opposition to LRA's summary judgment motion consists solely of its arguments alleging improper service and limitations, neither of which bars LRA's claims, for the reasons set forth above. However, the defendants did not controvert a single fact identified by LRA in its Statement of Undisputed Material Facts (Docket # 16), or a single substantive argument in LRA's Memorandum (*Id.*) or Supplemental Memorandum (Docket # 23) in support of its summary judgment motion. The individual defendants must thus be deemed to

have admitted the truth of LRA's allegations, which suffice for the grant of summary judgment[6] on LRA's claims for compensatory damages as a result of personal injury and death, for LRA's Interlease-related damages, and for punitive damages.

## CONCLUSION

For all the reasons set forth herein, and in LRA's Memorandum and Supplemental Memorandum in support of its motion for summary judgment, LRA's motion for summary judgment as against the individual defendants should be granted in all respects, and the Court should enter a finding of liability on LRA's claims against the individual defendants for compensatory damages as a result of personal injury and death, for LRA's Interlease-related damages, and for punitive damages.

Date: August 9, 2007

Respectfully submitted,

 /S/ Christopher B. Kende
Christopher B. Kende, Esquire (D.C. 416487)
COZEN O'CONNOR
45 Broadway
New York, NY 10006
(212) 509-9400
(212) 509-9492 (facsimile)
*Attorneys for Plaintiff*
*La Réunion Aérienne*

---

[6]   Local Civil Rule 7(h) provides, in pertinent part, "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."