UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
LA RÉUNION AÉRIENNE                         )
                                            )   Civil Action No. 05-01932 (HHK)
                  Plaintiff,                )
          v.                                )
                                            )
SOCIALIST PEOPLE'S LIBYAN                   )
ARAB JAMAHIRIYA, LIBYAN EXTERNAL            )
SECURITY ORGANIZATION, MUAMMAR              )
QADHAFI, ABDALLAH SENOUSSI, AHMED           )
ABDALLAH ELAZRAGH, IBRAHIM NAELI,           )
ARBAS MUSBAH, ISSA ABDELSALAM               )
SHIBANI AND ABDELSALAM HAMMOUDA             )
EL AGELI                                    )
                                            )
                  Defendants.               )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h), Plaintiff La Réunion Aérienne ("LRA") respectfully submits its response to the individual defendants' statement of material facts as to which the individual defendants contend there is no genuine issue.

Because the individual defendants' opposition to LRA's summary judgment motion purports to raise issues not addressed by LRA in its moving papers, LRA also provides a supplemental statement of undisputed material facts addressing those issues.

<u>Response to the Individual Defendants' Statement of Undisputed Material Facts</u>

1.   LRA served the individual defendants pursuant to Fed. R. Civ. P. 4(f)(3), as directed by the Court.

2. LRA admits that service upon the individual defendants was made by mail upon Arman Dabiri counsel of record for those very individuals, as directed by the Court.

3. LRA lacks knowledge or information sufficient to form a belief as to the capacity in which Arman Dabiri was retained by the individual defendants.

4. LRA lacks knowledge or information sufficient to form a belief as to whether Arman Dabiri is able to communicate with the individual defendants.

5. LRA lacks knowledge or information sufficient to form a belief as to whether Arman Dabiri has communicated with the individual defendants regarding this suit. Nevertheless, insofar as Arman Dabiri admits that he represents the individual defendants in this suit, albeit in another capacity, those individuals must be deemed to have notice of these proceedings.

6. LRA made payments to the estates and families of the passengers killed on UTA flight 772 on a variety of dates. LRA also made payment to Interlease.

7. Admitted.

Supplemental Statement of Undisputed Material Facts

1. The Court directed that service may be made on the individual defendants in their personal capacities by serving Arman Dabiri by mail. (June 2, 2006 Order, Docket # 10)

2. Plaintiff served the individual defendants by serving Arman Dabiri by mail, as directed by the Court. (Certificate of Service, Docket # 11)

3. The Court has already rejected the individual defendants' claim that service was not properly effected. (477 F. Supp.2d 131, 140 (March 9, 2007))

4. The individual defendants in their personal capacities are the same persons as the individual defendants in their official capacities. (Complaint, Docket # 1)

5.  Arman Dabiri has entered an appearance in this matter on behalf of the individual defendants in their official capacities. (Notice of Appearance, Docket # 6)

6.  On July 25, 2006, all defendants, including the individual defendants in their personal and official capacities, moved to dismiss the action, without raising statute of limitations as a defense. (Docket # 13)

7.  LRA filed a motion for summary judgment on September 22, 2006. (Docket # 16) On October 3, 2006, the individual defendants (in their official capacity) moved to strike the summary judgment motion, without mention of a statute of limitations defense. (Docket # 17)

8.  On October 6, 2006, the individual defendants (in their official capacities) filed reply papers on their motion to strike LRA's summary judgment motion, without mentioning any statute of limitations defense. (Docket # 19)

9.  On October 13, 2006, all defendants, including the individual defendants in both their personal and official capacities, filed their reply brief on the motion to dismiss, without mentioning any statute of limitations defense. (Docket # 20)

10. After the Court issued its Order on the pending motions to dismiss and for summary judgment, Libya and LESO filed a notice of appeal. (Docket # 22) In their statement of issues on appeal, no mention was made of any issue concerning the statute of limitations. (D.C. Circuit case no. 07-7050, Docket # 1)

11. LRA moved to have the appeal declared as frivolous. (Docket # 25) In their opposition to that motion, filed May 2, 2007, the defendants made no mention of any issue concerning the statute of limitations. (Docket # 27)

12. The *Pugh* Action (Case No. 1:02 cv 02026) arises out of the same terrorist acts as the within action, and involves the same defendants.

13. The *Pugh* Action was brought some 13 years after the terrorist acts at issued occurred.

14. The *Pugh* Action has been pending since October 2002. The defendants in the *Pugh* Action have twice moved to dismiss, have twice appealed, have answered and have moved for summary judgment, without ever having raised an issue concerning the statute of limitations.

15. On July 20, 2005, LRA moved to intervene in the *Pugh* Action (*Pugh* Docket # 27). The individual defendants filed an opposition to the motion to intervene (*Pugh* Docket # 29) in which they raised no issue concerning the statute of limitations.

16. The individual defendants' opposition to LRA's motion for summary judgment, filed August 3, 2007 (Docket # 31), contains the first assertion by the individual defendants, or any other defendant, in either the within action or in the *Pugh* Action, of the statute of limitations as a defense.

Date: August 9, 2007

Respectfully submitted,

 /S/ Christopher B. Kende
Christopher B. Kende, Esquire (D.C. 416487)
COZEN O'CONNOR
1627 I Street, NW
11th Floor
Washington, D.C. 20006
(202) 912-4800
(202) 912-4830 (facsimile)
*Attorney for Plaintiff*
*La Réunion Aérienne*