UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA RÉUNION AÉRIENNE<br><br>Plaintiff,<br>v.<br><br>SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, LIBYAN EXTERNAL SECURITY ORGANIZATION, MUAMMAR QADHAFI, ABDALLAH SENOUSSI, AHMED ABDALLAH ELAZRAGH, IBRAHIM NAELI, ARBAS MUSBAH, ISSA ABDELSALAM SHIBANI AND ABDELSALAM HAMMOUDA EL AGELI<br><br>Defendants. | Civil Action No. 05-01932 (HHK) |

**PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. § 1605A, AND ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

February 28, 2008

COZEN O'CONNOR
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400
(212) 509-9492 (facsimile)
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS & ARGUMENT .................................................................... 2

1. The Terrorist Bombing and Its Immediate Aftermath ................................................ 2

2. LRA Brings this Action .............................................................................................. 3

3. The Court's Prior Determinations ............................................................................... 4

4. The Retroactive Applicability of the Amendment ..................................................... 4

5. The Amendment's Affect on the Court's Prior Determinations ................................. 6

6. Plaintiff's Motion to Amend ....................................................................................... 8

CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

28 U.S.C. § 1605 .............................................................................................................. 1

28 U.S.C. § 1605(a)(7) ..................................................................................................... 6

*[1]  28 U.S.C. § 1605A ................................................................................................ passim

P.L. 110-181 (2008), § 1083 ............................................................................................ 4

Fed. R. Civ. P. 15(a) .................................................................................................... 2, 8

---

[1]  Primary authority relied upon by plaintiff.

PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. § 1605A,
AND ITS MOTION TO AMEND THE COMPLAINT

INTRODUCTION

On January 28, 2008, President Bush signed into law an exhaustive and far-reaching amendment to 28 U.S.C. § 1605, the statute which sets forth the "terrorism exception" to the Foreign Sovereign Immunity Act ("FSIA"). Section 1605 is the statute under which Plaintiff La Réunion Aérienne ("LRA") originally brought this action against Libya, its security organization and various of its officials. The amendment to that statute (28 U.S.C. § 1605A, hereinafter, the "Amendment," copy appended hereto as Exhibit "1") -- which by its terms is *retroactively* applicable to this case so long as Plaintiff moves, on or before March 28, 2008, to have it applied[2] -- constrains this Court to now revisit and reverse several of its rulings, allows Plaintiff to seek relief it did not previously seek, and also resolves several issues presently under consideration in this Court and in the Court of Appeals.

Among other things, and as directly applicable to the pending action, the Amendment:

1. creates a private cause of action for wrongful death and personal injury against a state sponsor of terrorism and its agents and officials, thereby obviating any need to base such causes of action exclusively on state law;

2. creates a private cause of action for foreseeable property loss against a terrorist state and its agents and officials, so long as an action has also been brought against them for wrongful death or personal injury, thereby constraining this

---

[2] This is the motion to have the Amendment applied, and for leave to file an amended complaint reflecting the sea change in the law. Plaintiff respectfully requests expedited treatment of the motion for leave to amend, based on the 60-day window for filing a new action, so that in the event the Court does not grant that motion, Plaintiff will have an opportunity before the March 28, 2008 deadline to file a new action.

1

          Court to reverse its determination that property damages may not be sought against Libya and its security organization under the terrorism exception to the FSIA;

3. allows for punitive damages to be sought against a terrorist state and its agents and officials, and not just against foreign individuals in their personal capacity, thereby providing Plaintiff with the right to amend the Complaint to seek such relief;

4. makes explicit that third parties, including life and property insurers, may seek recovery for their losses to the same extent as the parties who suffered the direct injury, an issue which this Court resolved in Plaintiff's favor, but which is on appeal; and

5. makes a terrorist state vicariously liable for the acts of its agents and officials which fall within the terrorist exception to the FSIA.[3]

This is Plaintiff's motion seeking to have the Amendment applied retroactively to the this case, and to have the Court vacate and reverse its previous holdings which dismissed causes of action granted by the Amendment. By this motion, LRA also seeks leave, pursuant to Fed. R. Civ. P. 15(a), to amend its Complaint to assert the claims the Amendment explicitly allows.

