**Exhibit 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA RÉUNION AÉRIENNE<br>50 Rue Ampere<br>Paris 75017<br>France,<br>     Plaintiff,<br> v.<br><br>SOCIALIST PEOPLE'S LIBYAN<br>ARAB JAMAHIRIYA, LIBYAN EXTERNAL<br>SECURITY ORGANIZATION, MUAMMAR<br>QADHAFI, ABDALLAH SENOUSSI, AHMED<br>ABDALLAH ELAZRAGH, IBRAHIM NAELI,<br>ARBAS MUSBAH, ISSA ABDELSALAM<br>SHIBANI AND ABDELSALAM HAMMOUDA<br>EL AGELI<br>Ministry of Foreign Affairs<br>Tripoli, Libya,<br>     Defendants. | Civil Action No. 05-1932(HHK)<br><br><br><br><br><br>**AMENDED<br>COMPLAINT** |

Plaintiff, La Réunion Aérienne, on its own behalf and as assignee and subrogee of the rights of decedents Bonnie Barnes Pugh, James E. Turlington, Sr., Margaret Elizabeth Schutzius, Patrick Wayne Huff, Donald J. Warner, Mihai Alimanestianu, Mark E. Corder (collectively "Decedents") and Interlease, Inc., ("Interlease"), complaining of Defendants, The Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization, (collectively the "Foreign State Defendants"), Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli, (collectively the "Individual Defendants"), alleges as follows:

  1.  Plaintiff, La Réunion Aérienne, at all times relevant, was a *Groupement D'Interet Economique*, which is a special partnership organized and existing in accordance with the French decree of September 23, 1967, acting on behalf of its member insurance companies, namely

Abeille Assurances, Allianz Assurances, Generali France Assurances, Groupama Assurances et Services, CGU Courtage/Gan Euro Courtage, Groupama Transports, General Accident, Caisse Industrielle d'Assurance Mutuelle (CIAM), Mutuelle du Mans, as successors to the rights of Abeille Assurances, Caisse Industrielle d'Assurance Mutuelle (CIAM), General Accident Fire and Life Assurance Corp. Ltd., Hansa, Irish National Insurance Company Ltd., La Concorde, La France IARD, L'Alsacienne, Languedoc, Rhin et Moselle, Union des Assurances de Paris Incendie Accident, La Mutuelle Electrique d'Assurance, Les Mutuelles du Mans IARD, La Suisse and its coinsurers, namely Allianz Marine et Aviation (France), A.M.A. as successor to the rights of AGF Marine Aviation Transport (AGF-MAT), formerly Compagnie D'Assurances Maritimes, Aérienne et Terrestres (CAMAT), and of AGF IART, Groupama Transport as successor to the rights of Groupe des Assurances Nationales I.A., Generali France as successor to the rights of Le Continent, AXA Corporate Solutions Assurances as successor to the rights of La Paternelle as a result of the transfer of several portfolios, La Providence IARD, Seine et Rhone/Oceanide Reunies, now Seine et Rhone, Groupe Drouot, now Drouot Assurances, Société d'Assurance Mutuelle de la Ville de Paris (AMCL MINERVE), now Prévoyance Mutuelle MACL, Assurance Générale de France IART – AGF IART, as successor to the rights of Préservatrice Foncière Assurances.

2.    Plaintiff, La Réunion Aérienne, with its principal place of business in Paris, France, by reason of certain insurance policies hereinafter described, in which it participates on account of its members and coinsurers, and by reason of payments it made under those insurance policies, is the assignee and subrogee of the Decedents' representatives and estates, and of Interlease, for certain claims as hereinafter described.

2

3. Plaintiff, La Réunion Aérienne, by reason of payments it made under the above-described insurance policies, has actionable claims in indemnification and contribution against the Foreign State Defendants and Individual Defendants, as hereinafter described.

4. Plaintiff, La Réunion Aérienne, as owner of the Aircraft destroyed by the Foreign State Defendants and Individual Defendants, has actionable tort claims against those Defendants, as hereinafter described.

5. Upon information and belief, Decedents by their estates and legal representatives, are citizens of various states of the United States, including the states of Texas, Virginia, Montana, North Carolina, Indiana and Georgia.

