UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LA REUNION AERIENNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 05-1932 (HHK) |
| | ) | |
| | ) | |
| SOCIALIST PEOPLE'S LIBYAN | ) | |
| ARAB JAMAHIRIYA, *ET AL.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendants, the Socialist People's Libyan Arab Jamahiriya and the Libyan External Security Organization oppose plaintiff La Reunion Aerienne's (hereafter "LRA") motion for leave to amend LRA's complaint.

LRA has moved to amend its complaint pursuant to the signing into law of the "National Defense Authorization Act for Fiscal Year 2008", Public Law 110-181 (2008). Within that Act, Section 1083 amends § 1605(a)(7) of the Foreign Sovereign Immunities Act as 28 U.S.C. § 1605(A). 28 U.S.C. § 1602 *et seq.* ("FSIA").

Libya had previously filed a motion to dismiss LRA's original complaint for lack of subject-matter jurisdiction, lack of constitutional personal jurisdiction, and in the alternative for failure to state a claim upon which relief can be granted (among other issues). The Court, upon reviewing LRA's opposition to Libya's motion to dismiss and Libya's reply thereto, on March 9, 2007, held that Libya's did not enjoy foreign sovereign immunity. On March 28, 2007, Libya filed a timely notice of interlocutory appeal for the district court's denial of Libya's motion to

dismiss.  While the issue of the Court's subject-matter jurisdiction under 28 U.S.C. § 1605(a)(7) had been fully briefed by the parties before the United States Court of Appeals for the District of Columbia Circuit (but before oral argument) President Bush, on January 28, 2008, signed into law the "National Defense Authorization Act for Fiscal Year 2008", Public Law 110-181 (2008). The United States Court of Appeals for the District of Columbia, on January 30, 2008, ordered the parties to "be prepared to address at oral argument the effect of the Act, if any, upon this appeal".  (A copy of the Order of the Court of Appeals is enclosed as Exhibit A).

      The Court is at the moment without jurisdiction to consider LRA's motion for leave to amend the complaint.  The Court should stay any consideration of LRA's motion until, and if, the Court of Appeals remands the case to the Court.

      During oral argument, on February 7, 2008, held before Judges Ginsburg, Sentelle, and Brown, the Court of Appeals specifically required the parties to address whether the enactment of § 1605(A) divested the Appellate Court of jurisdiction as well as whether § 1605(A) had any effect upon the issues before the Court.  To the date of this filing the Court of Appeals has yet to decide (or decline to decide) the effect of § 1605(A) on the jurisdiction of the Court of Appeals and has not remanded the case to the Court for further proceedings.  Consequently, the Court, at this juncture, is without jurisdiction to decide LRA's motion for leave.[1]

      The filing of a "notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects

---

[1] The Court may clearly stay its decision until a ruling by the Court of Appeals without waiving any of LRA's statutory rights under § 1605(A).  The language of § 1605(A) does not require the Court to grant LRA's motion for leave to amend its complaint withing a 60 day period but rather only requires LRA to file such a motion within a 60 day period from the date of the enactment of § 1605(A).

of the case involved in an appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Princz v. Federal Republic of Germany, 998 F.2d 1 (1983).  In Princz, also an FSIA immunity case, the Court held that an "appeal properly pursued from district court's order divested district court of control over those aspects of case on appeal and, consequently, exclusive jurisdiction to resolve threshold issue presented by case vested in Court of Appeals and district court could not proceed to trial until appeal was resolved." Id.[2]

      This opposition is solely intended to address LRA's motion for leave to amend its complaint and does not address any of the purported changes in subject-matter jurisdiction or availability of causes of action to LRA under the 2008 Amendment to the FSIA.  Libya reserves all, and does not waive any, defenses which may be available to it if, and when, LRA is granted leave to amend its complaint.  Libya will, within the time allowed under the Federal Rules of Civil Procedure, address the new 2008 Amendment to the FSIA as well as LRA's amended complaint.

---

[2] *See also*, Apostol v. Gallion, 870 F.2d 1335 (7th Cir.1989) (appeal from denial of claims of qualified immunity divested district court of jurisdiction).

**CONCLUSION**

    As the Court is without jurisdiction to consider plaintiff's motion for leave to amend the complaint it should stay consideration of the issue until a ruling is rendered by the United States Court of Appeals for the District of Columbia Circuit and only if the case is then remanded to the Court for further proceedings. A propose order is attached hereto.

Dated:     March 10, 2008                  Respectfully submitted,

                                                            //s//
                                                Arman Dabiri
                                                Law Offices of Arman Dabiri
                                                        & Associates, P.L.L.C.
                                                1725 I Street, N.W.
                                                Suite 300
                                                Washington, D.C. 20006
                                                Tel. (202) 349-3893
                                                E-mail: aarmandab@worldnet.att.net

                                                *Counsel for Libyan Government*