UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
LA RÉUNION AÉRIENNE                         )   Civil Action No. 05-01932 (HHK)
                                            )
                                            )
                                            )
                  Plaintiff,                )
       v.                                   )
                                            )
SOCIALIST PEOPLE'S LIBYAN                   )
ARAB JAMAHIRIYA, LIBYAN EXTERNAL            )
SECURITY ORGANIZATION, MUAMMAR              )
QADHAFI, ABDALLAH SENOUSSI, AHMED           )
ABDALLAH ELAZRAGH, IBRAHIM NAELI,           )
ARBAS MUSBAH, ISSA ABDELSALAM               )
SHIBANI AND ABDELSALAM HAMMOUDA             )
EL AGELI                                    )
                                            )
                                            )
                  Defendants.               )
_____)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION PURSUANT TO 28 U.S.C. § 1605A,
AND ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Libya's opposition to Plaintiff's motion for leave to file an amended complaint entirely fails to provide any reason why the motion should be denied.

Libya's sole claim is that this Court is divested of jurisdiction to consider the motion. But Libya also acknowledges that the pendency of an appeal only has such an effect on the District Court with respect to those aspects of the case which are on appeal.  Indeed, the very authorities Libya cites, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), and *Princz v. Federal Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1983), both state that their respective holdings are limited to a stay of the aspects of the case involved in the appeal. *Griggs*, 459 U.S. at 58; *Princz*, 998 F.2d at 1.

1

In this case, the Court of Appeal's interest in the National Defense Authorization Act for Fiscal Year 2008, and Section 1083 thereof (*i.e.*, 28 U.S.C. § 1605A) was, as set forth in the Order Libya appended to its opposition brief, "the effect of the Act, if any, upon this appeal." But the effect of the Act on the appeal (*i.e.*, whether the Act moots the appeal, in whole or in part) is not something that would in any way be touched upon by this Court's grant of this motion. To the contrary, the Court of Appeal's Order, and its interest in having the Act discussed at oral argument, presupposes that the Complaint will be amended in conformity with the Act. In fact, if that were not so, the Act could have no effect on the appeal in this case, and there would be nothing for the Court of Appeals to consider.[1]

In any event, the main concern of the Court of Appeals was the threshold question as to whether it ever had jurisdiction over the pending appeal, as acknowledged by Judge Sentelle during oral argument, insofar as the principal issue raised, *viz.* whether LRA has standing to assert the claims of the victims it paid, does not fit within the collateral order exception to the Final Judgment Rule. That issue, which also is not touched upon by this Court granting the motion, has been entirely mooted by Section 1083(a)(1)(d) of the new statute (*i.e.*, by 28 U.S.C. § 1605A(d)).

For these reasons, and for the reasons set forth in Plaintiff's opening memorandum, Plaintiff's motion should be granted in its entirety, and (1) this action should be treated as if 28 U.S.C. § 1605A were in place and applied at the time the action originally was brought, (2) the previous rulings of this Court that are in conflict with the statute as amended should be vacated

---

[1] Libya's citation to *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), also misses the point. The Court of Appeal's interest in the "immunity" issue in the within case was limited to whether the Act mooted the appeal or divested the Court of jurisdiction to hear the appeal in light of the fact that the Act retroactively divested Libya of any conceivable claim of immunity in this action. Once again, that is not an issue that will be touched upon by this Court allowing the motion to amend the Complaint. Indeed, it presupposes that such amendment will be allowed.

and reversed, and (3) Plaintiff should be granted leave to file its Amended Complaint to assert claims and rights arising as a result of the amendment to the terrorism exception to the FSIA..

Date: March 14, 2008

                                          Respectfully submitted,

                                          /S/ Christopher B. Kende
                                          Christopher B. Kende, Esquire (D.C. 416487)

                                          COZEN O'CONNOR
                                          45 Broadway
                                          16th Floor
                                          New York, New York 10006
                                          (212) 509-9400
                                          (212) 509-9492 (facsimile)
                                          *Attorneys for Plaintiff*