110TH CONGRESS
2D SESSION

# S. 3370

---

# AN ACT

To resolve pending claims against Libya by United States
nationals, and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

2

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Libyan Claims Resolution Act".

**SEC. 2. DEFINITIONS.**

In this Act—

(1) the term "appropriate congressional committees" means the Committee on Foreign Relations and the Committee on the Judiciary of the Senate and the Committee on Foreign Affairs and the Committee on the Judiciary of the House of Representatives;

(2) the term "claims agreement" means an international agreement between the United States and Libya, binding under international law, that provides for the settlement of terrorism-related claims of nationals of the United States against Libya through fair compensation;

(3) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));

(4) the term "Secretary" means the Secretary of State; and

(5) the term "state sponsor of terrorism" means a country the government of which the Secretary has determined, for purposes of section 6(j)

3

1 of the Export Administration Act of 1979 (50

2 U.S.C. App. 2405(j)), section 620A of the Foreign

3 Assistance Act of 1961 (22 U.S.C. 2371), section 40

4 of the Arms Export Control Act (22 U.S.C. 2780),

5 or any other provision of law, is a government that

6 has repeatedly provided support for acts of inter-

7 national terrorism.

8 **SEC. 3. SENSE OF CONGRESS.**

9 Congress supports the President in his efforts to pro-

10 vide fair compensation to all nationals of the United

11 States who have terrorism-related claims against Libya

12 through a comprehensive settlement of claims by such na-

13 tionals against Libya pursuant to an international agree-

14 ment between the United States and Libya as a part of

15 the process of restoring normal relations between Libya

16 and the United States.

17 **SEC. 4. ENTITY TO ASSIST IN IMPLEMENTATION OF CLAIMS**

18 **AGREEMENT.**

19 (a) DESIGNATION OF ENTITY.—

20 (1) DESIGNATION.—The Secretary, by publica-

21 tion in the Federal Register, may, after consultation

22 with the appropriate congressional committees, des-

23 ignate 1 or more entities to assist in providing com-

24 pensation to nationals of the United States, pursu-

25 ant to a claims agreement.

4

1    (2) AUTHORITY OF THE SECRETARY.—The des-

2    ignation of an entity under paragraph (1) is within

3    the sole discretion of the Secretary, and may not be

4    delegated. The designation shall not be subject to ju-

5    dicial review.

6    (b) IMMUNITY.—

7        (1) PROPERTY.—

8            (A) IN GENERAL.—Notwithstanding any

9        other provision of law, if the Secretary des-

10       ignates any entity under subsection (a)(1), any

11       property described in subparagraph (B) of this

12       paragraph shall be immune from attachment or

13       any other judicial process. Such immunity shall

14       be in addition to any other applicable immunity.

15           (B) PROPERTY DESCRIBED.—The property

16       described in this subparagraph is any property

17       that—

18               (i) relates to the claims agreement;

19           and

20               (ii) for the purpose of implementing

21           the claims agreement, is—

22                   (I) held by an entity designated

23               by the Secretary under subsection

24               (a)(1);

25                   (II) transferred to the entity; or

5

1       (III) transferred from the entity.

2    (2) OTHER ACTS.—An entity designated by the

3  Secretary under subsection (a)(1), and any person

4  acting through or on behalf of such entity, shall not

5  be liable in any Federal or State court for any ac-

6  tion taken to implement a claims agreement.

7  (c) NONAPPLICABILITY OF THE GOVERNMENT COR-

8 PORATION CONTROL ACT.—An entity designated by the

9 Secretary under subsection (a)(1) shall not be subject to

10 chapter 91 of title 31, United States Code (commonly

11 known as the ''Government Corporation Control Act'').

12 **SEC. 5. RECEIPT OF ADEQUATE FUNDS; IMMUNITIES OF**

13   **LIBYA.**

14  (a) IMMUNITY.—

15   (1) IN GENERAL.—Notwithstanding any other

16  provision of law, upon submission of a certification

17  described in paragraph (2)—

18    (A) Libya, an agency or instrumentality of

19    Libya, and the property of Libya or an agency

20    or instrumentality of Libya, shall not be subject

21    to the exceptions to immunity from jurisdiction,

22    liens, attachment, and execution contained in

23    section 1605A, 1605(a)(7), or 1610 (insofar as

24    section 1610 relates to a judgment under such

6

1        section 1605A or 1605(a)(7) of title 28,
2        United States Code;

3            (B) section 1605A(c) of title 28, United
4        States Code, section 1083(c) of the National
5        Defense Authorization Act for Fiscal Year 2008
6        (Public Law 110–181; 122 Stat. 342; 28
7        U.S.C. 1605A note), section 589 of the Foreign
8        Operations, Export Financing, and Related
9        Programs Appropriations Act, 1997 (28 U.S.C.
10       1605 note), and any other private right of ac-
11       tion relating to acts by a state sponsor of ter-
12       rorism arising under Federal, State, or foreign
13       law shall not apply with respect to claims
14       against Libya, or any of its agencies, instru-
15       mentalities, officials, employees, or agents in
16       any action in a Federal or State court; and

17           (C) any attachment, decree, lien, execution,
18       garnishment, or other judicial process brought
19       against property of Libya, or property of any
20       agency, instrumentality, official, employee, or
21       agent of Libya, in connection with an action
22       that would be precluded by subparagraph (A)
23       or (B) shall be void.

24       (2) CERTIFICATION.—A certification described
25       in this paragraph is a certification—

7

1          (A) by the Secretary to the appropriate

2   congressional committees; and

3          (B) stating that the United States Govern-

4   ment has received funds pursuant to the claims

5   agreement that are sufficient to ensure—

6          (i) payment of the settlements re-

7          ferred to in section 654(b) of division J of

8          the Consolidated Appropriations Act, 2008

9          (Public Law 110–161; 121 Stat. 2342);

10         and

11          (ii) fair compensation of claims of na-

12          tionals of the United States for wrongful

13          death or physical injury in cases pending

14          on the date of enactment of this Act

15          against Libya arising under section 1605A

16          of title 28, United States Code (including

17          any action brought under section

18          1605(a)(7) of title 28, United States Code,

19          or section 589 of the Foreign Operations,

20          Export Financing, and Related Programs

21          Appropriations Act, 1997 (28 U.S.C. 1605

22          note), that has been given effect as if the

23          action had originally been filed under

24          1605A(c) of title 28, United States Code,

25          pursuant to section 1083(c) of the Na-

8

1    tional Defense Authorization Act for Fiscal

2    Year 2008 (Public Law 110–181; 122

3    Stat. 342; 28 U.S.C. 1605A note)).

4    (b) TEMPORAL SCOPE.—Subsection (a) shall apply

5 only with respect to any conduct or event occurring before

6 June 30, 2006, regardless of whether, or the extent to

7 which, application of that subsection affects any action

8 filed before, on, or after that date.

9    (c) AUTHORITY OF THE SECRETARY.—The certifi-

10 cation by the Secretary referred to in subsection (a)(2)

11 may not be delegated, and shall not be subject to judicial

12 review.

Passed the Senate July 31, 2008.

Attest:

*Secretary.*

110th CONGRESS
2d Session

# S. 3370

# AN ACT

To resolve pending claims against Libya by United
States nationals, and for other purposes.