## STATEMENT OF FACTS & ARGUMENT

**1.    The Terrorist Bombing and Its Immediate Aftermath.**

This Court is familiar with operative facts of the terrorist incident at issue which resulted in the murder of 170 innocent civilians, among then seven U.S. nationals, and the destruction of

---

[3]    The Amendment had other effects as well, which are not an issue for this Court or at this time, such as restricting interlocutory appeals arising under the FSIA and providing for a limitation period of ten years from April 24, 1996, or the date on which the cause of action arose, whichever is later.

the Aircraft on which they were flying. For purposes of this motion, it is sufficient to reiterate that following the explosion of the Aircraft the insurers on whose behalf LRA acts reimbursed $34 million to Interlease, the owner of the Aircraft, and paid the survivors and estates of the American decedents $2,011,172.42, as nearly as can now be computed. In return, Interlease and the decedents' representatives and estates assigned their claims against the responsible parties to those insurers, to the extent of the insurers' payments to them.[4] Interlease also transferred title to the destroyed Aircraft to those insurers. The releases and the papers effecting the transfer of the Aircraft's ownership are part of the record herein (Docket Nos. 16 and 23).

2.   **LRA Brings this Action.**

Subsequently, LRA brought this lawsuit against Libya, the Libyan External Security Organization (together, the "State Defendants"), and seven Libyan officials, in both their official and personal capacities (collectively, the "Individual Defendants"). In its Complaint, LRA sought to recover from all defendants the payments the insurers had made to the Decedents' survivors and to Interlease, basing its claims on the common and statutory law of the various states where its assignors were domiciled. Specifically, LRA asserted that it was entitled to be compensated, both as assignee and subrogee of the survivors and of Interlease and based on a right of indemnification and contribution against the tortfeasors, as well as, with regard to the Aircraft which it owned, based on theories of conversion and trespass to chattels. Finally, LRA sought punitive damages, but only against the Individual Defendants in their personal capacity, given the limitations under the previous version of the terrorism exception to the FSIA.

---

[4]   Those payments are undisputed both by Libya and the recipients thereof, as noted in previous motions filed herein.

3

3.  **The Court's Prior Determinations.**

The defendants moved to dismiss, claiming that most, if not all, of LRA's causes of action were barred by the FSIA. In its Order (477 F. Supp.2d 131) the District Court accepted some of Libya's arguments, but rejected others. In particular, the Court agreed with LRA that the terrorism exception to the FSIA specifically contemplated third-party claims for money damages for both wrongful death and personal injury. At the same time, however, the Court agreed with the defendants that the state-sponsored terrorism exception did not encompass property damage claims, including claims by an insurer to recover money it paid on a property damage claim. Thus, the Court struck those claims as against the State Defendants.

In addition, the Court reserved decision on the punitive damage claims, which, as noted, had only been interposed against the individual defendants in their personal capacity, pending further development, on a summary judgment motion, of the state law sources of this asserted right. Finally, the Court rejected the defendants' attack on the Complaint as insufficiently alleging the sources of the various causes of action that were pled, holding that LRA had satisfied its burden at the pleading stage but that it would have to do more to ultimately obtain judgment.[5]

4.  **The Retroactive Applicability of the Amendment.**

Public Law 110-181 (2008), section 1083 (which encompasses the Amendment) provides, in pertinent part, as follows:

> (c) Application to Pending Cases-
>
> (1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

---

[5] Defendants appealed this Court's Order. Most of the oral argument, on February 7, 2008, concerned whether the Amendment rendered the appeal moot. The appeal remains *sub judice*.

(2) PRIOR ACTIONS-

(A) IN GENERAL- With respect to any action that--

(i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), before the date of the enactment of this Act,

(ii) relied upon either such provision as creating a cause of action,

(iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

(iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure,

that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code.

(B) DEFENSES WAIVED- The defenses of res judicata, collateral estoppel, and limitation period are waived--

(i) in any action with respect to which a motion is made under subparagraph (A), or

(ii) in any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), and is refiled under section 1605A(c) of title 28, United States Code,

to the extent such defenses are based on the claim in the action.