6. Upon information and belief, Interlease is a corporation organized under the laws of Georgia with its principal place of business in Georgia.

7. Foreign State Defendant Socialist People's Libyan Arab Jamahiriya ("Libya") is a "foreign state" as that term is defined in 28 U.S.C. § 1603, which was designated by the United States Secretary or Department of State as a state sponsor of terrorism at the time of the act which is the subject matter of this Amended Complaint.

8. Foreign State Defendant Libyan External Security Organization ("LESO") is a department of the Libyan Government and as such is an "agency or instrumentality" of Libya, as that terms is defined in 28 U.S.C. § 1603, through which Libya conducted acts of terrorism, including that which is alleged herein.

9. Individual Defendants Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli are, upon information and belief, citizens of Libya and, upon information and belief, reside there.

10. The Individual Defendants are liable for the acts of terrorism herein described, in both their personal and official capacities as officers, employees or agents of Libya and/or LESO.

11. Pursuant to 28 U.S.C. § 1605A, Libya is vicariously liable for the terrorist acts of the Individual Defendants committed in their official capacities.

12. This Court has jurisdiction by reason of 28 U.S.C. § 1330(a), 28 U.S.C. § 1605, 28 U.S.C. § 1605A, and 18 U.S.C. § 2333(a).

13. Plaintiff insured certain risks in connection with a certain DC-10 aircraft, bearing registration number N. 54 629, (hereinafter the "Aircraft") owned by Interlease which risks are more fully described in the policies of insurance numbered No. 89/18.636, No. 89/35.616 and No. 89/18493 (collectively the "Policies").

14. On September 19, 1989, the Aircraft operated by the French airline Union de Transports Aériens ("UTA"), departed Brazzaville, Congo on UTA Flight 772, en route to Paris, France, with a stopover at N'Djamena, Chad.

15. After the stopover, the Aircraft took off and exploded in mid-air over the Tenere Desert in Niger, killing all aboard, including the Decedents, all of whom were citizens of the United States, and destroying the Aircraft and its contents.

16. Upon information and belief, Defendants Libya, LESO, Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli personally and intentionally undertook the actions that caused the Aircraft to explode in mid-air.

17. Upon information and belief Defendants, and each of them, were part of a conspiracy and acted in concert to cause the Aircraft to explode on September 19, 1989.

18. The explosion of the Aircraft constituted a premeditated and deliberate act of international terrorism, extrajudicial killing and aircraft sabotage within the meaning of 18 U.S.C. § 2333(a), 28 U.S.C. § 1605 and 28 U.S.C. § 1605A.

19. The explosion of the Aircraft gave rise to a private right of action, as set forth in 28 U.S.C. § 1605A, for personal injury and death, including economic damages, solatium, pain and suffering, and punitive damages, as well as for property loss and for recovery by Plaintiff of loss claims it paid in connection with the Policies.

20. Alternatively, the explosion of the Aircraft gave rise to a private right of action under the common and statutory law of the domiciles of decedents, their estates and survivors, and Interlease.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## ASSIGNMENT AND SUBROGATION

21. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 20 hereof, as if re-pled and set forth at length.

22. As a proximate result of the willful and reckless acts of Defendants, the Decedents, all U.S. citizens, were killed in the Aircraft explosion.

23. The Decedents, by their duly authorized representatives and estates, therefore have claims against the Defendants for wrongful death.

24. Plaintiff paid to certain survivors and estates of the Decedents and to Interlease, certain monies by reason of the personal injury and death, including but not limited to funeral expenses and repatriation of the remains of the Decedents herein in the amount $2,011,172.42, as nearly as can now be computed, and to Interlease the insured value of the Aircraft in excess of $34,000,000.

25. By reason of the foregoing and the Policies, Plaintiff took an assignment of, and became subrogated to, the rights of the Decedents and of Interlease, to the extent of such payments.

26. Plaintiff therefore stands in the shoes of the Decedents and of Interlease in asserting their rights against the Defendants.