(C) TIME LIMITATIONS- A motion may be made or an action may be refiled under subparagraph (A) only--

(i) if the original action was commenced not later than the latter of-

(I) 10 years after April 24, 1996; or

> (II) 10 years after the cause of action arose; and
>
> (ii) within the 60-day period beginning on the date of the enactment of this Act.

This action easily meets each of these qualifications. Specifically, the action was brought under 28 U.S.C. § 1605(a)(7), it relied upon that provision as creating a cause of action but was adversely affected in that the Court held that the provision did not create the cause of action, and the action is still before the Court. Thus, LRA may make this motion, whereupon the action will retroactively be treated as if the Amendment were in effect at the time it was brought.

Moreover, upon the bringing of this motion, the defenses of res judicata and collateral estoppel are waived, meaning that LRA may reassert claims that previously were dismissed, but would have been allowed under the Amendment had it been in place at the time, without being faced with a defense that the issue has already been decided. Finally, the Amendment makes clear that the action and motion are timely, as the original action was commenced within ten years after April 24, 1996, and the motion is being made within the 60-day window after the Amendment was enacted.

Thus, the Court should grant LRA's motion, and treat this action as if it had originally been brought under the statute as amended.

5.  **The Amendment's Affect on the Court's Prior Determinations.**

In its Order on the defendants' motion to dismiss, the Court determined that: (1) the FSIA does not create causes of action, which must be sought under state law; and (2) the terrorism exception to the FSIA did not waive the State Defendants' sovereign immunity with respect to the claims against them arising out of the destruction of the Aircraft. The Amendment retroactively undermines both of those conclusions:

> (c) Private Right of Action- A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to--
>
>> (1) a national of the United States,
>>
>> (2) a member of the armed forces,
>>
>> (3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
>>
>> (4) the legal representative of a person described in paragraph (1), (2), or (3),
>
> for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.
>
> (d) Additional Damages- After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

As can be seen, subsection (c) creates a private right of action, under federal law, for personal injury or death, and subsection (d) creates a private right of action, again under federal law, for property loss, including the recovery by an insurer of payments made under policies it issued, even as against the State Defendants. Thus, the Court must vacate its determination that property damage claims may not be asserted against the State defendants, and must also vacate that part of its Order which requires LRA to find state law sources for the causes of action it asserted.

7

6. **Plaintiff's Motion to Amend.**

As noted, subsection (c) provides that punitive damages may be sought against the State Defendants, as well as against the Individual Defendants in their official capacity. In its Complaint, LRA sought punitive damages only against the Individual Defendants in their personal capacity, because it interpreted the statute (before amendment) and case law thereunder as not allowing for punitive damages against the other defendants. All that has changed, retroactively, and LRA should be permitted to amend its Complaint in that regard.

Similarly, subsection (c) also provides that Libya is vicariously liable for the acts of its agents and officials which fall within the statute as amended. LRA should be permitted to amend its Complaint to assert that right as well. Finally, LRA should be allowed to conform its Complaint to the Amendment in other ways, as applicable, including, for example, asserting that its rights arise out of the statute itself, rather than as a matter of state law. Under Fed. R. Civ. P. 15(a), leave should be freely granted "when justice so requires." This is such a case. Indeed, the right to amend a complaint is implicit in the fact that the Amendment retroactively grants plaintiffs rights that were not available under previously existing law.

A copy of the proposed Amended Complaint is appended hereto as Exhibit "2."

## CONCLUSION

For all of the above reasons, LRA's motion should be granted in its entirety, and (1) this action should be treated as if 28 U.S.C. § 1605A were in place and applied at the time the action originally was brought, (2) the previous rulings of this Court that are in conflict with the statute as amended should be vacated and reversed, and (3) LRA should be granted leave to file an Amended Complaint to assert claims and rights arising as a result of the Amendment. For the

8

reasons stated herein, LRA respectfully requests that this matter be given expedited consideration.

Date:  February 28,  2008

                                                   Respectfully submitted,

                                         /S/ Christopher B. Kende
                                        Christopher B. Kende, Esquire (D.C. 416487)

                                        COZEN O'CONNOR
                                        45 Broadway
                                        16th Floor
                                        New York, New York 10006
                                        (212) 509-9400
                                        (212) 509-9492 (facsimile)
                                        *Attorneys for Plaintiff*