27. Plaintiff, as assignee and subrogee to the claims of Decedents and of Interlease, is entitled to recover all monies it paid as a result of explosion of the Aircraft.

28. Defendants, and each of them, owed a duty to the Decedents' estates and Interlease not to deliberately and intentionally cause the personal injury or death of the Decedents or the destruction of Interlease's Aircraft.

29. Defendants, and each of them, breached those duties.

30. Defendants, and each of them, were culpable, primarily and directly responsible, and actively at fault for the personal injuries and death of Decedents and the destruction of Interlease's Aircraft and all damages caused to Plaintiff thereby.

31. By reason of the above, Plaintiff, as assignee and subrogee of the Decedents and of Interlease, is entitled by operation of law, including pursuant to 28 U.S.C. § 1605A, and by reason of the Policies and the express assignments, to complete recovery for the damages caused thereby from the Foreign State Defendants, on their own behalf and vicariously, and the Individual Defendants, in their official and personal capacities, for all sums expended by Plaintiff by reason of its Policies.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## INDEMNITY

32. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 31 hereof, as if re-pled and set forth at length.

33. By reason of the above, Plaintiff is entitled by operation of law, including pursuant to 28 U.S.C. § 1605A, and by reason of the Policies, to complete indemnification to the extent of its payments to the Decedents and Interlease which were caused by the wrongful acts of the Foreign State Defendants and the Individual Defendants, in their official and personal capacities, in causing the Aircraft to explode.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### CONVERSION

34. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 33 hereof, as if re-pled and set forth at length herein.

35. The Foreign State Defendants and Individual Defendants, and each of them, both in their official and personal capacities, wrongfully converted the Aircraft to their own use, thereby causing damages to Plaintiff in the amount of its payment to Interlease.

36. By reason of the above, Plaintiff is entitled to recover from the Foreign State Defendants and Individual Defendants, in their official and personal capacities, the value of the Aircraft they converted.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### TRESPASS TO CHATTLES

37. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 36 hereof, as if re-pled and set forth at length herein.

38. The Foreign State Defendants and Individual Defendants, and each of them, both in their official and personal capacities, committed trespass to the chattels of the Decedents and Interlease and thereby to Plaintiff as subrogee and assignee, causing damages to the extent of Plaintiff's payments to the Decedents and Interlease.

39. By reason of the above, Plaintiff is entitled to recover from the Foreign State Defendants and Individual Defendants, in their official and personal capacities, the payments Plaintiff made to the Decedents and Interlease.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## PUNITIVE DAMAGES

40. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 39 hereof, as if re-pled and set forth at length herein.

41. By reason of the above, Plaintiff demands relief pursuant to 28 U.S.C. § 1605A and 28 U.S.C. § 2333(a), including treble damages, other punitive damages, attorneys fees and other costs, expenses and disbursements, against all Defendants.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against the Foreign State Defendants, on their own behalf and vicariously, and the Individual Defendants, both in their official capacities and personal capacities, for:

> A. Compensatory damages, in the principal amount of $2,011,172.42, as nearly as can now be computed, which was paid to the Decedents, and $34,000,000 which was paid to Interlease, for a total of $36,011,172.42;
>
> B. Punitive and exemplary damages in an appropriate amount to be determined, pursuant to 28 U.S.C. § 1605A;
>
> C. Treble damages, pursuant to 18 U.S.C. § 2333(a);
>
> D. Interest from the date of Plaintiff's payments to Decedent and Interlease through the date of judgment;
>
> E. Plaintiff's reasonable attorneys fees, pursuant to 18 U.S.C. § 2333(a);
>
> F. Plaintiff's costs, expenses and disbursements, pursuant to 18 U.S.C. § 2333(a);

      G. Such other and further relief as to this Court seems just and proper.

Dated: February 28, 2008

                                  /s/ Christopher B. Kende
                                  Christopher B. Kende
                                  (D.C. Bar No.416487)
                                  COZEN O'CONNOR
                                  45 Broadway, 16th Floor
                                  New York, New York 10006
                                  Attorneys for Plaintiff
                                  Tel. No.: (212) 509-9400
                                  Fax No.: (212) 509-9492
                                  ckende@cozen.com